IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **GARCIA GRAIN TRADING** | § | **Case No. 23-70028-EVR-11** |
| **CORP.,** | § | |
| | § | |
| Debtor. | § | |

### DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 14 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 14 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**(Emergency Relief Needed By February 24, 2023)**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF U.S. BANKRUPTCY JUDGE:

NOW COME, GARCIA GRAIN TRADING CORPORATION ("Garcia"), the Debtor in the above-referenced bankruptcy proceeding, and pursuant to Bankruptcy Rule 4001(b) files this Debtor's Emergency Motion for Authority to Use Cash Collateral ("Motion").  In support, the Debtor would show:

## *Summary of Relief Requested*

This Motion seeks interim use of cash collateral for a period of fourteen (14) days to avoid immediate and irreparable harm to the bankruptcy estate of the Debtor and requests the Court to set a final hearing on the use of cash collateral.

FCStone Merchant Services, LLC ("StoneX"), holds title to or a security interest in certain grain inventory located at the Debtor's grain elevator facility in Progresso, Texas ("Progresso facility"), along with the associated grain warehouse receipts, cash, accounts receivable, and other proceeds from the sale of the grain of the Debtor at such facility to secure the repayment of indebtedness owed to it have an outstanding balance of an estimated $19.4 million. The Debtor estimates the value of the grain located at the Progresso facility to be $7,501,050 with accounts receivable derived from the sale of the grain estimated to total $2,291,223 for an aggregate collateral value of approximately $10 million.

Similarly, Vantage Bank Texas ("Vantage") holds title to or a security interest in certain grain inventory, machinery and equipment, and other personal property assets located at the Debtor's grain elevator facilities located in Santa Rosa and Donna, Texas, ("Santa Rosa/Donna"), and asserts title to or a security interest in any grain currently located at the Progresso facility that in the ordinary course of Debtor's business was relocated from Santa Rosa/Donna to the Progresso facility in preparation for its export and sale to Debtor's customers in Mexico. Vantage also asserts title to or a security interest in grain warehouse receipts associated with the grain inventory at Donna/Santa Rosa, along with any associated cash, accounts receivable, and other proceeds from the sale of the grain at such facilities. Vantage claims its collateral interest in such assets of the Debtor to secure the repayment of indebtedness

represented by promissory notes executed by the Debtor having an estimated current outstanding balance of $9.1 million.

In addition to its asserted ownership and security interest against the personal property of the Debtor, Vantage holds deeds of trust against real property of the Debtor known as the Pitts Property valued at an estimated $4,960,000; Donna/Santa Rosa having a combined estimated value of $3,500,000; and the Toluca Ranch titled in a separate entity named Garcia Balli, LLC having an estimated value of $1,700,000 – altogether having an estimated total collateral value of $10.2 million.

The cash collateral sought to be used in accordance with the requests set out in this Motion will be used to pay post-petition wages of the employees of the Debtor as well as the normal day-to-day expenses of its operations such as fuel, utilities, office expenditures, insurance premiums and rent. Generally, the cash collateral sought to be used in this Motion are to be expended by the Debtor to maintain the safety of the grain elevator facilities it owns and operates and to provide for funds for management and accounting involved in the collection of outstanding receivables during this interim period.

The Debtor is currently not buying or selling any grain due to the suspension of its licenses by the Texas Department of Agriculture ("TDA") which sealed the Progresso facility and Donna/Santa Rosa, along with a grain elevator facility the Debtor owns in Edcouch, Texas. because of its audit of the grain at such sites which concluded that the Debtor had a significant deficiency in the amount of grain in inventory as compared to the grain reflected on its books. Since there is no commercial grain trading being conducted at this time the expenditures proposed are § 506(c) expenses simply to maintain the value of the grain elevator facilities. Thus, no other form of adequate protection is possible currently.

### *Operations and Budgets for Cash Collateral*

The Debtor currently has in its possession approximately $155,000 of cash collateral in the form of deposits in its depository accounts from collections of outstanding accounts receivable owing from its customers. DRM Sales has an immediate need to use the cash collateral to pay its hourly and salaried employees, vendors, utilities, and fuel for its vehicles, and pay for insurance.

Management of the Debtor has prepared a budget relating to its proposed expenditures over the next two weeks which reflects the sources and uses of the funds. The budget is attached hereto and incorporated herein as Exhibit "A." The use of these funds will maintain the status quo and will provide the Debtor time to assess its current status, and determine how to move forward with this case and its administration.

As reflected in the budget, the Debtor has already made significant adjustments to lower its expenses while maintaining the safety of its facilities and preserving the value of the grain that remains in storage.

### *Need for Consideration of Motion on an Emergency Basis*

There is presently an immediate need for the use of cash collateral in the operation of the Debtors' businesses, and they request interim use of cash collateral for a period of two weeks days until a hearing on the Debtors' proposed continued use of cash collateral can be scheduled, appropriately noticed to all creditors and parties in interest, and held. The Debtors have cash needs for the purchase of fuel, payment of pre-petition wages to its employees, and pay certain vendors. The expenses that must be paid within the next fourteen (14) days are reflected on the attached Exhibit "A."

The failure to have use of the cash collateral for the purposes set forth above will cause

immediate and irreparable harm to the assets of the Debtors and will result in severe damage and diminution to the value of their assets. For these reasons, the Debtors request an emergency hearing on shortened notice this Motion.

The Debtors hereby request an emergency preliminary hearing on this Motion. By separate motion the Debtors will request shortened notice to affected creditors and parties in interest so the Court may consider their request for interim use of cash collateral. The Debtors request authority to use cash collateral on an interim basis consistent with the attached cash flow projections shown on Exhibit "A." The Debtors suggests that to the extent replacement liens are necessary and appropriate to provide adequate protection that they be granted to StoneX and Vantage as secured creditors in the same nature, extent and priority post-petition as they existed pre-petition and that the Court set a hearing to consider the Debtors' continued use of cash collateral and to grant adequate protection to the secured creditor in a manner consistent with the requirements of the Bankruptcy Code.

Counsel for the Debtors hereby certifies that the information contained herein is a complete and accurate account as related to the facts and circumstances pertaining to the emergency relief requested.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that the Court set an emergency hearing on shortened notice for **<u>Friday, February 24, 2023, at 8:30 a.m. and that the hearing be conducted electronically before the U.S. Bankruptcy Court, Southern District of Texas, McAllen Division (Central Standard Time),</u>** and determine that such notice and opportunity for hearing is reasonable under the circumstances, and upon hearing of the Motion grant Debtors the use of the cash collateral on an interim basis as set forth in this Motion, and that the Court set a hearing on the Debtors' request for continued use of cash collateral

beyond the initial 14-day period, and the Court grant such other and further relief, at law or in equity, as the Court may deem necessary and proper.

Respectfully Submitted:

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
Email: drl@mhba.com

/s/ David R. Langston_____
David R. Langston, SBN: 11923800
Southern District Bar No. 9489
***Attorneys for Debtor, Garcia Grain Trading Corp.***

## CERTIFICATE OF CONFERENCE

I certify that on the 23rd day of February, I conferred with Chris Carson, counsel for StoneX and Vicki Skaggs, counsel for Vantage Bank, and both counsel indicated to me they did not oppose a hearing on shortened notice.

/s/ David R. Langston_____
David R. Langston

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion was served on the following parties in interest via ECF on this 23rd day of February 2023 and by email:

1. Office of the U.S. Trustee
   ANDREW JIMENEZ
   606 N. Carancahua, Suite 1107
   Corpus Christi, Texas 78401

2. The United States Trustee
   Office of the United States Trustee
   606 N. Carancahua, Suite 1107
   Corpus Christi, Texas 78401

3. Catherine Stone Curtis
   MCGINNIS LOCHRIDGE
   P.O. Box 720788
   McAllen, Texas 78504

3. Richard E. Haynes, II
   Trevino/Haynes, LLP
   3910 E. Del Mar Blvd., Suite 107
   Laredo, Texas 78045

4. ATLAS, HALL & RODRIGUEZ, LLP
   ATTN: Vicki M. Skaggs
   PO Box 3725
   McAllen, TX 78502-3725

5. Donald L. Turbyfill
   DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.
   5120 Woodway Drive, Suite 9000
   Houston, Texas 77056-1725

6. Brent W. Martinelli
   Quintairos, Prieto, Wood & Boyer, P.A.
   1700 Pacific Avenue, Suite 4545
   Dallas, Texas 75201

7. Diane W. Sanders
   LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
   PO Box 17428
   AUSTIN, TX 78760-7428

8. Andrew K. Rozell
   323 East Jackson
   Harlingen, Texas 78550

9. D. Christopher Carson
   Burr Forman
   420 North 20th Street, Suite 3400
   Birmingham, Alabama 35203

10. GrainChain, Inc.
    c/o Alex Mancias
    2023 N. Jackson Rd.
    McAllen, TX 78501

11. Stonex Commodity Solutions, LLC
    c/o Juan Tercero
    1251 NW Briarcliff Parkway, Suite 800
    Kansas City, MO 64116

12. Vantage Bank
    c/o Brian Disque
    1801 S. 2nd St.
    McAllen, TX 78503

13. John Kurt Stephen
    Law Office of Kurt Stephen PLLC
    100 S. Bicentennial Blvd.
    McAllen, TX 78501-7050

14. Demetrio Duarte, Jr.
    Duarte Molina Law
    2200 Warner Ave.
    San Antonio, TX 78201

15. David A. Castillo
    Deputy General Counsel
    Compliance and Enforcement
    Texas Department of Agriculture
    PO Box 12847
    Austin, Texas 78711

16. All parties receiving notice via ECF in this case.

/s/ David R. Langston
David R. Langston