United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| GARCIA GRAIN TRADING CORP., | § § § § | Case No. 23-70028-EVR-11 |
| Debtor. | § | |

### ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS

On February 23, 2023, Garcia Grain Trading Corporation ("Debtor") filed an Emergency Motion for Authority to Use Cash Collateral ("Motion") [Docket #14], and the Court set an expedited hearing on shortened notice for 8:30 a.m. on Friday, February 24, 2023, via video and telephonic conferencing. At the hearing appearances were made by counsel for the Debtor, along with counsel for StoneX Commodity Solutions LLC f/k/a FCStone Merchant Services, LLC ("StoneX"), Vantage Bank Texas, Falcon Bank, Grainchain, Inc., the Office of the U.S. Trustee, the Texas Department of Agriculture, and Russell Plantation  Following the Court hearing the presentation of testimony and evidence by the Debtor along with the argument of counsel, the Court  finds that: it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b); venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; due and proper notice of the Motion was provided to the Notice Parties listed therein, and no further notice need be provided; and the Debtor has the rights, powers, and duties as Debtor-in-Possession and continues to operate its business with authority of the Bankruptcy Code pursuant to 11 U.S.C. § 1107. The Court concludes that the legal and factual bases set forth in the Motion and presented at the hearing establish just cause for the relief sought in the Motion on an interim basis, which is

in the best interests of the Debtor, its creditors, and all parties in interest. Accordingly, the Court hereby GRANTS the Motion on an interim basis, with certain modifications and additions as more fully set forth below.

IT IS THEREFORE ORDERED that the Debtor is hereby authorized to use cash collateral on an interim basis for the next fourteen (14) days in accordance with the budget introduced at the hearing on February 24, 2023, as modified by the Court's ruling such that only one half of the monthly paychecks owed to salaried employees is to be paid during the interim period, and the Debtor is to establish a carve-out of $5,000 to be reserved for monthly commissions or other administrative expenses of the Office of the U.S. Trustee, as such modifications are incorporated and reflected in the budget attached to this Order as Exhibit "A." The cash collateral arises from payments received by the Debtor from its customers  deposited in its checking accounts. The amount of cash collateral on hand on the Petition Date is set forth in Exhibit "A." The Debtor will continue to receive payments on its outstanding prepetition accounts receivable and to deposit funds received into the Debtors' checking Debtor-in-Possession account to be opened at an approved depository of the Office of the U.S. Trustee;

IT IS FURTHER ORDERED that the cash the Debtor holds in its prepetition depository accounts represents the asserted cash collateral or property of StoneX Commodity Solutions LLC f/k/a FCStone Merchant Services, LLC ("StoneX"), Falcon Bank ("Falcon"), Grainchain, Inc. ("Grainchain") and Vantage Bank Texas ("Vantage")  shall be transferred by the Debtor into a Debtor-In-Possession account or accounts at a depository bank on the U.S. Trustee's Office's approved list of depository banks, and the Debtor may use a copy of this Order as evidence to such depository bank that officials of the Debtor have the right to control its funds and are hereby directed to open Debtor-in-Possession accounts in accordance with the terms of this

Order;

IT IS FURTHER ORDERED that as adequate protection of StoneX, Falcon, Grainchain and Vantage interests in the cash collateral or property being used these secured creditors are hereby granted continuing replacement like kind liens or ownership positions in all of the Debtor's inventory and accounts receivable presently owned by or securing the indebtedness owing to StoneX, Falcon, Grainchain, and Vantage in accordance with 11 U.S.C. § 361(2) in the same priority and in the same nature, extent, and validity as such liens or ownership positions existed pre-petition;

IT IS FURTHER ORDERED that to the extent that any applicable non-bankruptcy law otherwise would restrict the granting, scope, enforceability, or attachment of the replacement liens and security interests authorized or created by this Order, or otherwise would impose filing registration requirements with respect to such replacement liens, such law is preempted to the maximum extent permitted by the Bankruptcy Code, other applicable federal law, and the judicial power of the United States Bankruptcy Court.  This Order shall be sufficient and conclusive evidence of the priority, attachment, and validity of all of the replacement liens and security interest of StoneX, Falcon, Grainchain, and Vantage granted herein, and the liens granted, created and/or ratified herein shall, by virtue of the filing of a certified copy of this Order in any filing or recording office in any county or state, constitute valid liens without the necessity of creating, filing, recording, or serving any financing statements or other documents that might otherwise be required under federal or state law in any jurisdiction or the taking of any other action to validate the adequate protection replacement liens granted in this Order and, in such event, the subject filing or recording officer is authorized to file or record a certified copy of this Order;

IT IS FURTHER ORDERED that granting of the continuing replacement liens in the property of the estate of the kind presently securing the indebtedness owing to StoneX, Falcon, Grainchain, and Vantage under this Order shall have no effect on any challenge or objection to the priority, nature, extent, validity, and/or enforceability as to any of the underlying prepetition liens held by the secured creditors which may be raised under applicable state or federal law or claims of ownership to the grain or proceeds thereof by holders of warehouse receipts, and further any use of the term "cash collateral" shall not be construed as a waiver of any right, including without limitation the right to claim that the cash being used by the Debtor in accord with the terms of this Order does not constitute property of the estate and also shall not prohibit any party from seeking relief from the automatic stay or seek the appointment of a trustee in the pending bankruptcy case of the Debtor;

IT IS FURTHER ORDERED that a hearing on continued use of cash collateral is set for the 7th day of **March, 2023, at 2:30p.m. The hearing shall be conducted electronically before the U.S. Bankruptcy Court, Southern District of Texas, McAllen Division (Central Standard Time).** To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at (832) 917–1510, conference room number 999276 and to (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez.

Signed: February 27, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**APPROVED AND ENTRY REQUESTED**:

**MULLIN HOARD & BROWN, L.L.P.**
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806)765-7491
Facsimile: (806) 765-0553
Email: drl@mhba.com

 /s/ David R. Langston
David R. Langston; SBN 11923800
Brad W. Odell, SBN:  24065839