IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| GARCIA GRAIN TRADING CORP., | § | Case No. 23-70028-EVR-11 |
| | § | |
| Debtor. | § | |

## DEBTOR'S CHAPTER 11 STATUS CONFERENCE STATEMENT

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF U.S. BANKRUPTCY JUDGE:

NOW COMES, GARCIA GRAIN TRADING CORPORATION (the "**Debtor or "Garcia**") the Debtor in the above-referenced bankruptcy proceeding, and file this its Debtor's Chapter 11 Status Conference Statement, and would respectfully show the Court as follows:

### I.
### FACTUAL BACKGROUND, REGARDING THE REASON FOR THE BANKRUPTCY FILING ALONG WITH A SUMMARY OF THE ASSETS AND LIABILITIES OF THE ESTATE

1. The Debtor filed for relief under Chapter 11 of the U.S. Bankruptcy Code on February 17, 2023 (the "Petition Date").

2. Garcia was incorporated on June 22, 1998, by Octavio Garcia and Rodolfo Plascencia for the purpose of operating licensed grain storage facilities in the Rio Grande Valley region of the State of Texas. Its business operations historically have consisted of buying, storing, and selling feed grains, primarily corn and grain sorghum, within the United States and Mexico. It also trades in edible beans and oilseeds such as black beans, pinto beans, sunflower seeds, sesame seeds, and canola as well.

3. The Debtor owns and operates grain storage facilities located at Progreso, Donna, Edcouch, and Santa Rosa, Texas. Each of these storage facilities are bonded and licensed by the

Texas Department of Agriculture ("TDA"). There are three bonds covering the grain in the facilities totaling $2,155,650.

4. There are four major secured creditors in this bankruptcy case as follows:

- StoneX Commodity Solutions LLC f/k/a FCStone Merchant Services, LLC ("StoneX") holds title to or a security interest in certain grain inventory located at the Debtor's grain elevator facility in Progreso, Texas ("Progreso facility"), along with the associated grain warehouse receipts, cash, accounts receivable, and other proceeds from the sale of the grain of the Debtor at such facility to secure the repayment of indebtedness owed to it have an outstanding balance of an estimated $19.4 million. The Debtor estimates the value of the grain located at the Progreso facility to be $7,501,050 with accounts receivable derived from the sale of the grain estimated to total $2,291,223 for an aggregate collateral value of approximately $10 million.

- Vantage Bank Texas ("Vantage") holds title to or a security interest in certain grain inventory, machinery and equipment, and other personal property assets located at the Debtor's grain elevator facilities located in Santa Rosa and Donna, Texas, ("Santa Rosa/Donna"), and asserts title to or a security interest in any grain currently located at the Progreso facility that in the ordinary course of Debtor's business was relocated from Santa Rosa/Donna to the Progreso facility in preparation for its export and sale to Debtor's customers in Mexico. Vantage also asserts title to or a security interest in grain warehouse receipts associated with the grain inventory at Donna/Santa Rosa, along with any associated cash, accounts receivable, and other proceeds from the sale of the grain at such facilities. Vantage claims its collateral interest in such assets of the Debtor to secure the repayment of indebtedness represented by promissory notes executed by the Debtor having an estimated current outstanding balance of $9.1 million. In addition to its asserted ownership and security interest against the personal property of the Debtor, Vantage holds deeds of trust against real property of the Debtor known as the Pitts Property valued at an estimated $4,960,000; Donna/Santa Rosa having a combined estimated value of $3,500,000; and the Toluca Ranch titled in a separate entity named Garcia Balli, LLC having an estimated value of $1,700,000 – altogether having an estimated total collateral value of $10.2 million.

- Falcon Bank ("Falcon") is owed notes totaling approximately $5,021,986 and holds a first lien deed of trust against the Progreso Elevator valued at an estimated $4,430,000 along with a first lien deed of trust against 1,460 acres of farmland known as the Moore Farms having an estimated value of $7,884,000 and a security interest in equipment having a value of an estimated $330,00. The Debtor believes the total collateral value to secure Falcon's debt is estimated at $12,644,000 leaving equity available of about $5,021,986..

- Grainchain, LLC ("Grainchain") has total indebtedness according to the records of the Debtor of $8,141,000. It holds deeds of trust against real property having equity after the lien of Falcon (Progreso Elevator & Moore Farms) of approximately $7.3 million and first lien deeds of trust against the Baryta Industrial Tract, Emory Farms, and the Edcouch Elevator having estimated values totaling $2,754,711.

5. The TDA conducted an audit of the facilities in late January and discovered significant deficiencies between the records for warehouse receipts when compared to physical measurements of the grain. Due to the shortage, TDA pulled all licenses and sealed the grain in all facilities. No grain could move in or out, and therefore, it was necessary to file a Chapter 11 Petition to seek protection under the Bankruptcy Code.

6. In addition to the claims of the secured creditors as set forth above there are unpaid claims by farmers and other suppliers of the feed grains totaling approximately $2,803,160.

7. Certain suppliers of black beans and pinto beans may have claims which total an estimated $2,200,000 that may be subject to the Perishable Agricultural Commodities Act. Currently there are beans, sunflowers, wheat, and sesame stocks that equal an estimated value of $1,111,000 and perhaps accounts receivable and net receipts from these products of another $400,000.

## II.

### COMPLIANCE WITH ADMINISTRATIVE PROCEDURES AND REGULATIONS OF THE U.S. TRUSTEE

8. Upon the filing of the bankruptcy case all the Debtor's banking accounts were closed and new accounts with the required Debtor in Possession and case number designations were opened at Wells Fargo Bank which is an approved depository of the Office of the U.S. Trustee.

9. Prior to the Initial Debtor Interview ("IDI") held on March 15, 2023, the Debtor provided the U.S. Trustee with all requested information concerning the status of the Debtor's operations, its existing insurance covering all assets of the estate, and the background and history

surrounding the filing.

10. During the IDI, the Trustee's representative requested that the Debtor also provide the signed signature cards for the DIP bank accounts. This information has now been provided to the Trustee as well.

11. The Debtor's 341 Meeting of Creditors is scheduled for March 22, 2023, at 10:00 a.m. Debtor's counsel and representatives of the Debtor will be in attendance at this meeting.

## III.
### ESTATE'S NEED FOR PROFESSIONALS

12. The Debtor has filed a Motion to Employ Mullin Hoard & Brown, L.L.P. as Counsel for The Debtor [Dkt. #28] and is currently waiting for the objection time to run and an order to be entered by the Court.

13. Additionally, the Debtor has filed a Motion to Employ D. Williams & Co., Inc. as Accountants for the Debtor [Dkt. #46] and is currently waiting for the objection time to run and an order to be entered by the Court.

14. The Debtor may seek authority to hire a cash flow consultant if such becomes necessary at a later date.

## IV.
### UNIQUE ISSUES CONCERNING SECURED DEBT AND SALE OF GRAIN

15. The Debtor is currently not buying or selling any grain due to the suspension of its licenses by the TDA which sealed the Progreso facility and Donna/Santa Rosa, along with a grain elevator facility the Debtor owns in Edcouch, Texas. because of its audit of the grain at such sites which concluded that the Debtor had a significant deficiency in the amount of grain in inventory as compared to the grain reflected on its books. Since there is no commercial grain trading being conducted at this time the expenditures by the Debtor are pursuant to a cash collateral order where

the expenditures are for § 506(c) expenses simply to maintain the value of the grain elevator facilities. Presently, no other form of adequate protection is possible.

16. Through a consensus agreement with TDA, the Office of the U.S. Trustee, StoneX, Vantage, Falcon and Grainchain an Agreed Order Authorizing the Sale of Grain and Depositing the Funds in the DIP Grain Proceeds Account has been entered by the Court. The Debtor has commenced selling grain sorghum stored at the Progreso facility through an approved contract of sale with Archer Daniels Midland at its Corpus Christi facilities.

17. In addition to these sales of grain, counsel for the Debtor and the secured creditors as well as the TDA have initiated discussions about using the expedited procedures set out in 11 U.S.C. § 557 that provide a means to determine the ownership of the grain and the nature, extent, validity and priority of any liens or other claims or interests against the grain. It is expected that a motion to establish these procedures and a timeline for the resolution of the interests against the grain will be filed shortly.

18. There have been four separate reclamation claims and Debtor's counsel is reviewing the claims and making information about them available to opposing counsel.

19. In addition to the reclamation claims, there are three or four possible PACA claims that must be addressed. Steps have been taken to segregate the inventory of beans and oilseeds which might be subject to these PACA claims along with the cash and receivables derived by such products. Counsel for the Debtor has been in contact with the attorneys for these PACA claimants.

## V.
### STATUS OF ANY LITIGATION PENDING IN OR OUTSIDE THIS COURT

20. There is currently no pending litigation in or outside of the Bankruptcy Court to which the Debtor is a party.

## VI.
## AN OUTLINE OF THE PROPOSED PLAN

21. The Debtor anticipates timely filing a proposed Plan of Reorganization. The Plan will likely provide for the creation of a liquidation trust where all of the assets subject to the claims of secured creditors and unsecured creditors will be placed, and the named trustee will liquidate these assets, determine the lien priorities against the proceeds, and distribute the proceeds to the creditors. The Plan may also provide for the continuation of the buying and selling of canola, sunflower, pinto and black beans out of yet to be determined leased storage facilities.

## VII.
## A PROPOSED SCHEDULE FOR FILING AND CONFIRMING THE PROPOSED PLAN

22. The deadline for filing Debtor's Chapter 11 Plan is set for June 17, 2023. The Debtor intends to have its Plan on file prior to this date.

Respectfully Submitted:

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
Email: drl@mhba.com

/s/ David R. Langston
David R. Langston, SBN: 11923800
Southern District Bar No. 9489
***Attorneys for Debtor, Garcia Grain Trading Corp.***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Status Conference Report was served on the following parties in interest via ECF and/or regular U.S. Mail on March 17, 2023:

1. Andrew Jimenez
   Office of the U.S. Trustee
   606 N. Carancahua, Suite 1107
   Corpus Christi, Texas 78401

2. Thomas Walker
   Stony Ridge Foods
   715 Atlantic Ave.
   Benson, MN 56215
   tom2@walkerinsight.com

3. Frank E. Russell
   Russel Plantations II
   28481 St. Hy 100
   Los Fresnos, TX 78566
   russellfranke@aol.com

4. William E. Bailey
   Frank Bailey Grain Company, Inc.
   230 Montgomery St.
   Fort Worth, TX 76107
   bill@baileygrain.com

5. Thomas Zdansky
   1467 Fm 498
   Lyford, TX 78569
   zdanskyjv@gmail.com

6. Johnny Guin
   PO Box 1773
   Weslaco, TX 78599
   johnny@awproduce.com

7. Karen Arnold
   PO Box 595
   Weslaco, TX 78599
   kaa1309@aol.com

8. Brian Jones
   d/b/a Brian Jones Farms
   PO Box 213
   Edcouch, TX 78538
   brijonfarms@yahoo.com

9. Shelby A. Jordan
   Jordan & Ortiz, P.C.
   500 N. Shoreline Blvd., Suite 900
   Corpus Christi, TX 78401

9. All parties receiving notice via ECF in this case.


                         /s/ David R. Langston_____
                         David R. Langston