IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| GARCIA GRAIN TRADING CORP. | ) | CASE NO. 23-70028 |
| | ) | |
| DEBTOR. | ) | (CHAPTER 11) |

**LIMITED OBJECTION OF THE UNSECURED CREDITORS' COMMITTEE
TO THE DEBTOR'S APPLICATION TO EMPLOY D. WILLIAMS & CO, INC.
AS ACCOUNTANTS FOR THE DEBTOR**

TO THE HON. EDUARDO V. RODRIGUEZ, CHIEF UNITED STATE BANKRUPTCY JUDGE:

The Unsecured Creditors' Committee (the "Committee" or "UCC") files this Limited Objection to the Debtor's Application to Employ D. WILLIAMS & CO, INC. [Dkt #46] as Accountants for the Debtor (the "Accountants") as follows:

## I.
## PRELIMINARY STATEMENT

1. This is a complex case, created by gross mismanagement, at best, and actual fraud and potential criminal misconduct at worst. This Debtor has filed schedules and statements that fail to reflect the source of, or any explanation for, its receipt of $20+ millions of dollars in grain commodities that are now "missing" from its storage facilities yet *carried on the books and records of the Debtor and its financial statements "as if" the commodities are still present.*

2. The Debtor and its counsel have admitted that with present management it is unlikely that operating permits and bonding all required by the TDA will be issued or re-approved. (*See*, Chapter 11 Status Conference Statement" [Dkt. #87]; *See also*, transcript of status conference of 3/24/23].

3. The Debtor's ongoing business does not need accountants. Its business is non-operating for the purpose of accounting, other than for the recent sale of grain that is being handled

and supervised by the various secured creditors claiming interests in the grain. It is the unsecured creditors and their Creditors' Committee that absolutely need expert forensic fraud auditor professionals. The Creditors Committee has selected experts with experience in commodities forensic fraud audits and will be filing an application to retain those experts. Accordingly, it should not be the Debtor, whose conduct is subject to serious claims of mismanagement and fraud, that selects the auditors to the exclusion of the Creditors Committee.

4. It appears that thus far no secured creditor will agree to carve a limited funding to support the work of professionals in this case[1] although discussions are ongoing. The Creditors' Committee will likely seek a carve out from available funds and cash, including cash collateral, in the event that no agreements are reached.

## II.
## LIMITED OBJECTION TO THE DEBTOR'S APPLICATION

5. The Creditors Committee objects to the retention, on behalf of the Debtor's estate, the proposed "accountants" D. WILLIAMS & CO, INC. and seeks an order denying the request unless and until the Creditors Committee is permitted to retain its proposed forensic fraud auditors.

6. The Creditors Committee believes that selection of any professional accountant on behalf of the Debtor should be retained for forensic fraud audit purposes and not accounting purposes based on the facts and circumstances of this case (including allegations of millions of dollars in missing commodities, fraud and gross mismanagement) and that the Creditors Committee should be entitled to function through its selected forensic fraud auditor prior to the Debtors request being considered and granted.

---

[1] Interestingly, the largest secured creditor (with a total claim of $19+ million of unpaid warehouse receipts) who is likely under-secured for more than $10 million, and accordingly is the largest unsecured creditor, is unwilling to providing for a limited carve-out sufficient to allow the Creditors' Committee to retain auditors or counsel for this case.

7. Additionally, the Creditors' Committee must review the clams of the secured creditors and understand the nature of the claims (*e.g.*, lender, or purchase, sale-back owner) and will require professional advice and assistance if determining the validity of the liens and the transactions supporting those lien or ownership claims.

WHEREFORE, the Creditors' Committee seeks the relief above requested and for such other and further relief to which the Creditors' Committee may be justly entitled, both at law and in equity.

Dated March 24, 2023.

Respectfully submitted,

*/s/ Shelby A. Jordan*
Shelby A. Jordan
St. Bar No. 11016700; S.D. No. 2195
Antonio Ortiz
St. Bar No. 24074839; SD. No. 1127322
***JORDAN & ORTIZ, P.C.***
500 North Shoreline Drive, Suite 900
Corpus Christi, TX 78401
Telephone: 361.884.5678
Facsimile: 361.888.5555
Email: sjordan@jhwclaw.com
aortiz@jhwclaw.com
Copy to: cmadden@jhwclaw.com
**PROPOSED ATTORNEY FOR THE UNSECURED CREDITORS' COMMITTEE**

## CERTIFICATE OF SERVICE

I certify that on March 24, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Shelby A. Jordan*
Shelby A. Jordan