IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS (MCALLEN)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| GARCIA GRAIN TRADING CORP., | ) | Case No. 23-70028 |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

## ORDER ESTABLISHING PROCEDURES FOR DETERMINATION OF RIGHTS, OWNERSHIP INTERESTS, LIENS, SECURITY INTERESTS, AND ALL OTHER INTERESTS IN AND TO GRAIN AND PROCEEDS OF GRAIN PURSUANT TO 11 U.S.C. § 557

Came on for consideration: StoneX Commodity Solutions LLC *f/k/a* FCStone Merchant Services, LLC's ("**StoneX's**") *Emergency Motion for Relief Pursuant to 11 U.S.C. § 557* (the "**557 Motion**"), pursuant to which StoneX seeks approval of a set of processes and procedures for the determination of any and all parties' rights, interests, liens, security interests, and ownership claims in and to all Grain (as defined in 11 U.S.C. § 557(b)(1)) that was in possession of Garcia Grain Trading Corp. (the "**Debtor**") as of the commencement of the above-captioned bankruptcy case, and in the proceeds of such Grain in accordance with 11 U.S.C. § 557(c), (d), and (f) (the proposed "**557 Process and Procedures**").

The Court having reviewed the 557 Motion and having considered the evidence and the arguments of counsel, and based on the provisions of 11 U.S.C. § 557(c), (d), and (f), *et al.*, and having reviewed the limited objections and arguments of the Unsecured Creditors' Committee, finds that the legal and factual bases set forth in the 557 Motion establish that the implementation of the proposed 557 Process and Procedures is a prudent and reasonable process to determine all parties' respective interests, if any, in the Grain (hereinafter defined) and the proceeds of the Grain, and is warranted under the circumstances pursuant to 11 U.S.C. § 557(c), (d), and (f), and the Court

finds that notice of the 557 Motion was appropriate under the circumstances and after due deliberation thereon and sufficient and good cause appearing therefore, the Court enters this Section 557 Procedures Order (the "**557 Procedures Order**"), finding and ordering as follows:

**IT IS ORDERED** that the 557 Motion is **GRANTED** as herein provided; it is further

**ORDERED** that the proposed 557 Process and Procedures described in the 557 Motion, attached hereto as **Exhibit A**, as modified by this Order, shall be and are hereby approved pursuant to 11 U.S.C. § 557(c) and (d); it is further

**ORDERED** that the 557 Process shall be as follows:[1]

a. By no later than May 15, 2023, any 557 Participant (other than an Objecting Participant defined below) shall file with the Court a notice and form ("**557 Form**") by which it may assert a claim or interest under section 557 (the "**557 Bar Date**"). For purposes of the 557 Process and Procedures, a "**557 Participant**" is any party (i). claiming an interest in Grain stored with, held by, or recently sold by the Debtor and any accounts receivable generated by sales of the Grain, and (ii). any party in interest objecting to any other Participants' claims to rights in the Grain or proceeds (an "**Objecting Participant**"). The 557 Form to be completed by all 557 Participants is attached and incorporated herein as **Schedule 1**. 557 Forms must be filed with the Bankruptcy Court by the 557 Bar Date, or such interest will not be considered by the Bankruptcy Court.

    The filing of a 557 Form does not relieve a 557 Participant, Objecting Participant, or any other party from the requirement of filing a Proof of Claim as contemplated by Fed. R. Bankr. P. 3001 and 3002, *et al*.

b. 557 Participants shall file briefs ("**557 Briefs**") in support of their 557 Form by no later than June 2, 2023 (the "**557 Briefing Deadline**"). All 557 Briefs should state: (1) the legal authority and factual support for the claims/interests asserted in that party's 557 Form and (2) the legal authority and factual support as to which competing claims of other 557 Participants, if any, are subordinate the briefing party's claim(s). 557 Briefs shall be no more than 15 pages, double-spaced, and written in 12-point Times New Roman font.

c. Any objections filed by any party in interest must be accompanied by a statement of the objection and brief ("**Objection Briefs**") not later than June 16, 2023 stating the legal authority and factual support as to which the objection is directed, including any avoidance or lien perfection objection, as the case may be; and

---

[1] The deadlines herein are subject to Federal Rule of Bankruptcy Procedure 9006(a), (4), *et seq*.

    d.  Any Amended 557 Form shall be filed no later than June 30, 2023.

    e.  557 Participants may file a response brief, supported by legal authority, in response to any 557 Briefs filed by other 557 Participants or any Objection Brief filed by an Objecting Participant (an "**Omnibus Response Brief**"). Omnibus Response Briefs must be filed no later than June 30, 2023 (the "**Response Deadline**").  Any Objecting Participant may file a response brief supported by legal authority, in response to any Omnibus Response Brief no later than July 14, 2023.  Any Omnibus Response Briefs or response briefs shall be no more than 7 pages, double-spaced, and written in Times New Roman font.

    f.  The Court will conduct a final hearing to consider the interests asserted in all filed 557 Forms, 557 Briefs, and Omnibus Response Briefs (the "**557 Hearing**") at a time and in a manner sufficient to satisfy the deadlines set forth in section 557(c), (d), and (f), *et seq*.

    g.  The Court reserves the right to extend the deadlines for the reasons allowed under 11 U.S.C. § 557(f); and it is further

**ORDERED** that nothing in this Order prevents the service of any Rule 2004 Examination notice or request for production of documents upon any 557 Participant by any party-in-interest nor does any procedure set out in this Order limit the scope of any party-in-interest's participation in the procedures or rights to seek and obtain discovery permitted under Rule 2004, or otherwise. It is further

    **ORDERED** that:

    a.  FED. R. BANKR. P. 9014(c) is supplanted by the 557 Procedures Order.  The 557 Procedures Order also supersedes any Local Rules to the contrary other than Rule 2004-1 and discovery rules applicable to contested matters.

    b.  No 557 Participant may present at the 557 Hearing as proof of evidence in support of their claim any documentary evidence which it has failed either to attach to its 557 Form or otherwise provided in support of their claim in compliance with the 557 Procedures Order.

    c.  These 557 Process and Procedures shall be limited solely to a determination of interests in the Grain, or the disposition of the Grain; it is further

**ORDERED** that the Debtor shall serve this 557 Procedures Order on all parties in interest in this bankruptcy case and any party that the Debtor believes may have or may assert an interest

50595532 v4

in the Grain or the Grain proceeds, including any known producers of the Grain and any known parties asserting security interests in the Grain or Grain proceeds, within three (3) business days of entry of this 557 Procedures Order; it is further

**ORDERED** that the Debtor shall notify all parties in interest of the 557 Hearing date and deadlines set forth in this 557 Procedures Order; it is further

**ORDERED** that this 557 Procedures Order shall apply in the Chapter 11 case of Garcia Grain Trading Corp. (Case No. 23-70028) as provided herein; it is further

**ORDERED** that nothing in this 557 Procedures Order is intended to impact or impair in any manner or means the character, nature, or validity of claims or the treatment of any such claims arising under the trust provisions of the Perishable Agricultural Commodities Act of 1930 ("**PACA**"), as amended, 7 U.S.C. § 499e(c), which shall be addressed by the Court by separate motion and Order; it is further

**ORDERED** that this 557 Procedures Order shall be binding in all respects upon the Debtor, its respective estates, affiliates, and all creditors of and holders of equity interests in the Debtor, notwithstanding the appointment of any trustees, examiners, "responsible persons," or other fiduciaries in this Chapter 11 case or upon a conversion of this bankruptcy case to a case under Chapter 7, or any other Chapter, of the Bankruptcy Code; it is further

**ORDERED** that, pursuant to the *Agreed Order Granting Emergency Joint Motion to Sell Grain at the Progresso, Texas Facility* [ECF No. 59], any and all proceeds from the sale of Grain; less reasonable and necessary freight charges to transport the Grain to the purchasers, shall be deposited, and remain in, the Debtor in Possession Grain Proceeds Escrow Account (as defined therein), and said proceeds shall not be accessed, used, employed, or removed until the conclusion of the 557 Process and Procedures, or pursuant to further Order of the Court; and it is further

**ORDERED** that, nothing contained in this 557 Procedures Order shall be dispositive with respect to claims against the surety bonds covering the Debtor's storage facilities nor shall anything in this 557 Procedure Order prejudice the rights of any party to argue that such surety bonds are not property of the estate or under the jurisdiction of this Court. The 557 Participants or other parties in interest may file a separate motion requesting that this Court set a procedure to address claims against the surety bonds following a final determination under this 557 Procedures Order, and other parties, including but not limited to the Texas Department of Agriculture, reserve all rights to contest any such relief.

**IT IS SO ORDERED.**

[END OF ORDER]

SIGNED, _____ _____, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**PREPARED AND PRESENTED BY:**

| **The Law Office of Kurt Stephen, PLLC** | **BURR FORMAN LLP** |
|---|---|
| */s / Kurt Stephen*<br>Kurt Stephen<br>100 South Bicentennial<br>McAllen, Texas 78501<br>Email: kurt@kstephenlaw.com | David W. Houston, IV, admitted *pro hac vice*<br>222 2nd Ave S #2000<br>Nashville, TN 37201<br>Telephone: (615) 724-3200<br>Email: dhouston@burr.com<br><br>D. Christopher Carson, admitted *pro hac vice*<br>420 North 20th Street, Suite 3400<br>Birmingham, Alabama 35203<br>Telephone: (205) 251-3000<br>Emails: ccarson@burr.com |

50595532 v4