The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

12/30/22 02:38 pm

# SALE CONTRACT
AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 11/28/2022 |
| Contract No: | SCS_108408 |

Contact: Jose Naveja/Rene Izaguirre                Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 430,000.00 Bushels |
| Basis: | $2.542529 CH23 |
| Delivered: | Progreso, TX - Truck |
| Grades: | Origin |
| Weights: | Destination |
| Shipment Period: | 11/28/2022 - 01/31/2023 |
| Expire Date: | 01/31/2023 |

| Pay terms: | Net 7 |
|---|---|
| Unpriced | |
| Balance: | 430,000.00 Bu. |

**AMENDMENTS**

**12/30/2022**

Changed to:

| Quantity/Units: | 430,000.00 Bushels |
|---|---|
| Basis: | $2.542529 CH23 |
| Shipment Period: | 11/28/2022 - 01/31/2023 |

Changed from:

| Quantity/Units: | 453,576.96 Bushels |
|---|---|
| Basis: | $2.4638 CH23 |
| Shipment Period: | 11/28/2022 - 12/31/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | | |
|---|---|---|
| | Date: | 11/28/2022 |
| | Contract No: | SCS_108408 |
| Contact: Jose Naveja/Rene Izaguirre | Your Number: | |

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 430,000.00 Bushels | Pay terms: | Net 7 |
| Basis: | $2.542529 CH23 | Unpriced | |
| Delivered: | Progreso, TX - Truck | Balance: | 430,000.00 Bu. |
| Grades: | Origin | | |
| Weights: | Destination | | |
| Shipment Period: | 11/28/2022 - 01/31/2023 | | |
| Expire Date: | 01/31/2023 | | |

Special instructions/Remarks (continued):

shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted   _____

By:        _____

Date:      _____

StoneX Commodity Solutions LLC

Signed:    _____

Date:      11/28/22

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

| Elevator Section | Transport Section | Customer Section |
|---|---|---|
| **Garcia Grain Trading** PROGRESO DIVISION Tel. No.: 956-565-2674 | VILLANUEVA TRANSPORT RUBEN VILLANUEVA SR 155B-251 | FCSTONE MERCHANT SERVICES NA |

**Ticket In** | **79389** | *v.2.7*

|  | IN | OUT |
|---|---|---|
|  | 11/29/2022 13:55 | 11/29/2022 14:21 |

| | Origin | OrgTicket | OrgWeight |
|---|---|---|---|
| | BROWNSVILLE | 31047 | 54140 |

| Product | Lot # |
|---|---|
| Yellow Corn | NA |

| | |
|---|---|
| Moisture | 14.100 |
| Test Weight | 56.600 |
| PPB | .0 |
| Dry Weight % | 100.00 |
| Discount/100 LB | $0.00 |
| Dry Weight | 54,300.00 |

**WEIGHTS**

| | |
|---|---|
| GROSS | 83,380.00 |
| TARE | 29,080.00 |
| NET | 54,300.00 |
| METRIC TONS | 24.630 |

_____
Driver Signature

_____
Weigher Signature: ALFREDO TORRES

---

# West Plains LLC-Brownsville Elevator
9155 RL Ostos Rd   Brownsville, TX 78521   Ph. (956) 620-2020

**Ticket Number**
*00031047*

## Yellow Corn - Outbound
FCSTOMA                              WN=000050564            Fed Lic No:3-10007

| Farm Splits | Quantity | Percent | FCSTOM | | 11/29/2022 |
|---|---|---|---|---|---|
| FC STONE MERCHANT SERVICES LLC | 966.79 | 100.00 % | | | |

FC STONE MERCHANT SERVICES LLC
FCSTOMA
1251 NW BRIARCLIFF PKWY STE 80
KANSAS CITY MO 64116

* Splits subject to change based on final application *

Driver  - VILLANUEVA   GREY                ON

| Weights  -  YC | Instructions | Factor | Grade | +Prem/-Disc |
|---|---|---|---|---|
| 12:36 **Gross** 83480 | | Moisture | 15.0 | |
| | | TestWeight | 56.0 | |
| 12:20 **Tare** 29340 | | Total Dam | 3.0 | |
| | | Heat Dam | | |
| **Net** 54140 | | BC | | |
| | | BCFM | 3.0 | |
| | | Aflatoxin | | |
| Grs Bu. 966.79 | OPEN STORAGE #12 | | | |
| Net Bu. 966.79 | Brownsville, TX OMH114183-05 | Grade U.S. | No. 2 | |

**UNITED STATES WAREHOUSE ACT, Grain Inspection and Weight Certificate**
(Inspection not valid for the purposes of the U.S. Grain Standards Act)

CERTIFICATION: This certificate is issued by an inspector/weigher licensed under the United States Warehouse Act and regulations thereunder.

Licensed Inspector and/or Weigher: ____YVONNE CALZADA____

**ORIGINAL - Not Negotiable**

Scanned with CamScanner

| **Elevator Section**<br>**Garcia Grain Trading**<br>PROGRESO DIVISION<br>**Tel. No.:**  956-565-2674 | **Transport Section**<br>VILLANUEVA TRANSPORT<br>RUBEN VILLANUEVA JR<br>X05-021 | **Customer Section**<br>FCSTONE MERCHANT<br>SERVICES<br>NA |
|---|---|---|

**Ticket In  79390**  v.2.7

|  | IN<br>11/29/2022 14:05 | OUT<br>11/29/2022 14:28 |
|---|---|---|

| Product | Lot # |
|---|---|
| Yellow Corn | NA |

| Origin | OrgTicket | OrgWeight |
|---|---|---|
| BROWNSVILLE | 31048 | 52380 |

| | |
|---|---|
| Moisture | 14.300 |
| Test Weight | 57.800 |
| PPB | .0 |
| Dry Weight % | 100.00 |
| Discount/100 LB | $0.00 |
| Dry Weight | 52,340.00 |

**WEIGHTS**

| | |
|---|---|
| **GROSS** | 80,660.00 |
| **TARE** | 28,320.00 |
| **NET** | 52,340.00 |
| **METRIC TONS** | 23.741 |

Driver Signature

Weigher Signature: ALFREDO TORRES

# West Plains LLC-Brownsville Elevator

9155 RL Ostos Rd    Brownsville, TX 78521    Ph. (956) 620-2020

Ticket Number
**00031048**

## Yellow Corn - Outbound

FCSTOMA

WN=000050565

Fed Lic No:3-10007

| Farm Splits | Quantity | Percent |
|---|---|---|
| FC STONE MERCHANT SERVICES LLC | 935.36 | 100.00 % |

FCSTOM                                              11/29/2022

FC STONE MERCHANT SERVICES LLC
FCSTOMA
1251 NW BRIARCLIFF PKWY STE 80
KANSAS CITY MO 64116

* Splits subject to change based on final application *

Driver   - VILLANUEVA TRUCKING                ON

| Weights - YC | | Instructions | Factor | Grade | +Prem/-Disc |
|---|---|---|---|---|---|
| 12:43<br>**Gross** | **80780** | | Moisture<br>TestWeight<br>Total Dam<br>Heat Dam<br>BC<br>BCFM<br>Aflatoxin | 15.0<br>56.0<br>3.0<br><br><br>3.0 | |
| 12:21<br>**Tare** | **28400** | | | | |
| **Net** | **52380** | OPEN STORAGE #12<br>Brownsville, TX<br>OMH114183-06 | | | |
| Grs Bu. | 935.36 | | | | |
| Net Bu. | 935.36 | | Grade U.S. | No. 2 | |

UNITED STATES WAREHOUSE ACT, Grain Inspection and Weight Certificate
(Inspection not valid for the purposes of the U.S. Grain Standards Act)

CERTIFICATION: This certificate is issued by an inspector/weigher licensed
under the United States Warehouse Act and regulations thereunder.

Licensed Inspector and/or Weigher:    YVONNE CALZADA

**ORIGINAL - Not Negotiable**

Scanned with CamScanner

| **Elevator Section** | **Transport Section** | **Customer Section** |
|---|---|---|
| **Garcia Grain Trading** | VILLANUEVA TRANSPORT | FCSTONE MERCHANT |
| PROGRESO DIVISION | GERARDO VILLARREAL | SERVICES |
| Tel. No.: 956-565-2674 | 084B-585 | NA |

**Ticket In**  **79392**   *v.2.7*

|  | IN | OUT |
|---|---|---|
|  | 11/29/2022 14:12 | 11/29/2022 14:42 |

| Product | Lot # |
|---|---|
| Yellow Corn | NA |

| Origin | OrgTicket | OrgWeight |
|---|---|---|
| BROWNSVILLE | 31049 | 52600 |

| Moisture | 14.200 |
|---|---|
| Test Weight | 58.000 |
| PPB | .0 |
| Dry Weight % | 100.00 |
| Discount/100 LB | $0.00 |
| Dry Weight | 52,580.00 |

**WEIGHTS**

| | |
|---|---|
| **GROSS** | 80,860.00 |
| **TARE** | 28,280.00 |
| **NET** | 52,580.00 |
| **METRIC TONS** | 23.850 |

Driver Signature

Weigher Signature: ALFREDO TORRES

---

# West Plains LLC-Brownsville Elevator
9155 RL Ostos Rd    Brownsville, TX 78521    Ph. (956) 620-2020

**Ticket Number**
**00031049**

## Yellow Corn - Outbound

FCSTOMA                          WN=000050566                Fed Lic No:3-10007

| Farm Splits | Quantity | Percent | FCSTOM |  | 11/29/2022 |
|---|---|---|---|---|---|
| FC STONE MERCHANT SERVICES LLC | 939.29 | 100.00 % | FC STONE MERCHANT SERVICES LLC | | |
| | | | FCSTOMA | | |
| | | | 1251 NW BRIARCLIFF PKWY STE 80 | | |
| | | | KANSAS CITY MO 64116 | | |
| * Splits subject to change based on final application * | | | Driver  - VILLANUEVA  BLACK | | ON |

| Weights  -  YC | Instructions | Factor | Grade | +Prem/-Disc |
|---|---|---|---|---|
| 12:50 **Gross** 81020 | | Moisture | 15.0 | |
| | | TestWeight | 56.0 | |
| 12:26 **Tare** 28420 | | Total Dam | 3.0 | |
| | | Heat Dam | | |
| **Net** 52600 | | BC | | |
| | | BCFM | 3.0 | |
| | OPEN STORAGE #12 | Aflatoxin | | |
| Grs Bu. 939.29 | Brownsville, TX | | | |
| Net Bu. 939.29 | OMH114183-07 | Grade U.S. | No. 2 | |

UNITED STATES WAREHOUSE ACT, Grain Inspection and Weight Certificate
(Inspection not valid for the purposes of the U.S. Grain Standards Act)

CERTIFICATION: This certificate is issued by an inspector/weigher licensed
under the United States Warehouse Act and regulations thereunder.

Licensed Inspector and/or Weigher:  ____ YVONNE CALZADA ____

**ORIGINAL - Not Negotiable**

Scanned with CamScanner