United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 17, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| In Re: § | |
| § | |
| **GARCIA GRAIN TRADING** § | Case No. 23-70028-EVR-11 |
| **CORP.,** § | |
| § | |
| Debtor. § | |

### THIRD ORDER GRANTING DEBTOR'S CONTINUED AUTHORITY TO USE CASH COLLATERAL ON AN INTERIM BASIS

On this day came on to be considered the Debtor's request for continued interim use of cash collateral, and the Court having been advised by counsel for the Debtor and counsel for StoneX Commodity Solutions LLC f/k/a FCStone Merchant Services, LLC ("StoneX"), Vantage Bank Texas, Falcon Bank, Grainchain, Inc., (referred to as the "Secured Creditors"), each of which asserts certain liens and security interests or ownership positions in various assets of the Debtor's bankruptcy estate, that the Debtor and the Secured Creditors have reached an agreement concerning the Debtor's continued interim use of cash collateral under the terms and conditions set forth in this Order, and the Court having determined that the agreement of the parties to allow the interim use of cash collateral is proper and in the best interest of the bankruptcy estates, the Court GRANTS Debtor's request for continued interim authority for use of cash collateral, and that:

IT IS THERFORE ORDERED, ADJUDGED AND DECREED that the Debtor is hereby authorized to use cash collateral on an interim basis for the next thirty (30) days in accordance with the budget introduced at the hearing on May 11, 2023, and attached to this Order as Exhibit "A." The cash collateral arises from post-petition payments received by the Debtor from its customers deposited in its checking accounts. The Debtor will continue to receive payments on

its outstanding prepetition accounts receivable and to deposit funds received into the Debtors' checking Debtor-in-Possession account. These funds represent the asserted cash collateral or property of StoneX Commodity Solutions LLC f/k/a FCStone Merchant Services, LLC ("StoneX"), Falcon Bank ("Falcon"), Grainchain, Inc. ("Grainchain") and Vantage Bank Texas ("Vantage");

IT IS FURTHER ORDERED that as adequate protection of StoneX, Falcon, Grainchain and Vantage interests in cash collateral or property being used these secured creditors are hereby granted continuing replacement like kind liens or ownership positions in all of the Debtor's inventory and accounts receivable presently owned by or securing the indebtedness owing to StoneX, Falcon, Grainchain, and Vantage in accordance with 11 U.S.C. § 361(2) in the same priority and in the same nature, extent, and validity as such liens or ownership positions existed pre-petition ("Replacement Liens");

IT IS FURTHER ORDERED that to the extent that the Replacement Liens prove inadequate to protect any valid holder of an interest in the Grain located at the Progresso facility from a demonstrated diminution in the value of their respective collateral or ownership positions from the Petition Date, then such parties are hereby granted an administrative expense claim under Code § 503(b) with priority in payment under Code § 507(b) ("Grain Super Priority Claim").

IT IS FURTHER ORDERED that to the extent that any applicable non-bankruptcy law otherwise would restrict the granting, scope, enforceability, or attachment of the replacement liens and security interests authorized or created by this Order, or otherwise would impose filing registration requirements with respect to such replacement liens, such law is preempted to the maximum extent permitted by the Bankruptcy Code, other applicable federal law, and the

judicial power of the United States Bankruptcy Court. This Order shall be sufficient and conclusive evidence of the priority, attachment, and validity of all of the replacement liens and security interest of StoneX, Falcon, Grainchain, and Vantage granted herein, and the liens granted, created and/or ratified herein shall, by virtue of the filing of a certified copy of this Order in any filing or recording office in any county or state, constitute valid liens without the necessity of creating, filing, recording, or serving any financing statements or other documents that might otherwise be required under federal or state law in any jurisdiction or the taking of any other action to validate the adequate protection replacement liens granted in this Order and, in such event, the subject filing or recording officer is authorized to file or record a certified copy of this Order;

IT IS FURTHER ORDERED that granting of the continuing replacement liens in the property of the estate of the kind presently securing the indebtedness owing to StoneX, Falcon, Grainchain, and Vantage under this Order shall have no effect on any challenge or objection to the priority, nature, extent, validity, and/or enforceability as to any of the underlying prepetition liens held by the secured creditors which may be raised under applicable state or federal law or claims of ownership to the grain or proceeds thereof by holders of warehouse receipts, and further any use of the term "cash collateral" shall not be construed as a waiver of any right, including without limitation the right to claim that the cash being used by the Debtor in accord with the terms of this Order does not constitute property of the estate and also shall not prohibit any party from seeking relief from the automatic stay or seek the appointment of a trustee in the pending bankruptcy case of the Debtor;

IT IS FURTHER ORDERED that the Debtor is granted permission to transfer from the Grain Proceeds Escrow account the sum of $39,492.00 to its Debtor in Possession General

Operating Account to reimburse freight expenditures disbursed by the Debtor to cover the freight charges incurred in connection with the movement of milo sold to ADM during the month of May and June 2023 and, such funds may be used by the Debtor to cover the expenses reflected on the budget attached as Exhibit "A;"

IT IS FURTHER ORDERED that, in accord with the *Agreed Order Granting Emergency Joint Motion to Sell Grain at the Progresso, Texas Facility* [ECF No. 59], any and all proceeds from the sale of Grain, less reasonable and necessary freight charges to transport the Grain to the purchasers, are to be deposited, and remain in, the Debtor in Possession Grain Proceeds Escrow Account (as defined therein). To allow the Debtor sufficient funds to pay the freight charges associated with the sale of the Grain, the Debtor shall supply the Secured Creditors a summary of all Grain moved during the weeks covered by this order on Thursday afternoon of each week, along with a summary of all freight charges associated with the movement of such Grain it wishes to pay from the proceeds of the Grain, and if the representatives of the Secured Creditors do not object or otherwise respond to such request by noon on the Friday of such week, the Debtor is granted authority to transfer sufficient funds from the Debtor in Possession Grain Proceeds Account to pay the freight charges into the Debtor in Possession General Operating Account and use them to pay the freight expenses.

IT IS FURTHER ORDERED that a hearing on continued use of cash collateral is set for the**, Friday, June 9, 2023, at 9:00 a.m. The hearing shall be conducted electronically before the U.S. Bankruptcy Court, Southern District of Texas, Brownsville Division (Central Standard Time).** To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing

the dial-in-number for hearings before Judge Rodriguez at (832) 917–1510, conference room number 999276 and to (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez.

Signed: May 17, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**APPROVED AND ENTRY REQUESTED**:

**MULLIN HOARD & BROWN, L.L.P.**
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806)765-7491
Facsimile: (806) 765-0553
Email: drl@mhba.com

  /s/ David R. Langston
David R. Langston; SBN 11923800
Brad W. Odell, SBN:  24065839
***Attorneys for Garcia Grain Trading Corp.***

# Garcia Grain Trading

101 North Val Verde Road
Donna, Tx 78537

Grain Budget

**EXHIBIT "A"**

**Garcia Grain Trading**
**Grain Budget**
**Monthly Cash Flow**

|  | May |
|---|---|
| Cash Balance | $ - |
| *Cash Receipts* |  |
| Transfer In from the Grain Reserve Account | $ 39,492 |
| **Total Receipts** | **$ 39,492** |
| *Operating Expenses* |  |
| Contract Labor | $ 16,020 |
| Commissions |  |
| Gas, Fuel, & Oil | $ 800 |
| Insurance |  |
| Salaries & Wages | $ 5,600 |
| Rent or Lease - Land |  |
| Rent or Lease - Equipment | $ 4,175 |
| Repairs & Maintenance | $ 4,500 |
| Office | $ 260 |
| Bank Charges |  |
| Legal and Professional Fees |  |
| Advertising |  |
| Supplies | $ 60 |
| Taxes | $ 1,332 |
| Utilities | $ 6,485 |
| Miscellaneous | $ 260 |
| **Total Operating Expenses** | **$ 39,492** |
| **Net Cash Flow** | **$ -** |
|  |  |
| **Ending Cash Balance** | **$ -** |

**EXHIBIT "A"**