IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **GARCIA GRAIN TRADING CORP.,** | § § § § | **Case No. 23-70028-EVR-11** |
| **Debtor.** | § | |

## RESPONSE TO MOTION OF STONEX COMMODITY SOLUTIONS, LLC TO CONVERT CASE TO ANOTHER CHAPTER

TO:  STONEX COMMODITY SOLUTIONS AND OTHER PARTIES IN INTEREST

Stony Ridge Foods, by and through its undersigned attorney, submits this Response to the Motion to Convert of StoneX Commodity Solutions LLC ("StoneX").

1. A proceeding to dismiss a case or convert a case to another chapter is governed by Section 1112 of the Bankruptcy Code and FRBP 9014.  A motion to convert a case is deemed a motion either to dismiss or to convert, whichever is in the best interest of creditors and the estate. 11 U.S.C. §1112. A case may be converted to a Chapter 7 case only if the debtor is allowed to be a Chapter 7 debtor. §1112(f).  This case should not be converted or dismissed, as set forth below.

2. A case may be converted to a Chapter 7 for cause. 11 U.S.C. §1112(b)(1) Cause for dismissal or conversion includes the following:

   a. A showing of "both (1) a substantial or continuing loss to or diminution of the estate and (2) the absence of a reasonable likelihood of rehabilitation." *In re Ozcelebi*, 639 B.R. 365, 384 (Bankr. S.D. Tex. 2022) (applying 11 U.S.C. §1112(b)(4)(A));

   b. A failure to maintain appropriate insurance that poses a risk to the estate or to the public. 11 U.S.C. §1112(b)(4)(C);

3. Moreover, a court may not convert a case to Chapter 7 if the court finds and identifies unusual circumstances establishing that converting the case in not in the best interests of the creditors and the estate, and the debtor or any other party establishes that there is a reasonable likelihood that a plan will be confirmed within the established timelines. 11 U.S.C. §1112(b)(2).

4. No continuing or substantial loss has occurred, nor will there be monetary loss to the Estate if the case is not converted or dismissed. Dismissal will result in the secured creditors grabbing all equity for their own benefit at the expense of the unsecured creditors. Conversion will increase the Administration Expenses and delay the proceedings.

5. The Debtor has or will solve the issue regarding insurance. If nothing else, the Debtor should abandon the elevator assets and the grain assets to the creditors. This is not a reason to convert this case.

6. Even if cause existed, this case should not be converted, pursuant to Section 1112(b)(2). Converting the case is not in the best interests of the creditors. This reorganization has barely been allowed to begin. There is a feasible likelihood of reorganization, and the Debtor can formulate a Plan that is confirmable. The issue will be whether the Debtor can prove the necessary elements at Confirmation. The Plan should provide that the Debtor will liquidate the grain business' assets and continue the edible bean and sunflower business.

7. StoneX claims that the Debtor's case should be converted but the case can also dismissed on its motion. Dismissal of this case will result in no recovery to the unsecured creditors and administrative claimants. StoneX holds an unsecured claim in excess of $7,000,000.00 based upon the Debtor's schedules. If the case is dismissed, all unencumbered assets will be attached by StoneX.

8. The Debtor can continue the edible bean and sunflower operation with a positive cash flow. That portion of the business should be allowed to continue as it is not affected by the remaining assets. It is also expected that there will be claims for preference payments or fraudulent transfers. These can be administered separately. There is no reason to convert this case at the present time. Nothing would be accomplished by conversion other than adding another layer of Administrative Expense for the Chapter 7 administrative expenses.

9. Again, the Chapter 7 Trustee will not be able to liquidate the estate property any faster or more efficiently than the Debtor. The costs will only increase as opposed to decrease because of Trustee's fees and the Trustee's retention of separate legal counsel.

10. Further, the Debtor can take steps to liquidate the property. The Debtor can bring motions to sell the grain assets and convey the assets as an operational business. The Debtor could also propose a Chapter 11 plan that would provide for surrender of the grain assets and establishing the amount of the unpaid creditors' claim(s) which would then be paid pursuant to a confirmed plan.

11. Finally, the court could also appoint a Chapter 11 Trustee to take over the administration of the case while the bankruptcy proceeds with a partial liquidation. That step would protect the creditors from debtor malfeasance. The Debtor can also take action to reverse fraudulent conveyances and preference payments made by the Debtor or other insiders. This step would serve the interests of justice and the creditors.

12. There has been no unreasonable delay by the Debtor which is prejudicial to the interests of the creditors. The Debtor has acted in a forthright manner and performed all of its duties as Chapter 11 Debtor. The Debtor has stated that it will file a Plan of Reorganization in a timely fashion. The Debtor filed for relief on February 17, 2023. The Debtor's exclusive period

to file a plan expires 120 days after the filing or June 17, 2023. The present motion should be denied. StoneX can bring another motion after the time has expired or the Debtor has filed a plan.

WHEREFORE, Stony Ridge Foods requests that the Motion for Conversion by StoneX be denied.

Dated this 18th day of May, 2023.

                FLUEGEL, McLAUGHLIN, ANDERSON & BRUTLAG, Chartered

                by:   /s/ David C. McLaughlin
                David C. McLaughlin #127383
                129 NW 2nd St.
                Ortonville MN  56278
                Telephone: (320) 839-2549
                Fax: (320) 839-2540
                E-mail: dmclaughlin@fluegellaw.com

## CERTIFICATE OF SERVICE

I certify that on May 18, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                */s/ Lisa J. Berkner*
                Lisa J. Berkner