IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **GARCIA GRAIN TRADING CORP.,** | § § § | Case No. 23-70028-EVR-11 |
| | § | |
| **Debtor.** | § | |

**CREDITOR STONY RIDGE FOOD, INC.'S**
**BRIEF IN SUPPORT OF THEIR SECTION 557**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, U.S. BANKRUPTCY JUDGE:

COMES NOW, STONY RIDGE FOODS, INC. ("Stony Ridge") asserts rights in 203,500 pounds (2,035 cwt) of black turtle beans under the basis of both a reclamation demand made within the required timeframe as well as under the Perishable Agricultural Commodities Act, 1930 ("PACA") 7 U.S.C. §499a. Stony Ridge is asserting its reclamation rights only in the event that its PACA claim is somehow found invalid.

    **I.**    **Reclamation**

Stony Ridge holds a reclamation interest in the black turtle beans, subject to any security interests that are properly perfected and attached to the beans. Most courts have held that Section 546(c) of the Bankruptcy Code does not create a new independent of reclamation, but rather piggybacks on state law to clarify the extent of reclamation law in the context of bankruptcy. 5 Collier on Bankruptcy P 546.04 (2023).

Texas's adoption of the Uniform Commercial Code allows a seller to reclaim goods sold to an insolvent buyer on credit if (1) the buyer received the goods on credit, (2) while the buyer was insolvent, and (3) demand to reclaim was made within ten days after receipt of the goods. Tex.

1

Bus. & Com. Code § 2.702(b). Section 546(c) of the Bankruptcy Code further requires the goods to have been received within the 45 days prior to the commencement of the case and expands the time to reclaim to either within 45 days after the debtor's receipt of the goods, or if the 45 days expires after the commencement of the case, within 20 days after the commencement of the case. 11 U.S.C. 546(c)(1); 5 Collier on Bankruptcy P 546.04.

Under Texas law, the right of reclamation is subject to the rights of a buyer in the ordinary course or other good faith purchasers or lien creditor. Tex. Bus. & Com. Code § 2.702(c). Section 546 grants a reclamation claimant priority over a bankruptcy trustee's powers under sections 544(a), 545, 547, and 549, but the reclamation rights are still subject to "to the prior rights of a holder of a security interest in such goods or the proceeds thereof." 11 U.S.C. §546(c)(1).

Texas Bankruptcy Courts have agreed with this interpretation that reclamation is subject to the rights of secured creditors in the goods. "[C]laims of reclamation claimants are subordinate to the liens held by Debtors' pre-petition lenders that attach to Debtors' property that is subject to reclamation." *In re Pilgrim's Pride Corp.*, No. 08-45664-DML-11, 2009 Bankr. LEXIS 3635, at *6-7 (Bankr. N.D. Tex. 2009). "The Bankruptcy Code likewise subordinates reclamation claims 'to the prior rights of a holder of a security interest in such goods or the proceeds thereof.'" *Serv. Steel Warehouse Co., L.P. v. Steel Stadiums Fab, L.P.* (In re Steel Stadiums), Nos. 11-42632-DML, 11-4205-DML, 2013 Bankr. LEXIS 148, at *16 (Bankr. N.D. Tex. 2013).

However, the existence of a security interest with priority over a right to reclamation does not extinguish the right of reclamation. Rather, to the extent that the secured lender is oversecured and as to the "extent of the surplus value, [the reclamation claim is] not extinguished by, the rights of the prepetition secured lenders." *In re Pilgrim's Pride Corp.*, No. 08-45664-DML-11, 2009 Bankr. LEXIS 3635, at *7 (Bankr. N.D. Tex. Nov. 10, 2009).

Prior to the commencement of this case, Debtor Garcia Grain regularly bought on credit black turtle beans from Stony Ridge, so Stony Ridge meets the first requirement on credit payment structure required for a reclamation claim.

Garcia Grain received an order of black turtle beans from Stony Ridge in the 45 days leading up to the case, while they were insolvent, so Stony Ridge also meets the requirements that the goods were delivered while the debtor was insolvent in the 45 days leading up to the case.

Debtors filed for bankruptcy protection on February 17, 2023, so Stony Ridge had 20 days from then to March 9, 2023, to make their reclamation demand. Stony Ridge demanded reclamation of all black turtle beans delivered in the 45 days leading up to the commencement of this case on March 8, 2023, both by letter to the Debtor and its counsel as well as by filing said demand letter in this case as Document 68, so Stony Ridge properly provided demand notice in the required timeframe.

Stony Ridge concedes that there may be a superior interest to their reclamation interest in the black turtle beans if a secured creditor had a valid security interest in the beans as inventory.

Section 546(c) provides that if a seller failed to provide timely notice of reclamation, "the seller still may assert the rights contained in section 503(b)(9)." 11 U.S.C. §546(c)(2). Section 503(b)(9) of the Bankruptcy Code allows an administrative claim for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. §503(b)(9). If Stony Ridge's demand for reclamation is found to be somehow deficient, Stony Ridge intends to pursue an administrative claim for the value of the black turtle beans.

## II.     PACA

The Perishable Agricultural Commodities Act of 1930 creates a floating nonsegregated statutory trust for commodities received but not yet paid for. 7 U.S.C. §499a-499t; *In re Monterey House, Inc.*, 71 B.R. 244, 247 (Bankr. S.D. Tex. 1986). This trust is made up of "perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, accounts receivable and proceeds from the sale of such products." *In re Monterey House, Inc.*, 71 B.R. 244, 247 (Bankr. S.D. Tex. 1986).

A PACA trust is not property of a bankruptcy estate. *Id.* at 247-48. Although buyers hold legal title in the PACA trust, the sellers retain equitable title until paid in full, so sellers have a "'superpriority'" right that trumps the rights of the buyer's other secured and unsecured creditors." *Kingdom Fresh Produce, Inc. v. Stokes Law Office, L.L.P. (In re Delta Produce, L.P.)*, 845 F.3d 609, 613 (5th Cir. 2016).

PACA applies to perishable agricultural commodities, which is defined as fresh fruits and fresh vegetables of every kind and character. 7 U.S.C. §499a(b)(4). Fresh fruits and fresh vegetables include perishable fruits and vegetables but does not include those items which have been manufactured into articles of food of a different kind or character. 7 C.F.R. §46.2(u). In addition to many other basic processing methods, drying for the removal of surface moisture is <u>not</u> considered to change a commodity into a food of a different character. 7 CFR §46.2(u). The U.S. Department of Agriculture has provided a list of commodities covered by PACA. *Commodities Covered by PACA*, USDA, Oct. 6, 2022, https://www.ams.usda.gov/sites/default/files/media/CommoditiesCoveredbyPACA.pdf. This list includes black turtle beans. *Id* at 10.

4

Stony Ridge sold black turtle beans to the Debtor. These beans are perishable and have not been manufactured into food of a different kind. Further, these beans are included on the USDA's list of commodities covered by PACA. Therefore, the black turtle beans that Stony Ridge sold to the Debtor trigger the application of PACA.

To be eligible for PACA trust benefits, a seller must either use the default payment timing provided by federal regulations or agree in writing in advance to a payment date no later than 30 days after receipt and acceptance of the commodities. 7 C.F.R. §46.46(e)(1-2).

Stony Ridge and the Debtor executed contracts prior to the shipment of any beans. These contracts are attached as Exhibit 1. These show the parties agreed to a payment date of 30 days.

To qualify for benefits of a PACA trust, a seller must provide notice of their intent to claim such benefits. 7 C.F.R. §46.46(c),(e),(f). Notice can be provided in two ways. 7 C.F.R. §46.46(f). In the method Stony Ridge used, a seller must (1) include the statement that it is a notice of intent to preserve trust benefits and include information on (2) the names and addresses of the trust beneficiary/seller, (3) the date of the transaction, commodity, invoice price, and terms of payment, (4) the date of receipt of notice that a payment instrument has been dishonored (if appropriate), and (5) the amount past due and unpaid. 7 C.F.R. §46.46(f)(1). This notice must be provided within 30 calendar days of either (1) the default payment time under federal regulation, (2) the payment timing the parties agreed to in writing in advance, or (3) the time the seller has received notice of a payment instrument being dishonored. 7 C.F.R. §46.46(f)(2). A seller does not need to be a PACA licensee under this method. *See In re Superior Tomato-Avocado, Ltd.*, 481 B.R. 866, 873 (Bankr. W.D. Tex. 2012). Further, a claimant under PACA is not required "to obtain a lift of stay before filing their notices." *In re Monterey House, Inc.*, 71 B.R. 244, 248 (Bankr. S.D. Tex. 1986).

Stony Ridge provided proper notice. On March 10, Stony Ridge mailed to the Debtor and Debtor's counsel their notice of intent to preserve PACA benefits. Stony Ridge also emailed the same to the Debtor's counsel and filed the notice with that Court as Document 81. The notice provided that it was a notice of intent to preserve trust benefits, included Stony Ridge as the trust beneficiary, listed the transaction details as required, and the total amount due and payable, so the notice contained all the contents required. Further, the notice was provided 13 days after payment was due on the earlier invoice and 2 days before payment was due on the later invoice, so the notice was provided well within the 30 days of when the parties agreed to pay as required. With a valid notice, Stony Ridge properly qualified for PACA trust benefits.

PACA requires that a beneficiary be paid in full. 7 C.F.R. §46.46(c)(1). Freight and fuel sums are charges are included in a PACA trust claim. *Allens, Inc. v. D&E Farms, Inc. (In re Veg Liquidation, Inc.)*, 516 B.R. 545, 548-52 (Bankr. W.D. Ark. 2014).

Stony Ridge has properly complied with all requirements of PACA and is entitled to payment of $118,538.75 on its claim.

### III.  Conclusion

Stony Ridge holds both a valid reclamation claim and PACA claim. Stony Ridge asserts its reclamation claim only in the event that its PACA claim is somehow found invalid. Stony Ridge's PACA claim is for $118,538.75 under invoice 7070 only. Invoice 7097 was sold to the Debtor under the assumption of the executory contracts by the Debtor, so Stony Ridge has dropped its claim associated with that invoice. Stony Ridge's PACA claim has priority over all other claims, and the PACA trust is not part of the bankruptcy estate, so Stony Ridge is entitled to payment on this claim from the PACA Reserve Account.

Dated: June 1, 2023

                      FLUEGEL, ANDERSON, MCLAUGHLIN,
                            & BRUTLAG, CHARTERED
                      129 2nd St. NW
                      Ortonville, MN  56278
                      (320) 839-2549
                      dmclaughlin@fluegellaw.com

                      /s/ David C. McLaughlin
                      David C. McLaughlin
                      *Attorney for Creditor Stony Ridge*


**CERTIFICATE OF SERVICE**

       I certify that a true and correct copy of the foregoing Motion was served on the following parties in interest via ECF on this 1st day of June 2023 and by email:

1.     Office of the U.S. Trustee
       ANDREW JIMENEZ
       606 N. Carancahua, Suite 1107
       Corpus Christi, Texas 78401

2.     The United States Trustee
       Office of the United States Trustee
       606 N. Carancahua, Suite 1107
       Corpus Christi, Texas 78401

3.     Catherine Stone Curtis
       MCGINNIS LOCHRIDGE
       P.O. Box 720788
       McAllen, Texas 78504

3.     Richard E. Haynes, II
       Trevino/Haynes, LLP
       3910 E. Del Mar Blvd., Suite 107
       Laredo, Texas 78045

4.     ATLAS, HALL & RODRIGUEZ, LLP
       ATTN: Vicki M. Skaggs
       PO Box 3725
       McAllen, TX 78502-3725

7

Case 23-70028 Document 273 Filed in TXSB on 06/01/23 Page 8 of 10

5. Donald L. Turbyfill
   DEVLIN, NAYLOR & TURBYFILL, P.L.L.C.
   5120 Woodway Drive, Suite 9000
   Houston, Texas 77056-1725

6. Brent W. Martinelli
   Quintairos, Prieto, Wood & Boyer, P.A.
   1700 Pacific Avenue, Suite 4545
   Dallas, Texas 75201

7. Diane W. Sanders
   LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
   PO Box 17428
   AUSTIN, TX 78760-7428

8. Andrew K. Rozell
   323 East Jackson
   Harlingen, Texas 78550

9. D. Christopher Carson
   Burr Forman
   420 North 20th Street, Suite 3400
   Birmingham, Alabama 35203

10. GrainChain, Inc.
    c/o Alex Mancias
    2023 N. Jackson Rd.
    McAllen, TX 78501

11. Stonex Commodity Solutions, LLC
    c/o Juan Tercero
    1251 NW Briarcliff Parkway, Suite 800
    Kansas City, MO 64116

12. Vantage Bank
    c/o Brian Disque
    1801 S. 2nd St.
    McAllen, TX 78503

13. John Kurt Stephen
    Law Office of Kurt Stephen PLLC
    100 S. Bicentennial Blvd.
    McAllen, TX 78501-7050

14. Demetrio Duarte, Jr.

8

       Duarte Molina Law
       2200 Warner Ave.
       San Antonio, TX 78201

15.    David A. Castillo
       Deputy General Counsel
       Compliance and Enforcement
       Texas Department of Agriculture
       PO Box 12847
       Austin, Texas 78711

16.    All parties receiving notice via ECF in this case.


                                                    /s/ David C. McLaughlin _____
                                                    David C McLaughlin

Stony Ridge Foods, Inc.
715 Atlantic Ave.
Benson, MN 56215

EXHIBIT 1

Buyer: Garcia Grain Trading Corporation
101 North Val Verde Road
Donna, TX 78537

Date Established: 03/18/2022
Contract: 891
Buyer Reference: 2021 Crop

Seller has sold and agrees to deliver to Buyer the following:

Commodity     Black Beans
Net Quantity: 50,000.00 CWT

Delivery Period: 3/18/2022
                11/01/2022

Sales Price:   $53.00

Comments Freight cost determined on destination.
Freight: Contract amount does not include freight cost.
$4.75 CWT to Donna, TX a fuel surcharge may be applied if needed.
Other Rail destinations the rate will be determined at time of shipment.
Truck loads freight paid by Garcia Grain.

Applicable Law: This contract shall be governed by the laws of the state of Minnesota, as well as NPTR, National Pulse Trade Rules.
Payable Net 30 days from invoice date.

Garcia Grain Trading Corporation                Stony Ridge Foods, Inc.

By: _____                   By: _____ 3-18-22
    Buyer              Date                         Seller              Date

Please sign and return one copy