> **AMENDED**

## 557 Form – Garcia Grain Trading Corp. (Case No. 23-70028)

### 1. Name and Contact Information of 557 Participant:

Name: StoneX Commodity Solutions LLC f/k/a FCStone Merchant Services, LLC

Address: 1251 NW Briarcliff Parkway, Suite 800, Kansas City, MO 64116

Telephone: (816) 410-3325

Email: ryan.mcnearney@stonex.com

### 2. Type of Grain in which Interest is asserted:

☒ Sorghum

☒ Corn

☒ Other: Accounts receivable and proceeds related to the same.

### 3. Amount of Grain* (Bushels) in which Interest is asserted:

### *For Interests asserted in multiple Grain types, provide separate amounts for each type.

1,491,771 bushels of corn and 680,000 bushels of sorghum, all stored at the Debtor's Progreso facility, and any accounts receivable and proceeds related to the same.

### 4. Basis for Interest

☒ Grain stored with Debtor

☒ Security Interest held in Grain

☐ Reclamation

☒ Holders of warehouse receipts or other documents of title

☐ Other: _____

### 5. Nature of Relationship to any Debtor/Interest in this Bankruptcy Case:

StoneX's relationship with the Debtor is memorialized by a series of repurchase agreements. The centerpiece of those arrangements is the *Master Purchase and Sale Agreement* (the "**Agreement**"), attached to StoneX's 557 Form. [ECF No. 219]. Therein, the Debtor agreed to sell "Eligible Commodities" to StoneX (the "**Grain**"), mainly corn and sorghum, in quantities and upon such payment terms specified in various Purchase Confirmations. Upon receipt of a Purchase Confirmation, the Debtor would issue warehouse receipts and/or bills of lading to StoneX. Then, it would store the Grain at an approved warehouse. StoneX would also deliver Grain to the Debtor's warehouses for storage. The Debtor is liable to StoneX for no less than $19,461,058.00.

50462753 v3

**PLEASE TAKE NOTICE:** If you intend to rely on any documents supporting your claim at the 557 Hearing, you <u>must</u> attach said documents to this form. These would include, for instance, any/all scale tickets, warehouse receipts, or other documentation supporting the above amounts and interests. If the documentation is voluminous or otherwise confidential, please attach a summary of the documents in your possession or control which contains such information. <u>You may not rely on any documents at the 557 Hearing that are not attached to this form.</u>

To be considered, all 557 Forms must be filed with the Bankruptcy Court by no later than <u>May 15, 2023</u>, or such interest may not be considered by the Bankruptcy Court. <u>Amended 557 Forms, if you choose to file one, must be filed no later than June 30, 2023</u>.

/s/
Ryan McNearney for StoneX Commodity Solutions LLC

50462753 v3

2

### SUMMARY OF DOCUMENTS ATTACHED TO AMENDED 557 FORM

StoneX Commodity Solutions LLC, formerly known as FCStone Merchant Services, LLC, ("**StoneX**") holds title to 1,491,771 bushels of corn and 680,000 bushels of sorghum in the *In re Garcia Grain Trading Corp.* bankruptcy case. StoneX has an ownership position in this case pursuant to certain valid Warehouse Receipts and the documents related thereto. Copies of the Warehouse Receipts, as well as Purchase Contracts and payment evidence (usually via wire) are attached to StoneX's 557 Form. *See* [ECF No. 219].

StoneX also delivered Grain to the Debtor's warehouse(s), and the Debtor would agree to store the Grain pursuant to the Warehouse Receipts issued to StoneX. Evidence of said deliveries were memorialized via Truck Tickets and related documents. Applicable Truck Tickets and related documents are also included in StoneX's 557 Form. *See id.*

Additional documents that govern the relationship between the Debtor and StoneX, and highlight StoneX's ownership interest, are:
- A *Master Purchase and Sale Agreement* executed on January 2, 2018 and attached to the 557 Form as **Exhibit A**; and
- A UCC Financing Statement covering all of Garcia Grain Trading Corp.'s commodities, Warehouse Receipts and/or bills of lading, accounts and payment intangibles, and cash and other proceeds of the foregoing. This Financing Statement is also attached to the 557 Form as **Exhibit B.**[1]

Pursuant to the *Order Establishing Procedures for Determination of Rights, Ownership Interests, Liens, Security Interests, and all Other Interests in and to Grain and Proceeds of Grain Pursuant to 11 U.S.C. § 557* (the "**557 Order**"), Amended 557 Forms were to be filed no later than June 30, 2023. *See* [ECF No. 126, p. 3]. Accordingly, StoneX hereby submits this Amended 557 Form and the exhibits attached hereto. Further, **StoneX fully incorporates, adopts, and makes reference to its originally-filed 557 Form [ECF No. 219], and all documents of any kind attached thereto should be deemed incorporated and set forth herein as if they were attached hereto.** This Amended 557 Form is intended to amend and supplement StoneX's 557 Form [ECF No. 219], and the filing of this Amended 557 Form should not be considered a waiver or withdrawal of any of the statements made or documents attached to StoneX's 557 Form [ECF No. 219]. This and the 557 Form should be read together as a cohesive document, and StoneX reserves the right to refer to this and the 557 Form as its "557 Forms" at the 557 Hearing or any other hearings in this bankruptcy case.

Attached hereto are:
- Various Forward Sale Contracts (Repurchase Agreements) (**Exhibit A**);
- Various Purchase Contracts concerning J.D. Heiskell & Co. (**Exhibit B**); and
- A UCC Continuation Statement (**Exhibit C**).

---

[1] StoneX asserts an ownership position pursuant to the Warehouse Receipts attached to its 557 Form. *See* [ECF No. 219]. The UCC Financing Statement provides a backup position to StoneX as a secured creditor.

51032997 v5

### The Forward Sale Contracts (Repurchase Agreements)

On the Petition Date, StoneX held Forward Sale Contracts (Repurchase Agreements) covering all of the Grain subject to this Claim (1,491,771 bushels of corn and 680,000 bushels of sorghum). The Grain covered by these Forward Sale Contracts (Repurchase Agreements) had not been repurchased by the Debtor prior to the Petition Date. Thus, all Grain covered by these Forward Sale Contracts (Repurchase Agreements) is owned by StoneX.

These Forward Sale Contracts (Repurchase Agreements) were rolled forward pursuant to standard business practices and agreements between the parties. As part of the roll forward process, the original dates on which the Debtor was obligated to purchase the Grain represented by these Forward Sale Contracts (Repurchase Agreements) was extended (*e.g.*, "rolled forward") pursuant to standard business practices and agreements between the parties so that on the Petition Date, the Debtor has not made any payments to StoneX under the Forward Sale Contracts (Repurchase Agreements), and StoneX did not and has not delivered Warehouse Receipts to the Debtor with respect to any of the Grain subject to the Forward Sale Contracts (Repurchase Agreements).

The Debtor did not make payment in full to StoneX, and StoneX did not and has not delivered Warehouse Receipts to the Debtor. Therefore, the Grain subject to these Forward Sale Contracts (Repurchase Agreements) is owned by StoneX, and StoneX is entitled to the Grain and any proceeds therefrom.

### The J.D. Heiskell Contracts

StoneX would also deliver Grain to the Debtor, and the Debtor would agree to store the Grain pursuant to Warehouse Receipts issued to StoneX. The J.D. Heiskell Contracts represent StoneX's original purchase of the Grain that is the subject of Contract Nos. SCS107733, SCS107732; SCS108408, SCS108407; and SCS109471, SCS109470. *See* [ECF No. 219, pp. 36-38].

### The UCC Continuation Statement

StoneX asserts an ownership position pursuant to the Warehouse Receipts attached to its 557 Form, and the UCC Financing Statement(s) provide StoneX a backup position. *See* FN 1. StoneX's initial UCC Financing Statement was filed on June 4, 2018. *See* [ECF No. 219, p. 33]. It was later amended on August 18, 2021. *See id.*, p. 34. StoneX timely-filed its Continuation on January 4, 2023.

The documents above and herein are subject to further amendment. StoneX's submission of these documents does not constitute a waiver or adverse admission of any kind, and StoneX reserves all rights provided to it by applicable law, both State and Federal. StoneX also reserves its right pursuant to any provision in any applicable document.

51032997 v5

2

## EXHIBIT A – the Forward Sale Contracts

*(See attached.)*

51032997 v5

## Contract No.: KCT96495

(*See attached*.)

51086940 v1

09/07/22 09:01 am

 StoneX®

# SALE CONTRACT

(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | |
|---|---|---|
| Commodity: | #2 Yellow Corn | |
| Quantity/Units: | 120,000.00 Bushels | Pay terms:   Prepay |
| Basis: | $2.196146 CZ22 | |
| Delivered: | Progreso, TX - In Warehouse Transfer | |
| Grades: | Destination | |
| Weights: | Destination | |
| Shipment Period: | 07/02/2021 - 09/30/2022 | |
| Expire Date: | 09/30/2022 | |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions. If manually signing this agreement, please sign and date the original and attached copy of this contract. The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

**50,000.00 Bushels priced at $8.761571, +$1.281571 basis, $7.48 futures on 09/07/2022**

**70,000.00 Bushels priced at $8.939752, +$1.284752 basis, $7.655 futures on 09/07/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted   _____            StoneX Commodity Solutions LLC

By:        _____            Signed:   _____

Date:      _____            Date:     07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

# INTL·FCStone®

07/02/21 11:41 am

## SALE CONTRACT

(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
FCStone Merchant Services, LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 120,000.00 Bushels |
| Basis: | $0.7425 CU21 |
| Delivered: | Progreso, TX - In Warehouse Transfer |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 07/02/2021 - 08/31/2021 |
| Expire Date: | 08/31/2021 |

| Pay terms: | Prepay |
|---|---|
| Unpriced | |
| Balance: | 120,000.00 Bu. |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to FCStone Merchant Services, LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify FCStone Merchant Services, LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

\*\*\* See Terms and Conditions on last page for additional terms \*\*\*

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____          FCStone Merchant Services, LLC

By: _____          Signed: _____

Date: _____          Date:     07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by FCStone's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

05/11/22 04:05 pm



**SALE  CONTRACT**

(page #1)

Buyer                                              Seller
Garcia Grain Trading Corporation                   StoneX Commodity Solutions LLC
101 N. Val Verde Road                              1251 NW Briarcliff Parkway, Suite 800
Donna TX 78537                                     Kansas City MO 64116
                                                   (816) 410-7120

|  | Date: | 07/02/2021 |
|---|---|---|
|  | Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia                Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.661737 CN22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 120,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 05/31/2022 | | |
| Expire Date: | 05/31/2022 | | |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

\*\*\* See Terms and Conditions on last page for additional terms \*\*\*

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted    _____        StoneX Commodity Solutions LLC

By:         _____        Signed:  _____

Date:       _____        Date:    07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

03/31/22 05:35 pm

# SALE CONTRACT

AMENDMENT

(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

|  |  |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.99371 CK22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 120,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 04/30/2022 | | |
| Expire Date: | 04/30/2022 | | |

**AMENDMENTS**

**03/31/2022**

Changed to:

| Basis: | $0.99371 CK22 |
|---|---|
| Shipment Period: | 07/02/2021 - 04/30/2022 |

Changed from:

| Basis: | $0.953581 CK22 |
|---|---|
| Shipment Period: | 07/02/2021 - 03/31/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 120,000.00 Bushels | Unpriced | |
| Basis: | $0.99371 CK22 | Balance: | 120,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 04/30/2022 | | |
| Expire Date: | 04/30/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.


Accepted _____

By: _____

Date: _____

StoneX Commodity Solutions LLC

Signed: _____

Date:    07/02/21 _____

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

08/30/21 09:47 am

# SALE CONTRACT

AMENDMENT

(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | FCStone Merchant Services, LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | | |
|---|---|---|
| | Date: | 07/02/2021 |
| | Contract No: | KCT96495 |
| Contact: Juan Estrada/Octavio Garcia | Your Number: | |

| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
|---|---|---|---|
| Quantity/Units: | 120,000.00 Bushels | Unpriced | |
| Basis: | $0.7655 CZ21 | Balance: | 120,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 09/30/2021 | | |
| Expire Date: | 09/30/2021 | | |

**AMENDMENTS**

**08/30/2021**

Changed to:

| Basis: | $0.7655 CZ21 |
|---|---|
| Shipment Period: | 07/02/2021 - 09/30/2021 |
| Future month: | Z21 |

Changed from:

| Basis: | $0.7425 CU21 |
|---|---|
| Shipment Period: | 07/02/2021 - 08/31/2021 |
| Future month: | U21 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to FCStone Merchant Services, LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify FCStone Merchant Services, LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitue your acceptance of all terms set forth herein.

\*\*\* See Terms and Conditions on last page for additional terms \*\*\*

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
FCStone Merchant Services, LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.7655 CZ21 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 120,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 09/30/2021 | | |
| Expire Date: | 09/30/2021 | | |

Special instructions/Remarks (continued):

shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____          FCStone Merchant Services, LLC

By: _____          Signed: _____

Date: _____          Date:   07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by FCStone's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

04/29/22 08:25 am

# SALE CONTRACT

AMENDMENT

(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia

Your Number:

| | | | | |
|---|---|---|---|---|
| Commodity: | #2 Yellow Corn | | Pay terms: | Prepay |
| Quantity/Units: | 120,000.00 Bushels | | Unpriced | |
| Basis: | $1.056737 CN22 | | Balance: | 120,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | | |
| Grades: | Destination | | | |
| Weights: | Destination | | | |
| Shipment Period: | 07/02/2021 - 05/31/2022 | | | |
| Expire Date: | 05/31/2022 | | | |

**AMENDMENTS**

**04/29/2022**

Changed to:

| | |
|---|---|
| Basis: | $1.056737 CN22 |
| Shipment Period: | 07/02/2021 - 05/31/2022 |

Changed from:

| | |
|---|---|
| Basis: | $1.00871 CN22 |
| Shipment Period: | 07/02/2021 - 04/30/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia

Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 120,000.00 Bushels |
| Basis: | $1.056737 CN22 |
| Delivered: | Progreso, TX - In Warehouse Transfer |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 07/02/2021 - 05/31/2022 |
| Expire Date: | 05/31/2022 |

Pay terms:   Prepay
Unpriced
Balance:     120,000.00 Bu.

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted

By:

Date:

StoneX Commodity Solutions LLC

Signed:

Date:     07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

09/23/21 10:58 am

# **SALE  CONTRACT**

AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
FCStone Merchant Services, LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia                Your Number:

| | | |
|---|---|---|
| Commodity: | #2 Yellow Corn | |
| Quantity/Units: | 120,000.00 Bushels | Pay terms:   Prepay |
| Basis: | $0.7915 CZ21 | Unpriced |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance:   120,000.00 Bu. |
| Grades: | Destination | |
| Weights: | Destination | |
| Shipment Period: | 07/02/2021 - 10/31/2021 | |
| Expire Date: | 10/31/2021 | |

**AMENDMENTS**

**09/23/2021**

Changed to:

| | |
|---|---|
| Basis: | $0.7915 CZ21 |
| Shipment Period: | 07/02/2021 - 10/31/2021 |

Changed from:

| | |
|---|---|
| Basis: | $0.7655 CZ21 |
| Shipment Period: | 07/02/2021 - 09/30/2021 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to FCStone Merchant Services, LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify FCStone Merchant Services, LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
FCStone Merchant Services, LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | | | |
|---|---|---|---|
| | | Date: | 07/02/2021 |
| | | Contract No: | KCT96495 |
| Contact: Juan Estrada/Octavio Garcia | | Your Number: | |

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.7915 CZ21 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 120,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 10/31/2021 | | |
| Expire Date: | 10/31/2021 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted

By:

Date:

FCStone Merchant Services, LLC

Signed:

Date:       07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by FCStone's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

12/07/21 02:32 pm

# SALE CONTRACT

AMENDMENT

(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | | |
|---|---|---|
| | Date: | 07/02/2021 |
| | Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.789065 CH22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 120,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 12/31/2021 | | |
| Expire Date: | 12/31/2021 | | |

**AMENDMENTS**

**12/07/2021**

Changed to:

| Basis: | $0.789065 CH22 |
|---|---|
| Shipment Period: | 07/02/2021 - 12/31/2021 |

Changed from:

| Basis: | $0.759401 CH22 |
|---|---|
| Shipment Period: | 07/02/2021 - 11/30/2021 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 120,000.00 Bushels | Unpriced | |
| Basis: | $0.789065 CH22 | Balance: | 120,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 12/31/2021 | | |
| Expire Date: | 12/31/2021 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.


Accepted  _____          StoneX Commodity Solutions LLC


By:  _____          Signed: _____

Date:  _____          Date:    07/02/21  _____

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

10/29/21 12:57 pm

# SALE CONTRACT

AMENDMENT
(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

|  |  |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia                    Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.819401 CZ21 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 120,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 11/30/2021 | | |
| Expire Date: | 11/30/2021 | | |

**AMENDMENTS**

**10/29/2021**

Changed to:

| Basis: | $0.819401 CZ21 |
|---|---|
| Shipment Period: | 07/02/2021 - 11/30/2021 |

Changed from:

| Basis: | $0.7915 CZ21 |
|---|---|
| Shipment Period: | 07/02/2021 - 10/31/2021 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.
Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.
*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

|  | Date: | 07/02/2021 |
|---|---|---|
|  | Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.819401 CZ21 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 120,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 – 11/30/2021 | | |
| Expire Date: | 11/30/2021 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.


Accepted   _____          StoneX Commodity Solutions LLC


By:        _____          Signed:   _____

Date:      _____          Date:     07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

12/30/21 02:32 pm

# SALE CONTRACT

AMENDMENT

(page #1)

| | |
|---|---|
| Buyer | Seller |
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

|  |  |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.819886 CH22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 120,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 01/31/2022 | | |
| Expire Date: | 01/31/2022 | | |

**AMENDMENTS**

**12/30/2021**

Changed to:

| | |
|---|---|
| Basis: | $0.819886 CH22 |
| Shipment Period: | 07/02/2021 - 01/31/2022 |

Changed from:

| | |
|---|---|
| Basis: | $0.789065 CH22 |
| Shipment Period: | 07/02/2021 - 12/31/2021 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia            Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 120,000.00 Bushels |
| Basis: | $0.819886 CH22 |
| Delivered: | Progreso, TX - In Warehouse Transfer |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 07/02/2021 - 01/31/2022 |
| Expire Date: | 01/31/2022 |

| Pay terms: | Prepay |
|---|---|
| Unpriced | |
| Balance: | 120,000.00 Bu. |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____        StoneX Commodity Solutions LLC

By: _____             Signed: _____

Date: _____           Date:    07/02/21 _____

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

02/28/22 02:09 pm

# SALE CONTRACT

AMENDMENT

(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia

Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 120,000.00 Bushels | Unpriced | |
| Basis: | $0.953581 CK22 | Balance: | 120,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 03/31/2022 | | |
| Expire Date: | 03/31/2022 | | |

**AMENDMENTS**

**02/28/2022**

Changed to:

| | |
|---|---|
| Basis: | $0.953581 CK22 |
| Shipment Period: | 07/02/2021 - 03/31/2022 |

Changed from:

| | |
|---|---|
| Basis: | $0.919057 CK22 |
| Shipment Period: | 07/02/2021 - 02/28/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.953581 CK22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 120,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 03/31/2022 | | |
| Expire Date: | 03/31/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.


Accepted    _____

By:         _____

Date:       _____

StoneX Commodity Solutions LLC

Signed:     _____

Date:       07/02/21    _____

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

02/25/22 08:40 am

# SALE CONTRACT

AMENDMENT
(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

|  | Date: | 07/02/2021 |
|---|---|---|
|  | Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.919057 CK22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 120,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 02/28/2022 | | |
| Expire Date: | 02/28/2022 | | |

**AMENDMENTS**

**02/25/2022**

Changed to:

| Basis: | $0.919057 CK22 |
|---|---|
| Future month: | K22 |

Changed from:

| Basis: | $0.849057 CH22 |
|---|---|
| Future month: | H22 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# **SALE CONTRACT**

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 120,000.00 Bushels |
| Basis: | $0.919057 CK22 |
| Delivered: | Progreso, TX - In Warehouse Transfer |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 07/02/2021 - 02/28/2022 |
| Expire Date: | 02/28/2022 |

Pay terms:    Prepay
Unpriced
Balance:    120,000.00 Bu.

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____

By: _____

Date: _____

StoneX Commodity Solutions LLC

Signed: _____

Date:    07/02/21 _____

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

11/22/21 10:44 am

# SALE CONTRACT

AMENDMENT
(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | | |
|---|---|---|
| | Date: | 07/02/2021 |
| | Contract No: | KCT96495 |

| Contact: Juan Estrada/Octavio Garcia | Your Number: |
|---|---|

| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
|---|---|---|---|
| Quantity/Units: | 120,000.00 Bushels | Unpriced | |
| Basis: | $0.759401 CH22 | Balance: | 120,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 11/30/2021 | | |
| Expire Date: | 11/30/2021 | | |

**AMENDMENTS**

**11/22/2021**

Changed to:

| | |
|---|---|
| Basis: | $0.759401 CH22 |
| Future month: | H22 |

Changed from:

| | |
|---|---|
| Basis: | $0.819401 CZ21 |
| Future month: | Z21 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitue your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia

Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 120,000.00 Bushels | Unpriced | |
| Basis: | $0.759401 CH22 | Balance: | 120,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 11/30/2021 | | |
| Expire Date: | 11/30/2021 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____

By: _____

Date: _____

StoneX Commodity Solutions LLC

Signed: _____

Date:    07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

01/31/22 03:56 pm

# SALE CONTRACT

AMENDMENT

(page #1)

| | |
|---|---|
| Buyer | Seller |
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.849057 CH22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 120,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 02/28/2022 | | |
| Expire Date: | 02/28/2022 | | |

**AMENDMENTS**

**01/31/2022**

Changed to:

| | |
|---|---|
| Basis: | $0.849057 CH22 |
| Shipment Period: | 07/02/2021 - 02/28/2022 |

Changed from:

| | |
|---|---|
| Basis: | $0.819886 CH22 |
| Shipment Period: | 07/02/2021 - 01/31/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

\*\*\* See Terms and Conditions on last page for additional terms \*\*\*

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# **SALE  CONTRACT**

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 120,000.00 Bushels | Unpriced | |
| Basis: | $0.849057 CH22 | Balance: | 120,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 02/28/2022 | | |
| Expire Date: | 02/28/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted

By:

Date:

StoneX Commodity Solutions LLC

Signed:

Date:     07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

04/28/22 12:30 pm

# SALE CONTRACT

AMENDMENT

(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 120,000.00 Bushels | Unpriced | |
| Basis: | $1.00871 CN22 | Balance: | 120,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 - 04/30/2022 | | |
| Expire Date: | 04/30/2022 | | |

**AMENDMENTS**

**04/28/2022**

Changed to:

| | |
|---|---|
| Basis: | $1.00871 CN22 |
| Future month: | N22 |

Changed from:

| | |
|---|---|
| Basis: | $0.99371 CK22 |
| Future month: | K22 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.
Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.
*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia

Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 120,000.00 Bushels |
| Basis: | $1.00871 CN22 |
| Delivered: | Progreso, TX - In Warehouse Transfer |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 07/02/2021 - 04/30/2022 |
| Expire Date: | 04/30/2022 |

| Pay terms: | Prepay |
|---|---|
| Unpriced | |
| Balance: | 120,000.00 Bu. |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____

By: _____

Date: _____

StoneX Commodity Solutions LLC

Signed: _____

Date:   07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.



11/30/22 05:00 pm

# SALE CONTRACT

(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | | | |
|---|---|---|---|
| | | Date: | 07/02/2021 |
| | | Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | |
|---|---|---|
| Quantity/Units: | 120,000.00 Bushels | Pay terms:   Prepay |
| Basis: | $2.196146 CZ22 | |
| Delivered: | Progreso, TX - In Warehouse Transfer | |
| Grades: | Destination | |
| Weights: | Destination | |
| Shipment Period: | 07/02/2021 - 12/31/2022 | |
| Expire Date: | 12/31/2022 | |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

**50,000.00 Bushels priced at $8.957557, +$1.477557 basis, $7.48 futures on 11/30/2022**

**70,000.00 Bushels priced at $9.139723, +$1.484723 basis, $7.655 futures on 11/30/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted  _____          StoneX Commodity Solutions LLC

By:  _____               Signed:  _____

Date:  _____             Date:    07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.



05/13/22 12:13 pm

**SALE CONTRACT**

(page #1)

Buyer                                          Seller
Garcia Grain Trading Corporation               StoneX Commodity Solutions LLC
101 N. Val Verde Road                          1251 NW Briarcliff Parkway, Suite 800
Donna TX 78537                                 Kansas City MO 64116
                                               (816) 410-7120

|  |  |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
|---|---|---|---|
| Quantity/Units: | 120,000.00 Bushels | Unpriced | |
| Basis: | $1.077737 CN22 | Balance: | 120,000.00 Bu. |
| Delivered: | Progreso, TX – In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 07/02/2021 – 05/31/2022 | | |
| Expire Date: | 05/31/2022 | | |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted                                       StoneX Commodity Solutions LLC

By: _____                    Signed: _____

Date: _____5-16-22_____                    Date:   07/02/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

12/30/22 12:26 pm



# SALE CONTRACT

(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 120,000.00 Bushels |
| Basis: | $2.196146 CZ22 |
| Delivered: | Progreso, TX - In Warehouse Transfer |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 07/02/2021 - 01/31/2023 |
| Expire Date: | 01/31/2023 |

Pay terms:     Prepay

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

**50,000.00 Bushels priced at $8.957557, +$1.477557 basis, $7.48 futures on 11/30/2022**

**70,000.00 Bushels priced at $9.213609, +$1.558609 basis, $7.655 futures on 12/30/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

| Accepted _____ | StoneX Commodity Solutions LLC |
|---|---|
| By: _____ | Signed: _____ |
| Date: _____ | Date:     07/02/21 _____ |

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

09/30/22 05:10 pm



**SALE CONTRACT**

(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

|  |  |
|---|---|
| Date: | 07/02/2021 |
| Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn |  |  |
|---|---|---|---|
| Quantity/Units: | 120,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.196146 CZ22 |  |  |
| Delivered: | Progreso, TX - In Warehouse Transfer |  |  |
| Grades: | Destination |  |  |
| Weights: | Destination |  |  |
| Shipment Period: | 07/02/2021 - 10/31/2022 |  |  |
| Expire Date: | 10/31/2022 |  |  |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

**50,000.00 Bushels priced at $8.823048, +$1.343048 basis, $7.48 futures on 09/30/2022**

**70,000.00 Bushels priced at $9.002479, +$1.347479 basis, $7.655 futures on 09/30/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

| Accepted | | StoneX Commodity Solutions LLC |
|---|---|---|
| By: | | Signed: |
| Date: | | Date:     07/02/21 |

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

10/31/22 06:53 pm



**SALE CONTRACT**

(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | | |
|---|---|---|
| | Date: | 07/02/2021 |
| | Contract No: | KCT96495 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | |
|---|---|---|
| Commodity: | #2 Yellow Corn | |
| Quantity/Units: | 120,000.00 Bushels | Pay terms:    Prepay |
| Basis: | $2.196146 CZ22 | |
| Delivered: | Progreso, TX - In Warehouse Transfer | |
| Grades: | Destination | |
| Weights: | Destination | |
| Shipment Period: | 07/02/2021 - 11/30/2022 | |
| Expire Date: | 11/30/2022 | |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

\*\*\* See Terms and Conditions on last page for additional terms \*\*\*

**50,000.00 Bushels priced at $8.887595, +$1.407595 basis, $7.48 futures on 10/31/2022**

**70,000.00 Bushels priced at $9.068339, +$1.413339 basis, $7.655 futures on 10/31/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

| | |
|---|---|
| Accepted _____ | StoneX Commodity Solutions LLC |
| By: _____ | Signed: _____ |
| Date: _____ | Date:    07/02/21 |

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

**Contract No.: KCT97907**

(*See attached.*)

11/30/22 05:00 pm

# SALE CONTRACT
AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia                      Your Number:

| | |
|---|---|
| Commodity: | #2 Yellow Corn |
| Quantity/Units: | 100,000.00 Bushels |
| Basis: | $2.661326 CZ22 |
| Delivered: | Progreso, TX - In Warehouse Transfer |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 08/16/2021 - 12/31/2022 |
| Expire Date: | 12/31/2022 |

Pay terms:   Prepay

**AMENDMENTS**

**11/30/2022**

Changed to:

Shipment Period:                08/16/2021 - 12/31/2022


Changed from:

Shipment Period:                08/16/2021 - 11/30/2022


By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

**30,000.00 Bushels priced at $9.301386, +$1.646386 basis, $7.655 futures on 11/30/2022**

**70,000.00 Bushels priced at $9.344308, +$2.734308 basis, $6.61 futures on 11/30/2022**

Special instructions/Remarks:


It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the

# SALE CONTRACT
AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia                Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 100,000.00 Bushels |
| Basis: | $2.661326 CZ22 |
| Delivered: | Progreso, TX - In Warehouse Transfer |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 08/16/2021 - 12/31/2022 |
| Expire Date: | 12/31/2022 |

Pay terms:    Prepay

Special instructions/Remarks (continued):
foregoing agreement to arbitrate shall be of no force and effect.

Accepted    _____

By:         _____

Date:       _____

StoneX Commodity Solutions LLC

Signed:     _____

Date:       08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

09/07/22 09:01 am

# SALE CONTRACT

AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $2.521037 CZ22 | Balance: | 70,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 09/30/2022 | | |
| Expire Date: | 09/30/2022 | | |

**AMENDMENTS**

**09/07/2022**

Changed to:

| | |
|---|---|
| Basis: | $2.521037 CZ22 |
| Shipment Period: | 08/16/2021 - 09/30/2022 |

Changed from:

| | |
|---|---|
| Basis: | $2.463745 CZ22 |
| Shipment Period: | 08/16/2021 - 08/31/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions. If manually signing this agreement, please sign and date the original and attached copy of this contract. The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

\*\*\* See Terms and Conditions on last page for additional terms \*\*\*

**30,000.00 Bushels priced at $9.097877, +$1.442877 basis, $7.655 futures on 09/07/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  | | Date: | 08/16/2021 |
|---|---|---|---|
|  | | Contract No: | KCT97907 |
| Contact: Juan Estrada/Octavio Garcia | | Your Number: | |

| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $2.521037 CZ22 | Balance: | 70,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 09/30/2022 | | |
| Expire Date: | 09/30/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____

By: _____

Date: _____

StoneX Commodity Solutions LLC

Signed: _____

Date:   08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

10/31/22 06:53 pm

# SALE CONTRACT
AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |  |  |
|---|---|---|---|
|  |  | Date: | 08/16/2021 |
|  |  | Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | | |
| Basis: | $2.661326 CZ22 | | |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 11/30/2022 | | |
| Expire Date: | 11/30/2022 | | |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

**30,000.00 Bushels priced at $9.228739, +$1.573739 basis, $7.655 futures on 10/31/2022**

**70,000.00 Bushels priced at $9.271326, +$2.661326 basis, $6.61 futures on 11/25/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____

By: _____

Date: _____

StoneX Commodity Solutions LLC

Signed: _____

Date:   08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

07/29/22 07:41 am

# SALE CONTRACT

AMENDMENT
(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.442745 CU22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 70,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 08/31/2022 | | |
| Expire Date: | 08/31/2022 | | |

**AMENDMENTS**

**07/29/2022**

Changed to:

| Basis: | $2.442745 CU22 |
|---|---|
| Shipment Period: | 08/16/2021 - 08/31/2022 |

Changed from:

| Basis: | $2.381547 CU22 |
|---|---|
| Shipment Period: | 08/16/2021 - 07/29/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

**30,000.00 Bushels priced at $9.0445, +$1.3895 basis, $7.6550 futures on 07/29/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  | Date: | 08/16/2021 |
|---|---|---|
|  | Contract No: | KCT97907 |
| Contact: Juan Estrada/Octavio Garcia | Your Number: |  |

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.442745 CU22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 70,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 08/31/2022 | | |
| Expire Date: | 08/31/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted  _____

By:  _____

Date:  _____

StoneX Commodity Solutions LLC

Signed:  _____

Date:  08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

05/11/22 04:05 pm

# SALE CONTRACT
AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  | Date: | 08/16/2021 |
|---|---|---|---|
|  |  | Contract No: | KCT97907 |
| Contact: Juan Estrada/Octavio Garcia |  | Your Number: |  |

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.816254 CN22 | Unpriced | |
| Delivered: | Progreso, TX – In Warehouse Transfer | Balance: | 100,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 – 05/31/2022 | | |
| Expire Date: | 05/31/2022 | | |

**AMENDMENTS**

**05/11/2022**

Changed to:

Basis:                          $2.816254 CN22


Changed from:

Basis:                          $1.211254 CN22


By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.
Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.
*** See Terms and Conditions on last page for additional terms ***


Special instructions/Remarks:


It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.816254 CN22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 100,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 05/31/2022 | | |
| Expire Date: | 05/31/2022 | | |

Accepted    _____

StoneX Commodity Solutions LLC

By:    _____

Signed:    _____

Date:    _____

Date:    08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

12/30/22 12:26 pm

# SALE CONTRACT
## AMENDMENT
### (page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 100,000.00 Bushels |
| Basis: | $2.661326 CZ22 |
| Delivered: | Progreso, TX - In Warehouse Transfer |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 08/16/2021 - 01/31/2023 |
| Expire Date: | 01/31/2023 |

Pay terms:   Prepay

**AMENDMENTS**

**12/30/2022**

Changed to:

Shipment Period:              08/16/2021 - 01/31/2023


Changed from:

Shipment Period:              08/16/2021 - 12/31/2022


By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

**30,000.00 Bushels priced at $9.376579, +$1.721579 basis, $7.655 futures on 12/30/2022**

**70,000.00 Bushels priced at $9.419848, +$2.809848 basis, $6.61 futures on 12/30/2022**

Special instructions/Remarks:


It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | |
|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms:   Prepay |
| Basis: | $2.661326 CZ22 | |
| Delivered: | Progreso, TX - In Warehouse Transfer | |
| Grades: | Destination | |
| Weights: | Destination | |
| Shipment Period: | 08/16/2021 - 01/31/2023 | |
| Expire Date: | 01/31/2023 | |

Special instructions/Remarks (continued):
foregoing agreement to arbitrate shall be of no force and effect.


Accepted _____

By: _____

Date: _____

StoneX Commodity Solutions LLC

Signed: _____

Date:   08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

10/31/22 06:53 pm

# SALE CONTRACT
AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.661326 CZ22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 70,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 11/30/2022 | | |
| Expire Date: | 11/30/2022 | | |

**AMENDMENTS**

**10/31/2022**

Changed to:

| | |
|---|---|
| Basis: | $2.661326 CZ22 |
| Shipment Period: | 08/16/2021 - 11/30/2022 |

Changed from:

| | |
|---|---|
| Basis: | $2.589071 CZ22 |
| Shipment Period: | 08/16/2021 - 10/31/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

**30,000.00 Bushels priced at $9.228739, +$1.573739 basis, $7.655 futures on 10/31/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia                     Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.661326 CZ22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 70,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 11/30/2022 | | |
| Expire Date: | 11/30/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.


Accepted   _____

By:        _____

Date:      _____

StoneX Commodity Solutions LLC

Signed:    _____

Date:      08/16/21   _____

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

05/13/22 12:13 pm

# SALE CONTRACT
AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  | | Date: | 08/16/2021 |
|---|---|---|---|
|  | | Contract No: | KCT97907 |
| Contact: Juan Estrada/Octavio Garcia | | Your Number: | |

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $1.232254 CN22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 100,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 05/31/2022 | | |
| Expire Date: | 05/31/2022 | | |

**AMENDMENTS**

**05/13/2022**

Changed to:

Basis:                        $1.232254 CN22


Changed from:

Basis:                        $2.816254 CN22


By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.
Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.
*** See Terms and Conditions on last page for additional terms ***


Special instructions/Remarks:


It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

# SALE  CONTRACT
AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia                Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 100,000.00 Bushels |
| Basis: | $1.232254 CN22 |
| Delivered: | Progreso, TX – In Warehouse Transfer |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 08/16/2021 – 05/31/2022 |
| Expire Date: | 05/31/2022 |

Pay terms:    Prepay
Unpriced
Balance:      100,000.00 Bu.


Accepted      _____

By:           _____

Date:         _____


StoneX Commodity Solutions LLC

Signed:

Date:     08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

05/30/22 08:40 pm

# SALE CONTRACT
AMENDMENT
(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $1.280448 CN22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 06/30/2022 | | |
| Expire Date: | 06/30/2022 | | |

**AMENDMENTS**

**05/30/2022**

Changed to:

| | |
|---|---|
| Basis: | $1.280448 CN22 |
| Shipment Period: | 08/16/2021 - 06/30/2022 |

Changed from:

| | |
|---|---|
| Basis: | $1.232254 CN22 |
| Shipment Period: | 08/16/2021 - 05/31/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT
AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $1.280448 CN22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 06/30/2022 | | |
| Expire Date: | 06/30/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.


Accepted    _____

By:         _____

Date:       _____

StoneX Commodity Solutions LLC

Signed:     _____

Date:       08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

08/29/22 03:17 pm

# SALE CONTRACT
## AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia                Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.463745 CZ22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 70,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 08/31/2022 | | |
| Expire Date: | 08/31/2022 | | |

**AMENDMENTS**

**08/29/2022**

Changed to:

| | |
|---|---|
| Basis: | $2.463745 CZ22 |
| Future month: | Z22 |

Changed from:

| | |
|---|---|
| Basis: | $2.442745 CU22 |
| Future month: | U22 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.
Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.
*** See Terms and Conditions on last page for additional terms ***
**30,000.00 Bushels priced at $9.044477, +$1.389477 basis, $7.655 futures on 07/29/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $2.463745 CZ22 | Balance: | 70,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 08/31/2022 | | |
| Expire Date: | 08/31/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted    _____

By:    _____

Date:    _____

StoneX Commodity Solutions LLC

Signed:    _____

Date:    08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

04/29/22 08:25 am

# SALE CONTRACT

AMENDMENT

(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $1.211254 CN22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 05/31/2022 | | |
| Expire Date: | 05/31/2022 | | |

**AMENDMENTS**

**04/29/2022**

Changed to:

| | |
|---|---|
| Basis: | $1.211254 CN22 |
| Shipment Period: | 08/16/2021 - 05/31/2022 |

Changed from:

| | |
|---|---|
| Basis: | $1.16246 CN22 |
| Shipment Period: | 08/16/2021 - 04/30/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | |
|---|---|---|
| Commodity: | #2 Yellow Corn | |
| Quantity/Units: | 100,000.00 Bushels | Pay terms:  Prepay |
| Basis: | $1.211254 CN22 | Unpriced |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance:  100,000.00 Bu. |
| Grades: | Destination | |
| Weights: | Destination | |
| Shipment Period: | 08/16/2021 - 05/31/2022 | |
| Expire Date: | 05/31/2022 | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted          _____

By:          _____

Date:          _____

StoneX Commodity Solutions LLC

Signed:          _____

Date:          08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

04/28/22 12:30 pm

# SALE CONTRACT

AMENDMENT
(page #1)

| | |
|---|---|
| Buyer | Seller |
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | | |
|---|---|---|
| | Date: | 08/16/2021 |
| | Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia               Your Number:

| | | | | |
|---|---|---|---|---|
| Commodity: | #2 Yellow Corn | | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | | Unpriced | |
| Basis: | $1.16246 CN22 | | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | | |
| Grades: | Destination | | | |
| Weights: | Destination | | | |
| Shipment Period: | 08/16/2021 - 04/30/2022 | | | |
| Expire Date: | 04/30/2022 | | | |

**AMENDMENTS**

**04/28/2022**

Changed to:

| | |
|---|---|
| Basis: | $1.16246 CN22 |
| Future month: | N22 |

Changed from:

| | |
|---|---|
| Basis: | $1.14746 CK22 |
| Future month: | K22 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $1.16246 CN22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 04/30/2022 | | |
| Expire Date: | 04/30/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted          _____

By: _____

Date: _____

StoneX Commodity Solutions LLC

Signed: _____

Date:     08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

12/07/21 02:32 pm

# SALE CONTRACT

AMENDMENT

(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | | |
|---|---|---|
| Date: | 08/16/2021 | |
| Contract No: | KCT97907 | |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | | |
|---|---|---|---|---|
| Commodity: | #2 Yellow Corn | | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | | Unpriced | |
| Basis: | $0.940161 CH22 | | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | | |
| Grades: | Destination | | | |
| Weights: | Destination | | | |
| Shipment Period: | 08/16/2021 - 12/31/2021 | | | |
| Expire Date: | 12/31/2021 | | | |

**AMENDMENTS**

**12/07/2021**

Changed to:

| | |
|---|---|
| Basis: | $0.940161 CH22 |
| Shipment Period: | 08/16/2021 - 12/31/2021 |

Changed from:

| | |
|---|---|
| Basis: | $0.909836 CH22 |
| Shipment Period: | 08/16/2021 - 11/30/2021 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | | |
|---|---|---|
| | Date: | 08/16/2021 |
| | Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | | |
|---|---|---|---|---|
| Commodity: | #2 Yellow Corn | | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | | Unpriced | |
| Basis: | $0.940161 CH22 | | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | | |
| Grades: | Destination | | | |
| Weights: | Destination | | | |
| Shipment Period: | 08/16/2021 - 12/31/2021 | | | |
| Expire Date: | 12/31/2021 | | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted   _____

By:        _____

Date:      _____

StoneX Commodity Solutions LLC

Signed:    _____

Date:      08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

# SALE CONTRACT

## AMENDMENT
### (page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | | |
|---|---|---|
| | Date: | 08/16/2021 |
| | Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $2.589071 CZ22 | Balance: | 70,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 10/31/2022 | | |
| Expire Date: | 10/31/2022 | | |

**AMENDMENTS**

**09/30/2022**

Changed to:

| Basis: | $2.589071 CZ22 |
|---|---|
| Shipment Period: | 08/16/2021 - 10/31/2022 |

Changed from:

| Basis: | $2.521037 CZ22 |
|---|---|
| Shipment Period: | 08/16/2021 - 09/30/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

**30,000.00 Bushels priced at $9.161714, +$1.506714 basis, $7.655 futures on 09/30/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | | | |
|---|---|---|---|
| | | Date: | 08/16/2021 |
| | | Contract No: | KCT97907 |
| Contact: Juan Estrada/Octavio Garcia | | Your Number: | |

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $2.589071 CZ22 | Balance: | 70,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 10/31/2022 | | |
| Expire Date: | 10/31/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted

By: _Rene Izaguirre_ (DocuSigned by: F86402C866CE401...)

Date: October 3, 2022

StoneX Commodity Solutions LLC

Signed: _____

Date: 08/16/21

STANDARD TERMS AND CONDITIONS

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

09/23/21 10:58 am

# SALE CONTRACT

AMENDMENT
(page #1)

| | |
|---|---|
| Buyer | Seller |
| Garcia Grain Trading Corporation | FCStone Merchant Services, LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | |
|---|---|
| Commodity: | #2 Yellow Corn |
| Quantity/Units: | 100,000.00 Bushels |
| Basis: | $0.9413 CZ21 |
| Delivered: | Progreso, TX - In Warehouse Transfer |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 08/16/2021 - 10/31/2021 |
| Expire Date: | 10/31/2021 |

| | |
|---|---|
| Pay terms: | Prepay |
| Unpriced | |
| Balance: | 100,000.00 Bu. |

**AMENDMENTS**

**09/23/2021**

Changed to:

| | |
|---|---|
| Basis: | $0.9413 CZ21 |
| Shipment Period: | 08/16/2021 - 10/31/2021 |

Changed from:

| | |
|---|---|
| Basis: | $0.9147 CZ21 |
| Shipment Period: | 08/16/2021 - 09/30/2021 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to FCStone Merchant Services, LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify FCStone Merchant Services, LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
FCStone Merchant Services, LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn |  |  |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.9413 CZ21 | Unpriced |  |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 100,000.00 Bu. |
| Grades: | Destination |  |  |
| Weights: | Destination |  |  |
| Shipment Period: | 08/16/2021 - 10/31/2021 |  |  |
| Expire Date: | 10/31/2021 |  |  |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted                                        FCStone Merchant Services, LLC

By: _____               Signed: _____

Date: _____              Date:    08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by FCStone's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

DocuSign Envelope ID: F0BEZF17-D4CF-4B6F-ADA8-9BD4ECE1B758

10/29/21 12:57 pm

# **SALE CONTRACT**

AMENDMENT

(page #1)

| | |
|---|---|
| Buyer | Seller |
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | | | |
|---|---|---|---|
| | | Date: | 08/16/2021 |
| | | Contract No: | KCT97907 |
| Contact: Juan Estrada/Octavio Garcia | | Your Number: | |

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.969836 CZ21 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 100,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 11/30/2021 | | |
| Expire Date: | 11/30/2021 | | |

**AMENDMENTS**

**10/29/2021**

Changed to:

| | |
|---|---|
| Basis: | $0.969836 CZ21 |
| Shipment Period: | 08/16/2021 - 11/30/2021 |

Changed from:

| | |
|---|---|
| Basis: | $0.9413 CZ21 |
| Shipment Period: | 08/16/2021 - 10/31/2021 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $0.969836 CZ21 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 11/30/2021 | | |
| Expire Date: | 11/30/2021 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____

By: _Rene Izaguirre_____
    DocuSigned by:
    4C2BDD842B184D5...

Date: November 17, 2021

StoneX Commodity Solutions LLC

Signed: _____

Date:   08/16/21

STANDARD TERMS AND CONDITIONS

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

DocuSign Envelope ID: F331DE27-1211-4628-A6F2-AACBFF707364

06/29/22 07:58 pm

# SALE CONTRACT

## AMENDMENT
### (page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | | | |
|---|---|---|---|
| | | Date: | 08/16/2021 |
| | | Contract No: | KCT97907 |

| | | |
|---|---|---|
| Contact: Juan Estrada/Octavio Garcia | | Your Number: |

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.381547 CU22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 70,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 07/29/2022 | | |
| Expire Date: | 07/29/2022 | | |

**AMENDMENTS**

**06/29/2022**

Changed to:

| | |
|---|---|
| Basis: | $2.381547 CU22 |
| Shipment Period: | 08/16/2021 - 07/29/2022 |
| Future month: | U22 |

Changed from:

| | |
|---|---|
| Basis: | $1.280448 CN22 |
| Shipment Period: | 08/16/2021 - 06/30/2022 |
| Future month: | N22 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

\*\*\* See Terms and Conditions on last page for additional terms \*\*\*

**30,000.00 Bushels priced at $8.9835, +$1.3285 basis, $7.6550 futures on 06/29/2022**

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction

# SALE  CONTRACT

AMENDMENT

(page #2)

Buyer                                          Seller
Garcia Grain Trading Corporation               StoneX Commodity Solutions LLC
101 N. Val Verde Road                          1251 NW Briarcliff Parkway, Suite 800
Donna TX 78537                                 Kansas City MO 64116
                                               (816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia            Your Number:

| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $2.381547 CU22 | Balance: | 70,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 07/29/2022 | | |
| Expire Date: | 07/29/2022 | | |

Special instructions/Remarks (continued):

shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted                                        StoneX Commodity Solutions LLC

By:    Rene Izaguirre                          Signed:
       E86402C866CE401...

Date:  July 1, 2022                            Date:   08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

12/30/21 02:32 pm

# SALE CONTRACT

AMENDMENT

(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | | |
|---|---|---|
| | Date: | 08/16/2021 |
| | Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | | |
|---|---|---|---|---|
| Commodity: | #2 Yellow Corn | | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | | Unpriced | |
| Basis: | $0.971647 CH22 | | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | | |
| Grades: | Destination | | | |
| Weights: | Destination | | | |
| Shipment Period: | 08/16/2021 - 01/31/2022 | | | |
| Expire Date: | 01/31/2022 | | | |

**AMENDMENTS**

**12/30/2021**

Changed to:

Basis:                       $0.971647 CH22

Shipment Period:             08/16/2021 - 01/31/2022


Changed from:

Basis:                       $0.940161 CH22

Shipment Period:             08/16/2021 - 12/31/2021

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia

Your Number:

| | | | | |
|---|---|---|---|---|
| Commodity: | #2 Yellow Corn | | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | | Unpriced | |
| Basis: | $0.971647 CH22 | | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | | |
| Grades: | Destination | | | |
| Weights: | Destination | | | |
| Shipment Period: | 08/16/2021 - 01/31/2022 | | | |
| Expire Date: | 01/31/2022 | | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____

By: _____

Date: _____

StoneX Commodity Solutions LLC

Signed: _____

Date:   08/16/21 _____

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

**INTL·FCStone®**

08/16/21 09:56 am

# **SALE CONTRACT**

(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
FCStone Merchant Services, LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia                Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.9147 CZ21 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 100,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 09/30/2021 | | |
| Expire Date: | 09/30/2021 | | |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions. If manually signing this agreement, please sign and date the original and attached copy of this contract. The original must be returned to FCStone Merchant Services, LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify FCStone Merchant Services, LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted        **Garcia Grain Trading Corp**            FCStone Merchant Services, LLC

By:                                              Signed:

Date:        8/16/2021                           Date:        08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by FCStone's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

03/31/22 05:35 pm

# SALE CONTRACT

AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia

Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $1.14746 CK22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 100,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 04/30/2022 | | |
| Expire Date: | 04/30/2022 | | |

**AMENDMENTS**

**03/31/2022**

Changed to:

| | |
|---|---|
| Basis: | $1.14746 CK22 |
| Shipment Period: | 08/16/2021 - 04/30/2022 |

Changed from:

| | |
|---|---|
| Basis: | $1.106634 CK22 |
| Shipment Period: | 08/16/2021 - 03/31/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

\*\*\* See Terms and Conditions on last page for additional terms \*\*\*

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $1.14746 CK22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 04/30/2022 | | |
| Expire Date: | 04/30/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.


Accepted    _____

By:         _____

Date:       _____

StoneX Commodity Solutions LLC

Signed:     _____

Date:       08/16/21 _____

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

02/28/22 02:09 pm

# **SALE CONTRACT**

AMENDMENT
(page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

|  | Date: | 08/16/2021 |
|---|---|---|
|  | Contract No: | KCT97907 |
| Contact: Juan Estrada/Octavio Garcia | Your Number: | |

| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $1.106634 CK22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 03/31/2022 | | |
| Expire Date: | 03/31/2022 | | |

**AMENDMENTS**

**02/28/2022**

Changed to:

| Basis: | $1.106634 CK22 |
|---|---|
| Shipment Period: | 08/16/2021 - 03/31/2022 |

Changed from:

| Basis: | $1.071421 CK22 |
|---|---|
| Shipment Period: | 08/16/2021 - 02/28/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitue your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE  CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $1.106634 CK22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 03/31/2022 | | |
| Expire Date: | 03/31/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted  _____

By:  _____

Date:  _____

StoneX Commodity Solutions LLC

Signed:  _____

Date:    08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

02/25/22 08:40 am

# SALE CONTRACT

AMENDMENT
(page #1)

| | |
|---|---|
| Buyer | Seller |
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia                Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $1.071421 CK22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 02/28/2022 | | |
| Expire Date: | 02/28/2022 | | |

**AMENDMENTS**

**02/25/2022**

Changed to:

| | |
|---|---|
| Basis: | $1.071421 CK22 |
| Future month: | K22 |

Changed from:

| | |
|---|---|
| Basis: | $1.001421 CH22 |
| Future month: | H22 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $1.071421 CK22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 02/28/2022 | | |
| Expire Date: | 02/28/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____

By: _____

Date: _____

StoneX Commodity Solutions LLC

Signed: _____

Date:    08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

# SALE CONTRACT

### AMENDMENT
### (page #1)

| | |
|---|---|
| Buyer | Seller |
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | | | |
|---|---|---|---|
| | | Date: | 08/16/2021 |
| | | Contract No: | KCT97907 |
| Contact: Juan Estrada/Octavio Garcia | | Your Number: | |

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $0.909836 CH22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 100,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 11/30/2021 | | |
| Expire Date: | 11/30/2021 | | |

**AMENDMENTS**

**11/22/2021**

Changed to:

| | |
|---|---|
| Basis: | $0.909836 CH22 |
| Future month: | H22 |

Changed from:

| | |
|---|---|
| Basis: | $0.969836 CZ21 |
| Future month: | Z21 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $0.909836 CH22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 11/30/2021 | | |
| Expire Date: | 11/30/2021 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____          StoneX Commodity Solutions LLC

By: _Rene Izaguirre_____          Signed: _____
    DocuSigned by:
    4C2BDD842B184D5...

Date: _November 23, 2021_____          Date: _08/16/21_____

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

01/31/22 03:56 pm

# SALE CONTRACT

AMENDMENT
(page #1)

| | |
|---|---|
| Buyer | Seller |
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $1.001421 CH22 | Unpriced | |
| Delivered: | Progreso, TX - In Warehouse Transfer | Balance: | 100,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 02/28/2022 | | |
| Expire Date: | 02/28/2022 | | |

**AMENDMENTS**

**01/31/2022**

Changed to:

| | |
|---|---|
| Basis: | $1.001421 CH22 |
| Shipment Period: | 08/16/2021 - 02/28/2022 |

Changed from:

| | |
|---|---|
| Basis: | $0.971647 CH22 |
| Shipment Period: | 08/16/2021 - 01/31/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# **SALE CONTRACT**

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 08/16/2021 |
| Contract No: | KCT97907 |

Contact: Juan Estrada/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $1.001421 CH22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - In Warehouse Transfer | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 08/16/2021 - 02/28/2022 | | |
| Expire Date: | 02/28/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted

By:

Date:

StoneX Commodity Solutions LLC

Signed:

Date:     08/16/21

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

**Contract No.: FIN101149**

(*See attached.*)

11/29/22 05:37 pm

# SALE CONTRACT
### AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 01/13/2022 |
| Contract No: | FIN_101149 |

Contact: Jose Naveja/Octavio Garcia

Your Number:

| | |
|---|---|
| Commodity: | #2 Yellow Corn |
| Quantity/Units: | 100,000.00 Bushels |
| Basis: | $2.803132 CH23 |
| Delivered: | Progreso, TX - Truck |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 01/13/2022 - 11/30/2022 |
| Expire Date: | 11/30/2022 |

| | | |
|---|---|---|
| Pay terms: | Prepay | |
| Unpriced | | |
| Balance: | 100,000.00 Bu. | |

**AMENDMENTS**

11/29/2022

Changed to:

| | |
|---|---|
| Basis: | $2.803132 CH23 |
| Future month: | H23 |

Changed from:

| | |
|---|---|
| Basis: | $2.820632 CZ22 |
| Future month: | Z22 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions. If manually signing this agreement, please sign and date the original and attached copy of this contract. The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

\*\*\* See Terms and Conditions on last page for additional terms \*\*\*

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 01/13/2022 |
| Contract No: | FIN_101149 |

Contact: Jose Naveja/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 100,000.00 Bushels |
| Basis: | $2.803132 CH23 |
| Delivered: | Progreso, TX - Truck |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 01/13/2022 - 11/30/2022 |
| Expire Date: | 11/30/2022 |

| Pay terms: | Prepay |
|---|---|
| Unpriced |  |
| Balance: | 100,000.00 Bu. |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted _____

By:        _____

Date:      _____

StoneX Commodity Solutions LLC

Signed:    _____

Date:      01/13/22

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

05/11/22 04:05 pm

# SALE CONTRACT
### AMENDMENT
### (page #1)

| Buyer | Seller |
|---|---|
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

|  |  |
|---|---|
| Date: | 01/13/2022 |
| Contract No: | FIN_101149 |

Contact: Jose Naveja/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn | | |
|---|---|---|---|
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.965899 CN22 | Unpriced | |
| Delivered: | Progreso, TX - Truck | Balance: | 100,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 01/13/2022 - 05/31/2022 | | |
| Expire Date: | 05/31/2022 | | |

**AMENDMENTS**

**05/11/2022**

Changed to:

Basis:                          $2.965899 CN22


Changed from:

Basis:                          $1.360899 CN22


By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions. If manually signing this agreement, please sign and date the original and attached copy of this contract. The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***


Special instructions/Remarks:


It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 01/13/2022 |
| Contract No: | FIN_101149 |

Contact: Jose Naveja/Octavio Garcia

Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 100,000.00 Bushels |
| Basis: | $2.965899 CN22 |
| Delivered: | Progreso, TX - Truck |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 01/13/2022 - 05/31/2022 |
| Expire Date: | 05/31/2022 |

| Pay terms: | Prepay |
|---|---|
| Unpriced | |
| Balance: | 100,000.00 Bu. |

Accepted  _____

By:  _____

Date:  _____

StoneX Commodity Solutions LLC

Signed:  _____

Date:  _____

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

10/31/22 06:53 pm

# SALE CONTRACT
AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 01/13/2022 |
| Contract No: | FIN_101149 |

Contact: Jose Naveja/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.820632 CZ22 | Unpriced | |
| Delivered: | Progreso, TX - Truck | Balance: | 100,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 01/13/2022 - 11/30/2022 | | |
| Expire Date: | 11/30/2022 | | |

**AMENDMENTS**

**10/31/2022**

Changed to:

| | |
|---|---|
| Basis: | $2.820632 CZ22 |
| Shipment Period: | 01/13/2022 - 11/30/2022 |

Changed from:

| | |
|---|---|
| Basis: | $2.74722 CZ22 |
| Shipment Period: | 01/13/2022 - 10/31/2022 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions. If manually signing this agreement, please sign and date the original and attached copy of this contract. The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.
Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.
*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

| | |
|---|---|
| Date: | 01/13/2022 |
| Contract No: | FIN_101149 |

Contact: Jose Naveja/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $2.820632 CZ22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX – Truck | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 01/13/2022 – 11/30/2022 | | |
| Expire Date: | 11/30/2022 | | |

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted  _____

By:  _____

Date:  _____

StoneX Commodity Solutions LLC

Signed:  _____

Date:  01/13/22

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

12/30/22 12:25 pm

# SALE CONTRACT

AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 01/13/2022 |
| Contract No: | FIN_101149 |

Contact: Jose Naveja/Octavio Garcia          Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.963785 CH23 | | |
| Delivered: | Progreso, TX - Truck | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 01/13/2022 - 01/31/2023 | | |
| Expire Date: | 01/31/2023 | | |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

**50,000.00 Bushels priced at $9.521285, +$2.963785 basis, $6.5575 futures on 01/04/2023**

**50,000.00 Bushels priced at $9.513785, +$2.963785 basis, $6.55 futures on 01/04/2023**

Special instructions/Remarks:



It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.


Accepted  _____

By:       _____

Date:     _____

StoneX Commodity Solutions LLC

Signed:   _____

Date:     01/13/22

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

08/29/22 03:17 pm

# SALE CONTRACT

AMENDMENT
(page #1)

| | |
|---|---|
| Buyer | Seller |
| Garcia Grain Trading Corporation | StoneX Commodity Solutions LLC |
| 101 N. Val Verde Road | 1251 NW Briarcliff Parkway, Suite 800 |
| Donna TX 78537 | Kansas City MO 64116 |
| | (816) 410-7120 |

|  |  |
|---|---|
| Date: | 01/13/2022 |
| Contract No: | FIN_101149 |

Contact: Jose Naveja/Octavio Garcia                    Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | | |
| Quantity/Units: | 100,000.00 Bushels | Pay terms: | Prepay |
| Basis: | $2.615985 CZ22 | Unpriced | |
| Delivered: | Progreso, TX - Truck | Balance: | 100,000.00 Bu. |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 01/13/2022 - 08/31/2022 | | |
| Expire Date: | 08/31/2022 | | |

**AMENDMENTS**

**08/29/2022**

Changed to:

| | |
|---|---|
| Basis: | $2.615985 CZ22 |
| Future month: | Z22 |

Changed from:

| | |
|---|---|
| Basis: | $2.594985 CU22 |
| Future month: | U22 |

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions.  If manually signing this agreement, please sign and date the original and attached copy of this contract.  The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.

Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.

*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall

# SALE CONTRACT

AMENDMENT

(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 01/13/2022 |
| Contract No: | FIN_101149 |

Contact: Jose Naveja/Octavio Garcia          Your Number:

| Commodity: | #2 Yellow Corn |
|---|---|
| Quantity/Units: | 100,000.00 Bushels |
| Basis: | $2.615985 CZ22 |
| Delivered: | Progreso, TX - Truck |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 01/13/2022 - 08/31/2022 |
| Expire Date: | 08/31/2022 |

Pay terms:    Prepay
Unpriced
Balance:      100,000.00 Bu.

Special instructions/Remarks (continued):

have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

Accepted    _____

By:         _____

Date:       _____

StoneX Commodity Solutions LLC

Signed:     _____

Date:       _____

The terms of this Contract include the Sale Terms listed below, which form part of this Contract and are legally binding upon the parties.

The statements below are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto. Failure to advise Seller immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of this Contract.

1. It is agreed that the terms herein set forth and the trading rules set from hereto (to the extent that they are not in conflict with the terms stated in the preceding contract Special instructions) constitute the entire contract between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. All disputes relating to this Contract shall be resolved by binding arbitration in accordance with the Rules of the association of the Governing Rules herein or the American Arbitration Association. The parties agree to be bound by the arbitration award and agree that judgment upon the award may be entered in any Court having jurisdiction.

2. Buyer shall make payment under the terms specified herein upon receipt of each shipment hereunder.

3. If shipping instructions are not set forth herein, Buyer shall furnish Seller with such instructions in sufficient time to permit Seller to make shipment at Seller's option during the time specified for shipment in this Contract.

4. If Buyer (i) fails to furnish shipping instructions within the time specified or, if delivery periods have been extended by Seller in its sole discretion, within five days after written demand by Seller, (ii) fails to order any shipments therefore, (iii) refuses to accept any shipments properly tendered hereunder, (iv) fails to tender any payment hereunder when due or (v) is otherwise in breach of Contract, Seller may treat such default as a total breach of this Contract, or a partial breach of this Contract (i.e., a breach only as to the individual shipment or installment). Failure of Seller to ship any installment hereunder when due shall not constitute a total breach of this Contract.

5a. If the financial condition of the Buyer becomes impaired or is found to be such the terms of payment herein specified are unsatisfactory in the Seller's judgment, or if the Buyer fails to tender any payment hereunder when due, the whole sum owing by Buyer shall become due and payable at once and seller may require Buyer to pay cash in advance of shipment on remaining deliveries under this Contract. Seller may also demand, from time to time, and Buyer must, within forty-eight (48) hours after receipt of such demand, deliver to Seller a margin deposit not to exceed the difference between the contract price of the undelivered goods subject to this Contract and the market price of such goods on the day upon which such demand is sent. Seller may treat failure to remit such margin deposit within the time specified or a failure to pay cash in advance of shipment upon request as a total breach of this contract and all other open contracts between Buyer and Seller. Seller may also pursue, alternatively or in conjunction with any of the above, any of Sellers other legal and equitable remedies.

5b. For contracts that establish price by reference to a futures contract, the contract must be priced prior to First Notice Date of the reference futures contract. If price is not established prior to First Notice date Seller will have the right to establish price in their sole discretion.

6. An amount equal to any tax, duty or assessment now or hereafter imposed and assessed by any governmental authority upon the production, processing, sale, shipment, or use of the goods which are the subject of this Contract or the raw material from which said goods are processed shall be added to the contract price.

7. Seller shall not be liable in any respect for failure or delay in the fulfillment or performance of this Contract, including but not limited to obligation to make deliveries, if performance is hindered or prevented, directly or indirectly, by war, riots, embargo or national emergency; shortage or inability to obtain transportation or transfer facilities; plant breakdown, inability to secure fuel, power, material or labor; fire, flood, windstorm, or other acts of God; strikes, lockouts or other labor disturbances (whether among employees of Sellers or others); orders or acts of any government or governmental agency or authority; or any other cause of like or different kind beyond Seller's reasonable control. In the event Seller is unable to supply the total requirement of its customers, Seller may allocate its available supply among its customers in a manner determined by Seller to be fair and equitable.

8. This agreement is based on current freight rates and any freight rates and any increases in such freight rates shall be for Buyer's account regardless of price basis. All demurrage or detention charges shall be for Buyer's account.

9. Seller WARRANTS that the goods sold hereunder conform to the description on the face of this Contract.

10. Exclusion of warranties: There are no warranties – express, implied, statutory or arising from course of dealing or usage of trade, of merchantability, quality, fitness for purpose, capacity, description, or otherwise – of the goods sold hereunder other than the printed warranty in paragraph #9 herein above. There are no oral agreements or warranties collateral to or affecting this agreement. Buyer waives all claims whether based on breach of contract, tort, strict liability or other theory, including, but not limited to (if applicable), claims for failure of the goods sold hereunder to comply with the federal food, drug and cosmetic act, as amended, unless such claims are goods sold hereunder to comply with the federal Food Drug and Cosmetic Act, as amended, unless such claims are made in writing and delivered to seller within thirty (30) days after receipt of goods. Seller shall in no event be liable to buyer for special, incidental, or consequential damages whether the claim is based on contract, tort strict liability or other theory. Seller's liability for damages shall in no event exceed the purchase price of the particular shipment with respect to which a claim is made, whether the claim is based on contract, tort, strict liability or other theory.

11. Buyer assumes and agrees to indemnify and save seller harmless from any and all liability whatsoever which may arise from the use by buyer or by others of the goods sold hereunder, whether used singly or in combination with other materials, whether such liability is based on contract, tort, strict liability or other theory except the extent such liability is caused by StoneX's breach of warranty as stated in paragraph #9.

12. Seller's Weights are to govern settlement.

13. Risk of loss shall pass to Buyer upon the delivery of goods to common or contract carrier.

14. In the event of any breach of this Contract by Buyer, it is agreed that the damages of Seller shall include the cost of reselling.

15. Reconsignment or diversion of any shipment is prohibited unless Seller consents thereto in writing.

16. Buyer represents and warrants that it is solvent as of the date of this Contract. Acceptance of any delivery shall also constitute a representation and warranty of solvency by the Buyer on the delivery date.

17. No terms or conditions in the Buyer's purchase order, acknowledgement or other document issued by the Buyer which conflict with the terms and conditions hereof or which increase the Seller's obligations or reduce or limit the Buyer's obligations or liability hereunder shall be binding on Seller unless accepted in writing by the Seller. None of the terms and conditions hereof may be amended or waived except as mutually agreed to between the parties in writing.

18. Seller expressly reserves the right to cause the liquidation or cancellation of this contract because of (a) insolvency or financial condition of buyer; (b) the commencement of a case or appointment of or a taking of possession by trustee or custodian under 11 U.S.C.§§ Sections 101 et seq., or successor legislation; (c) any and all other defaults of the terms and conditions specified herein either directly or by reference; or (d) the institution of price or quantity controls by the government which are lower than the price or quantity under this Contract.

19. Without limiting the Seller's pursuit of any and all other rights and remedies available to it, it is expressly agreed that this Contract is subject to the Seller's right to set off its obligations hereunder against any debts, claims or obligations owed by the Buyer under or in connection with this Contract, or any other contracts between the parties, as provided in 11 U.S.C.§§ Section 362(b) (6) or successor legislation.

20. The rights and obligations of Buyer under this contract are not assignable without the prior written consent of Seller. If any part of this Contract is found to be void or unenforceable, the provisions shall be severable and those provisions which are lawful shall remain in full force and effect.

21. This Contract shall be governed by the laws of the State of Iowa.

05/13/22 12:13 pm

# SALE CONTRACT
AMENDMENT
(page #1)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 01/13/2022 |
| Contract No: | FIN_101149 |
| Your Number: |  |

Contact: Jose Naveja/Octavio Garcia

| | |
|---|---|
| Commodity: | #2 Yellow Corn |
| Quantity/Units: | 100,000.00 Bushels |
| Basis: | $1.381899 CN22 |
| Delivered: | Progreso, TX - Truck |
| Grades: | Destination |
| Weights: | Destination |
| Shipment Period: | 01/13/2022 - 05/31/2022 |
| Expire Date: | 05/31/2022 |

Pay terms:   Prepay
Unpriced
Balance:   100,000.00 Bu.

**AMENDMENTS**

**05/13/2022**

Changed to:

Basis:                    $1.381899 CN22

Changed from:

Basis:                    $2.965899 CN22

By signing where indicated, I hereby acknowledge my agreement with the stated terms and conditions. If manually signing this agreement, please sign and date the original and attached copy of this contract. The original must be returned to StoneX Commodity Solutions LLC at the above referenced address, and a copy should be retained for your records.
Your failure to execute and return this contract or to notify StoneX Commodity Solutions LLC of its disagreement with any term of this contract within two (2) business days following the date of this contract will constitute your acceptance of all terms set forth herein.
*** See Terms and Conditions on last page for additional terms ***

Special instructions/Remarks:

It is agreed that the terms herein set forth the trading rules set forth hereto (to the extent that they are not in conflict with the terms stated herein) constitute the entire agreement between the parties, and there shall be no modifications or alterations except with the consent of both parties in writing. Notwithstanding the foregoing and except as otherwise expressly provided herein, each transaction shall be subject the Trade Rules of the National Grain and Feed Association ("NGFA") applicable on the date this contract is signed. (NGFA Trade Rules and Arbitration Rules are available upon request). The parties to this Contract agree that, the sole remedy for resolution of any and all disagreements or disputes arising under any transaction shall be through arbitration proceedings before the NGFA under NGFA arbitration rules. The decision and award determined through such arbitration shall be final and binding upon the parties. Judgment upon the arbitration award may be entered and enforced in any court having jurisdiction thereof. Upon the occurrence of an event of default, the non-defaulting party shall have the right to proceed with an action in a court of competent jurisdiction, and upon the filing of any such proceeding the foregoing agreement to arbitrate shall be of no force and effect.

# SALE CONTRACT

AMENDMENT
(page #2)

Buyer
Garcia Grain Trading Corporation
101 N. Val Verde Road
Donna TX 78537

Seller
StoneX Commodity Solutions LLC
1251 NW Briarcliff Parkway, Suite 800
Kansas City MO 64116
(816) 410-7120

|  |  |
|---|---|
| Date: | 01/13/2022 |
| Contract No: | FIN_101149 |

Contact: Jose Naveja/Octavio Garcia

Your Number:

| | | | |
|---|---|---|---|
| Commodity: | #2 Yellow Corn | Pay terms: | Prepay |
| Quantity/Units: | 100,000.00 Bushels | Unpriced | |
| Basis: | $1.381899 CN22 | Balance: | 100,000.00 Bu. |
| Delivered: | Progreso, TX - Truck | | |
| Grades: | Destination | | |
| Weights: | Destination | | |
| Shipment Period: | 01/13/2022 - 05/31/2022 | | |
| Expire Date: | 05/31/2022 | | |

Accepted _____

By: _____

Date: _____

StoneX Commodity Solutions LLC

Signed: _____

Date: _____