## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **GARCIA GRAIN TRADING** | § | **Case No. 23-70028-EVR-11** |
| **CORP.,** | § | |
| | § | |
| Debtor. | § | |

### EMERGENCY MOTION OF CRO, RICHARD S. SCHMIDT TO EMPLOY KAY B. WALKER OF THE LAW OFFICE OF KAY B. WALKER AS COUNSEL FOR CRO

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.**

**Represented parties should act through their attorney.**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, U.S. BANKRUPTCY JUDGE:

NOW COMES, Richard S. Schmidt, CRO (the "CRO") for GARCIA GRAIN TRADING CORP., the Debtor in the above-captioned case (the "Debtor" or "Garcia Grain"), and files this, his *Emergency Motion to Employ Kay B. Walker of The Law Office of Kay B. Walker as Counsel for CRO, Richard S. Schmidt* (the "Motion") and in support of such Emergency Motion would respectfully show the Court as follows:

**I.**

**Background**

1.     On February 17, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"). The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

2.     An Official Committee of Unsecured Creditors ("Committee") has been appointed in this case and has sought authority to employ professionals on its behalf.

3.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue of this proceeding is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.     On July 15 and 16, 2023, counsel for the Debtor and the major secured creditors, StoneX Commodity Solutions LLC f/k/a FCStone Merchant Services, LLC ("StoneX"), Vantage Bank Texas ("Vantage"), Falcon Bank ("Falcon"), and GrainChain, Inc. ("GrainChain"), along with the Official Unsecured Creditors Committee ("UCC") and certain other major unsecured creditors (collectively known as the 'Parties') participated in a mediation/settlement conference conducted by the Honorable Richard S. Schmidt, retired U.S. Bankruptcy Judge ("Schmidt").

5.     Over the course of intensive negotiations and deliberations directed by Schmidt considerable progress was made toward resolving many of the outstanding issues related to the Debtor's operations, management, and accounting, as well as to attempt to put together an outline of a plan of reorganization in this Chapter 11 case.  However, an issue permeating the mediation and settlement conference dealt with the Parties lack of confidence and trust in the current management as fiduciaries of the Debtor and the options that are available to address those

concerns under the circumstances involved in this case. The Parties reached a consensus to seek authority to employ a Chief Reorganization Officer to direct the continued operations of the Debtor and to investigate its financial affairs.

6.      On August 2, 2023, the Debtor filed its Emergency Motion To Employ Richard S. Schmidt, Retired U.S. Bankruptcy Judge as Its Chief Restructuring Officer.

7.      On August 4th and August 11th, 2023, hearings were held in which the Parties presented to the Court their agreement and support of the Motion to Employ Richard S. Schmidt as CRO.

8.      On August 15, 2023, the Court entered the Agreed Order Granting Debtor's Emergency Motion to Employ Richard S. Schmidt, Retired U.S. Bankruptcy Judge as Its Chief Restructuring Officer [Docket #429].

9.      With the authorization of the employment of the CRO, it is therefore necessary to retain counsel to represent the CRO in this matter. Emergency consideration is necessary because the Court ordered the CRO to obtain his own counsel in the Order Employing the CRO. The CRO will begin his duties immediately upon his employment and employment of counsel is therefore requested on an emergency basis.

**II.**
**Request For Authorization To Employ The Law Office of**
**Kay B. Walker as Counsel for CRO**

10.      The CRO hereby seeks authorization to employ Kay B. Walker of the Law Office of Kay B. Walker, 14326 Bluefish St., Corpus Christi, Texas 78418, telephone no. 361-533-2476; email: kaywalker@kaywalkerlaw.com  ("Walker"), as counsel for the CRO to represent him in his capacity as court appointed CRO and the duties to be undertaken in that role.

11.      To the best of CRO's knowledge and based upon the Declaration of Kay B. Walker,

attached hereto as Exhibit "A", Walker is a "disinterested person" as that term is defined in §
101(14), as modified by § 1107(b) of the Bankruptcy Code.

12.     To the best of CRO's knowledge and based upon the Declaration, Walker does not
hold or represent an interest adverse to CRO, the Debtor, or its estate, in accordance with § 327 of
the Bankruptcy Code.

13.     To the best of the CRO's and Walker's knowledge, information, and belief, and
based upon the Declaration, (a) Walker does not have any connection with the CRO, the Debtor,
creditors of the Debtor, the United States Trustee's office, any person employed in the office of the
United States Trustee's office, or any other party with an actual or potential interest in these chapter
11 cases or their respective attorneys or accountants; (b) Walker is not a creditor, equity security
holder, or insider of Debtor; (c) none of Walker's partners or associates are, or were, within two
years of the Petition Date, a director, officer, or employee of Debtor; and (d) Walker neither holds
nor represents an interest adverse to the CRO, the Debtor, its estate, or any class of creditors or
equity security holders, by reason of any direct or indirect relationship to, connection with, or
interest in, the Debtor, or for any other reason.

14.     In addition, Walker represents that she is not a potential direct or indirect purchaser
of Debtor's assets. Further, it agrees that in the event potential purchasers or investors become
known to her, she will immediately disclose any connections with such potential purchasers or
investors.

15.     CRO submits that retention of Walker as counsel for the CRO is in the best interest
of the Debtor, its estate, and the creditors.

**III.**
**Terms of Retention**

16.     As more fully set forth in the Engagement Letter attached to this Motion as Exhibit "B", in regard to compensation for services rendered, Walker will seek reimbursement of fees and expenses as is just and authorized by the Court.  Walker has informed the Debtor and CRO that she charges $350.00 per hour for her services, plus reimbursement of expenses. Additionally, Walker will require a retainer of $20,000 prior to commencing work for the CRO.

17.     As a professional of the Debtor's bankruptcy estate, all compensation will be paid Walker in accordance with the Bankruptcy Code, the Bankruptcy Rules, and any order of this Court dealing with Interim Compensation Procedures. Final approval of her compensation and reimbursement of expenses will be subject to the supervision of the Court after approval of the Court following the filing of a motion with the Court, and reasonable notice and opportunity for hearing.

**IV.**
**Prayer**

WHEREFORE, the Debtor respectfully requests that the Court enter an order approving the employment of *Kay B. Walker of The Law Office of Kay B. Walker as Counsel for CRO, Richard S. Schmidt*, to represent the CRO and to render the services hereinabove set forth, and for such other and further relief as the Court may deem necessary and proper.

Respectfully Submitted,

KAY B. WALKER
LAW OFFICE OF KAY B. WALKER
14326 Bluefish St.
Corpus Christi, Texas 78418
Telephone: (361)533-2476
Email: kaywalker@kaywalkerlaw.com

_/s/ Kay B. Walker_
Kay B. Walker, SBN: 20713400
Southern District Bar No. 53278
**_Attorneys for the CRO, Richard S. Schmidt_**


By:  _/s/ Richard S. Schmidt_
CRO for Garcia Grain Trading Corp.


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Motion was served on the following parties in interest, via U.S. First Class mail, on this 15th day of August, 2023:

1.     Garcia Grain Trading Corp.
       Attn: Octavio Garcia
       101 N. Val Verde Rd.
       Donna, TX 78537
       **_Debtor_**

2.     Andrew Jimenez
       U.S. Trustee's Office
       606 N. Carancahua, Suite 1107
       Corpus Christi, Texas 78476

3.     All parties receiving notice via ECF in this case.

_/s/ Kay B. Walker_
Kay B. Walker

# EXHIBIT A

**DECLARATION OF KAY B. WALKER OF THE LAW OFFICES OF KAY B. WALKER IN SUPPORT OF THE CRO'S MOTION TO EMPLOY COUNSEL FOR RICHARD S. SCHMIDT, CHIEF RESTRUCTURING OFFICER**

On the date set forth below I, Kay B. Walker, state and declare as follows:

1.      That she is a resident of Corpus Christi, Texas, that she is over 21 years of age and is of sound mind and has never been convicted of an offense; that she is a Member of the State Bar of Texas, duly licensed as attorney in such state; that she possesses all of the qualifications necessary to provide legal counsel to the Chief Restructuring Officer ("CRO") in this case.

2.      That she has read the CRO's Emergency Motion to Employ Counsel for Richard S. Schmidt, Chief Restructuring Officer in connection with the Chapter 11 bankruptcy proceedings of the Debtor, Garcia Grain Trading Corp.  That Walker and is in all respects qualified to render the necessary services requested by the Debtor and CRO.

3.      That Walker is disinterested and has no current connection relating to this Chapter 11 case with any of the creditors of the estate, or any party of interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee.

4.      That emergency consideration of the Motion is appropriate based on the Order Approving Employment of the CRO and the CRO's need to immediately begin his services in this case.

5.      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 15, 2023

*/s/Kay B. Walker*
Kay B. Walker

# EXHIBIT B

# LAW OFFICE OF KAY B. WALKER

**14326 Bluefish St.**
**Corpus Christi, Texas 784188**
**(361)533-2476 - kaywalker@kaywalkerlaw.com**

## ENGAGEMENT LETTER
## AND FEE AGREEMENT

August 10, 2023

<u>**Personal and Confidential**</u>
Judge Richard S. Schmidt
Chief Restructuring Officer, Garcia Grain Trading Corp.

via e mail: rss@jusdgerss.com

Re:     In re: Garcia Grain Trading Corp., Case No. 23-70028-EVR-11

Dear Judge Schmidt:

Please read this letter carefully. It describes the terms and conditions under which I will agree to represent you in your capacity as court-appointed Chief Restructuring Officer for Garcia Grain Trading Corp. ("Garcia Grain") in connection with the above-described matter. Each person signing this engagement letter is jointly and severally liable for the entire fee. You are Chief Restructuring Officer in the proceeding referenced above and as instructed by the Court, desire to employ Kay B. Walker to represent you in the certain aspects of your duties as Chief Restructuring Officer. The terms and conditions of my engagement are as follows:

1.     My hourly rate for legal services in this case will be $350.

2.     It is my policy to bill clients monthly for fees and out-of-pocket expenses. I contemporaneously record the time required to perform services, and my time records are put into a computer that generates a monthly bill which I try to send out near the end of each month. This monthly bill describes services performed and the expenses incurred. Each monthly bill is payable in accordance with the orders of the Bankruptcy Court.

3.     Retainer and Cost Deposit: It is my policy to require a retainer and cost deposit (the Retainer") before I commence work for a new client. I ask that a retainer in the amount of $20,000.00, which I will place in my trust account as security for payment of future bills. The retainer may be applied to my fees and expenses under this Engagement Letter if my bills are not otherwise timely paid, or as may be controlled and/or allowed by the Bankruptcy Court or upon dismissal of the bankruptcy case. Upon termination of my services, I will promptly refund the unexpended portion of the reainer if any, less any balance for fees and expenses unpaid as of the date of my final bill, subject to the jurisdiction of the Bankruptcy Court.

<u>THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER THE TEXAS GENERAL ARBITRATION STATUTE</u>.

August 10, 2023
Page 2 of 3

4.      My agreement to represent you in the above-referenced matter is conditioned upon your execution of this engagement letter.

5.      By your execution of this engagement letter, you agree that I am relieved from the responsibility of performing any further work should you fail to promptly pay any statement for fees and expenses (including bills for expenses received from third parties) or requests for additional fee advances, within 15 days of receipt of such statements. Payment during bnkrkuptcy is subject to court approval. In such event, you agree that I may move to withdraw as your counsel in any case in which I have made an appearance on your behalf and that you will promptly execute any withdrawal motions required to accomplish this.

6.      By your signature on this engagement agreement, you also understand that under Texas law I have a right to assert a lien against your files to secure payment of any unpaid amounts you owe me.

7.      During the course of my discussion with you about handling this matter, I may have provided you with certain estimates of the magnitude of the fees and expenses that will be required at certain stages of this representation. It is my policy to advise all of my clients that such estimates are just that and that the fees and expenses required are ultimately a function of many conditions over which I have little or no control, particularly the manner in which the opposition behaves. The reason I submit my clients' bills on a monthly basis shortly after the services are rendered is so you will have a ready means of monitoring and controlling the expenses you are incurring. If you believe the expenses are mounting too rapidly, please contact me immediately so I can assist you in evaluating how they might be curtailed in the future. When I do not hear from you, I assume that you approve of the overall level of activity on my part in this case on your behalf.

8.      **Arbitration of Fee and Malpractice Disputes.**  Any dispute arising out of this agreement or my representation of you will be resolved exclusively by submission to arbitration under the rules of the American Arbitration Association [AAA]. This includes but is not limited to any claim for malpractice, negligence, breach of fiduciary duty, deceptive trade practices, breach of contract, or the like that you may later wish to assert against me. There are advantages to arbitration, but also disadvantages. Arbitrating our disputes may be more efficient, and it will be done in private. However, any claim for malpractice will not be decided in court or in a trial by jury, and there is no right to an appeal. Also, unlike courts which are an arm of government, private arbitrators have no ability to require third parties to participate in an arbitration or to provide documents or witnesses. There may be other disadvantages to arbitration. Consequently, you should carefully consider whether arbitration is acceptable to you, and should consult with independent counsel if you believe it appropriate to do so. By signing this letter, you agree that the arbitrator's decision shall be binding, conclusive, and nonappealable. Any issue concerning the extent to which any dispute is subject to arbitration, or concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or part of these procedures are invalid or unenforceable, shall be governed by the AAA rules and resolved by the arbitrators.

THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE TEXAS GENERAL ARBITRATION STATUTE.

August 10, 2023
Page 3 of 3

9.     It is my policy to destroy most files I create in connection with the representation after five years following the conclusion of the engagement.  Any original documents that you provide me will generally be returned to you or sent to other appropriate parties, at your expense.

I discuss the terms and conditions of my engagement so candidly because I believe that you are entitled to know my policies and that this type of frank discussion will avoid any misunderstandings later.  Please sign a copy of this letter in the space provided below, indicating your agreement to the terms and conditions set forth above.

Sincerely,

/s/ Kay B. Walker

Kay B. Walker
for the Law Office of Kay B. Walker

ACCEPTED:

_____     DATE: __8 / 10 / 23__
Richard S. Schmidt, Chief Restructuring Officer, Garcia Grain Trading Corp.

THIS CONTRACT IS SUBJECT TO ARBITRATION
UNDER THE TEXAS GENERAL ARBITRATION STATUTE.