**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS (MCALLEN)**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **GARCIA GRAIN TRADING CORP.,** | ) | **Case No. 23-70028** |
| | ) | |
| Debtor. | ) | **Chapter 11** |
| | ) | |

---

<u>**AMENDED**</u>
**STONEX COMMODITY SOLUTIONS LLC'S**
**NOTICE OF 2004 EXAMINATION**
**OF TONY SANCHEZ, CPA**

---

**PLEASE TAKE NOTICE** that pursuant to FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004, *et al*. and Local Rules 2004-1, *et al*., Tony Sanchez ("**Sanchez**") is commanded to produce documents and other electronically stored information ("**ESI**") and respond to the Requests for Production (the "**Requests**") attached hereto as **Exhibit A** to counsel for StoneX Commodity Solutions LLC *f/k/a* FCStone Merchant Services, LLC ("**StoneX**") on or before 15 days from service of this *Notice of 2004 Examination* (the "**Notice**") at 100 South Bicentennial, McAllen, Texas 78501, or as otherwise agreed to by counsel for StoneX and Sanchez.

Also pursuant to this Notice, Sanchez shall appear for an examination to testify regarding the documents produced in response to the Requests. Sanchez must be must be familiar with the documents and other information requested below. *See* **Ex. A**. Such examination shall begin on **OCTOBER 19, 2023** at **9:00 A.M.**, and unless otherwise agreed to by counsel for Sanchez and StoneX, shall be held at 100 South Bicentennial, McAllen, Texas 78501. The examination will be recorded either by video or other means and will continue from day-to-day as needed and until concluded. Testimony given at the examination may be used for the purpose of discovery, as evidence in this case, and/or for any other purposes or reasons as permitted by law. If Sanchez

requires an interpreter, Sanchez shall arrange for a qualified interpreter to be present at the examination.

StoneX reserves its rights to amend, supplement, or otherwise alter this Notice.  StoneX further reserves its rights to issue additional Requests and file any new Notices as needed.

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 2004-1, I hereby certify that counsel for StoneX conferred with Sanchez on September 19, 2023 concerning this Notice, then on September 20th, 2023 I also spoke and provided suggested dates to Sanchez staff, and then on September 25, 2023 I again tried to reach Sanchez and his voicemail was full.

Respectfully submitted this, the 26TH day of September, 2023.

*/S/KURT STEPHEN*
Kurt Stephen, *Of Counsel*
David W. Houston, IV
D. Christopher Carson
*Attorneys for StoneX Commodity Solutions LLC*

**OF COUNSEL**:
The Law Office of Kurt Stephen, PLLC
100 South Bicentennial
McAllen, Texas 78501
Telephone: (956) 631-3381
Email: kurt@kstephenlaw.com

**OF COUNSEL**:
BURR & FORMAN LLP
222 2nd Ave S #2000
Nashville, TN 37201
Telephone: (615) 724-3200
Email: dhouston@burr.com

**OF COUNSEL**:
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Emails: ccarson@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 26TH day of September, 2023 the foregoing was filed with the Clerk of Court using the CM/ECF system and a true and correct copy of the foregoing has been served on the following via electronic means through the Court's electronic filing system or via US Mail upon those listed in the Court's matrix.

Tony Sanchez, CPA
4008 N 22nd St
McAllen, TX 78504

*/s/ David W. Houston, IV*
David W. Houston, IV

BURR & FORMAN LLP
222 2nd Ave S #2000
Nashville, TN 37201
Telephone: (615) 724-3200
Email: dhouston@burr.com

**EXHIBIT A – Requests for Production and Topics for Examination**

*(See attached).*

## <u>INSTRUCTIONS</u>

The Documents responsive to the Requests are to be made available for inspection, examination, copying, and photocopying at the Law Office of Kurt Stephen, PLLC, 100 South Bicentennial, McAllen, Texas 78501, on **OCTOBER 11 10, 2023 by 3:00 P.M.**, or at such other date, place, and time which is mutually convenient and agreed upon by the parties and their counsel.

If you encounter any ambiguity in construing these Requests, their subparts, or the accompanying Instructions and Definitions, you must identify the matter that is deemed ambiguous and respond to the Request by indicating the construction chosen and used in responding.

If any Request or subpart thereof is objected to on the grounds of vagueness or over-breadth, state with specificity the manner in which it is unclear or overbroad and respond to the Request as focused or narrowed to conform with your objection.

All Documents produced should be (i) labeled and identified as to which of the various requests the Document is responsive; or (ii) produced as they are maintained in the ordinary course of your business.

If you object to furnishing any Document on the basis of the attorney-client privilege, work product privilege, or any other basis, identify the Document by stating (i) the type of Document (*e.g.*, a letter, memorandum, telegram, chart, contract, etc.); (ii) the date it bears, or if none, the date it was written or made; (iii) the identity of each Person who wrote it, or participated in the writing of it; (iv) the identity of each Person to whom it was addressed, if any; (v) the identity of each Person who received a copy of the Document, if any; and (vi) its present location by address and custodian, or if unknown, its last known location by address and custodian.

If any requested Documents or things cannot be produced in full, you should produce it to the extent possible, and state with specificity (i) the reason for your inability to produce the remainder; and (ii) whatever information, knowledge, or belief you have concerning the portion not produced.

You are requested to produce the file or files in which the Documents are contained or compiled in the ordinary course of your business or use.  You are further requested to produce all copies of any particular Document that varies in any way from the original, that is, all Documents with written notations or markings thereon or attached thereto.

You are requested to produce all original Documents, and all other copies known absolutely identical to the originals.  In addition, you are requested to produce all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such Documents, whether used or not.

These Requests shall be continuing in nature to the extent required by the FEDERAL RULES OF CIVIL PROCEDURE and/or FEDERAL RULES OF BANKRUPTCY PROCEDURE.  If, after responding to these Requests, you obtain or become aware of any further information responsive to these Requests, it is requested, up to and including the time of the examination, that you provide StoneX with such additional information.

## **DEFINITIONS**

1.      As a general rule, any undefined term herein shall have its ordinary, commonplace meaning.  If the term or phrase used is industry-specific (*e.g.* "scale tickets" or "load-ins" or "futures," etc.), the same rule applies – the term or phrase shall have the meaning generally attached to the term or phrase within the industry.  If there is dispute as to the definition of a term

or phrase, StoneX requests that you contact it to clarify the term or phrase, and not simply object because a term is "vague" or "undefined."  This will save time, money, and judicial economy.

2.      The term **"you"** or **"your"** as used herein and throughout shall mean and be a reference to Tony Sanchez ("**Sanchez**"), his agents, accountants, employees, attorneys, and third-parties from whom he has access to the requested documentation.

3.      StoneX may also refer to "**your company**" herein, and that phrase shall mean Sanchez's accounting business, which is, upon information and belief, Tony Sanchez CPA, located at 4008 N. 22nd St., McAllen, Texas 78504, and any of its affiliates, subsidiaries, or related entities.

4.      "**Person**," in the singular or plural, means any individual and/or any legal entity, including, without limitation, any partnership, public or private corporation, limited liability company, association, joint venture, trust, estate, public agency, department, bureau, or board.

5.      The word **"document(s)"** is used in its broadest sense and includes tangible things; it also includes, but is not limited to: any written, printed, or typed correspondence, notes, records, schedules, tables, charts, reports, memoranda, pictures, telegrams, letters, invoices, orders, order forms, messages, including reports of telephone conversations and conferences, tape recordings, electronic recordings, contracts, microfilm, computer tapes, disks, diskettes, computer printouts, electronic mail, computer data files, computer drives, account cards, financial data, statements, minutes, inter- and intra-office communications, writings, drawings, graphs, photographs, video tapes, publications, newspaper or magazine articles, and all other written, printed, or electronic matter of any kind, including correspondence over or through any social media platform (*e.g.* Facebook, Instagram, YouTube, LinkedIn, TikTok, Twitter, WhatsApp, etc.).

6.      "**Communication**" means, in the singular or plural, any type of written or oral transmission or exchange of information, regardless of the medium by which such transmission or exchanged occurred.

7.      The word "**or**" shall not be construed so as to eliminate any part of a Request, or as permitting the option of responding to only part of the Request, for example, by responding to only one of the terms separated by the word "or;" rather, whenever applicable, the word "or" shall be construed as having the same meaning as the word "**and**."

8.      "**Relating to**" means referring to, regarding, evidencing, addressing, concerning, discussing, covering, representing, mentioning, commenting on, connected with, bearing on, pertaining to, leading to, or dealing with in any way whatsoever, directly or indirectly.

9.      "**Bankruptcy case**" means *In re Garcia Grain Trading Corp*., pending before The Honorable Eduardo V. Rodriguez, and bearing the Case Number 23-70028.

10.     The "**Debtor**" means Garcia Grain Trading Corporation.

11.     "**Data**" means any facts, statistics, documents, or otherwise, collected or stored on any computer or hard drive, as well as collected manually on paper or in writing.

12.     "**Affiliates**" refers to all entities owned or operated in whole or in part by the owners of Debtor, including Octavio Garcia, Rodolfo Plascensia, Patricia Plascencia, Baldemar Salinas Cantu, Gabriela Garcia,, Gabriela Balli, Diego Gonzalez, Daniela Garcia, Octavio Mauricio Garcia, Gerardo Balli and/or Anna Marie Balli. These entities include, but are not limited to: Alamo Grain, PSG Products LLC, Rio Bravo Imports, LLC, Granos Cereales Rio Bravo SA DE CV, Val Verde Grain Holdings, GABII'S Unlimited Inc., Gabbi's Unlimited, Garba LLC, Garcia Balli, Ltd.,   Garcia Balli Management, LLC, La Gaviota Cattle Company LLC, International Earth Products, IEP Logistics, LLC, IEP Minerals LLC, JOGA Properties LLC, O&G

Properties Inc., AMGF Management LLC, O.G.Industries LLC, O & G Properties I, O & G Properties, Ltd., PSG Properties, LLC, CHISPAS TRACT LLC, G&S Investments Inc, VP Trading Company, WNGU Properties LLC, FLETES Y MATERIALES MARTINEZ LLC, ES OPCO USA LLC, Garcia Cantu Trucking LLC, Garcia Progreso Trucking LLC, OMG Exports LLC, IMPORTACION Y EXPORTACION DE GRANOS Y CEREALES DE RIO BRAVO, SA DE CV, IMPORTACIONES GARBA SA DE CV, RIO BRAVO TRADING SA DE CV, Garba Auto & Equipment LLC, and Garcia Trucking and Hauling Services, LLC.

### **DOCUMENTS REQUESTED AND TOPICS FOR EXAMINATION**

1.      Any and all Data, Documents, and Communications concerning this bankruptcy case and/or the Debtor, including all grain ever stored at the Debtor's silos , if any, within the previous 2 years.

2.      Any and all Data, Documents, and Communications relating to Debtor and Affiliates within the previous 2 years.

3.      Any and all Data, Documents, and Communications relating to any other officers, directors, managers, or other executives of the Debtor within the previous 2 years, including, but not limited to Octavio Garcia, Gabriela Garcia, Rodolfo Plascensia, Baldemar Salinas, and Anna Maria Balli.

4.      Any and all Documents concerning your company's corporate formation, including, but not limited to: governing documents, bylaws, or any other Documents related to your company's corporate structure.

5.      Any and all Documents and Data relating to licenses, certifications, or other credentials issued to you and your company by or from the State of Texas.

6.      Any and all Documents, Data, and Communications concerning your employment by or with the Debtor and/or Affiliates.

7.      Any and all Documents, Data, and Communications relating to transfers of money to and from you with the Debtor or Affiliates. within the previous 2 years.

8.      Any and all Documents, Data, and Communications relating to transfers of money to and from your company with the Debtor and/or Affiliates. within the previous 2 years.

9.      Any and all Documents, Data, and Communications relating to transfers of property to and from you with the Debtor, Affiliates, Octavio Garcia, Gabriela Garcia, Rodolfo Plascensia, Baldemar Salinas, and/or Anna Maria Balli., within the previous 2 years.

10.      Any and all Documents, Data, and Communications relating to transfers of property to and from your company with the Debtor, Affiliates, Octavio Garcia, Gabriela Garcia, Rodolfo Plascensia, Baldemar Salinas, and/or Anna Maria Balli., within the previous 2 years.

11.      Any and all Documents related to your company's financial history and health, including, but not limited to: the location(s) and institution(s) holding money on your company's behalf, any opinions concerning your company's value, and any and all bank statements relating to your company.

12.      Any and all Documents, Data, and Communications relating to your interactions with the Texas Department of Agriculture (the "**TDA**"), if any, or any of its sister or related agencies., within the previous 2 years.

13.      Any and all Documents and Data relating to any Warehouse Receipts held or controlled by you or your company.

14.      Any and all Documents and Data concerning purchases, sales, load-ins and load-outs of grain for all of the Debtor's facilities, including contract details, such as: buyer/seller name

and address, contract numbers, contract dates, contract prices (basis and futures, if applicable), contract volumes, contract delivery periods, quality requirements, and contract terms and conditions, or any related documents., within the previous 2 years.

15.     Any and all Documents and Data concerning scale tickets, transportation providers, invoice details (including invoice numbers), payment terms, and discounts or premiums given relating to the Debtor. within the previous 2 years.