## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **GARCIA GRAIN TRADING** | § | **Case No. 23-70028-EVR-11** |
| **CORP.,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| **GARCIA GRAIN TRADING** | § | |
| **CORP.,** | | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. _____ |
| | § | |
| **RIO BEEF FEEDYARD, INC.** | § | |
| Defendant | § | |

## COMPLAINT TO RECOVER PROPERTY OF THE ESTATE
## PURSUANT TO 11 U.S.C. § 542(b)

TO THE HONORABLE EDUARDO V. RODRIGUEZ, U.S. Bankruptcy Judge:

NOW COMES, GARCIA GRAIN TRADING CORP., the Debtor in the above-captioned

case (the "Debtor" or "Garcia Grain"), and files this Complaint to Recover Property of the Estate

Pursuant to 11 U.S.C. § 542(b) against Defendant, RIO BEEF FEEDYARD, INC. ("Rio Beef")

("Defendant"), and pursuant to FED. R. BANKR. PROC. 7001 and 11 U.S.C. § 542(b), and other

applicable law, would show as follows:

### I.
### PARTIES

1.     The Plaintiff in this action is the Debtor, Garcia Grain Trading Corporation (the

"Plaintiff," the "Debtor" or "Garcia Grain"). Garcia Grain is a Texas corporation with

its registered business address and mailing address at 101 N. Val Verde Rd. Donna, Texas 78537-9561, Hidalgo County, and can be served through the undersigned attorneys or its registered agent, Octavio Garcia.

2.     Defendant, Rio Beef Feedyard, Inc. is a Texas corporation with its principal place of business at 403 East Expressway 83 San Juan, Texas 78589, Hidalgo County, and mailing address at P.O. Box 1168 Edinburg, Texas 78540-1168, Hidalgo County, and can be served through its registered agent Loretta C Risica.

## II.
## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Rule 7001 because the claims and causes of action asserted in this Complaint arise in and under Title 11, and relate to cases filed under Title 11 and pending in the United States Bankruptcy Court for the Southern District of Texas, McAllen Division, under Case No. 23-70028-EVR-11.

4.     The claims and causes of action set forth herein concern the turnover of estate property under 11 U.S.C. § 542(b). Accordingly, this adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2)(E). Plaintiff consents to entry of a final judgment by this Court.

5.     Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. § 1409.

## III.
## PLAINTIFF'S EXHIBITS

6.     Plaintiff attaches the following exhibits to this Complaint:

**Exhibit A** – Garcia Grain Summary of Goods and Services Provided to Rio Beef Feedyard, Inc.

Exhibit **B** – Garcia Grain Weight Tickets Rio Beef Feedyard, Inc.

Exhibit **C** – Garcia Grain Demand Letter to Rio Beef (August 25, 2023)

Exhibit **D** – Return Receipt for Garcia Grain Demand Letter to Rio Beef

7.  In addition, Plaintiff attaches the sworn Affidavit of Octavio Garcia, the principal of the Debtor.

## IV.
## BACKGROUND OF THE CASE AND FACTS

8.  On February 17, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

9.  Prior to the Petition Date, Plaintiff, Garcia Grain, sold yellow corn and provided labor and transportation to Rio Beef. In exchange for the goods and services provided, Defendant, Rio Beef, agreed to pay Garcia Grain **$626,186.59**. Rio Beef failed to pay Garcia Grain for those sums as agreed.

10. On August 25, 2023, Plaintiff sent Rio Beef a Demand Letter demanding payment for the amount. However, as of the filing of this Petition, Defendant, Rio Beef, failed to pay Garcia Grain the amounts due and owing.

11. In support, Plaintiff attaches "**Exhibit A**" showing unpaid charges for Garcia Grain's delivery of yellow corn to Rio Beef between December 6, 2022 and February 6, 2023 totaling $626,186.59, "**Exhibit B**" showing the weight tickets corresponding to those charges, "**Exhibit C**" showing the Demand Letter sent to Rio Beef on August 25, 2023, and "**Exhibit D**" confirming Rio Beef's receipt of the Demand Letter.

## V.
## CAUSES OF ACTION

### COUNT ONE – Breach of Contract

12.   Plaintiff incorporates the allegations and assertions of fact contained in paragraphs 1 through 11 above and elsewhere in this Complaint.

13.   Plaintiff and Defendant had a valid contract for goods and services.

14.   Plaintiff sold goods to and performed services for Rio Beef under the contract. *See* **Exhibit A** and **B**. Specifically, Garcia Grain, sold yellow corn and provided labor and transportation to Rio Beef. In exchange for the goods and services provided, Defendant, Rio Beef, agreed to pay Garcia Grain $626,186.59.

15.   On August 25, 2023, Plaintiff sent Rio Beef a Demand Letter (*see* "**Exhibit C**") which was received by Rio Beef (*see* "**Exhibit D**"); but Rio Beef failed to pay the amounts due or respond otherwise.

16.   Defendant has materially breached the contract by failing to pay Plaintiff for goods provided and services rendered.

17.   Plaintiff has been damaged by Defendant's breach in the amount of the money owed, plus attorney's fees, costs and expenses of filing this suit.

### COUNT TWO – Quantum Meruit

18.   Plaintiff incorporates the allegations and assertions of fact contained in paragraphs 1 through 11 above and elsewhere in this Complaint.

19.   In addition or in the alternative to the cause of action for breach of contract, Rio Beef is bound by an implied agreement to pay Garcia Grain for the goods and services it accepted and received from Garcia Grain. (*See* **Exhibits A** and **B**). Despite receiving

the Demand Letter sent to Rio Beef (*see* **Exhibits C** and **D**), Rio Beef has not paid Garcia Grain for the amounts due.

20.     Rio Beef knew or should have known that Garcia Grain expected compensation for these goods and services.

21.     Quantum meruit is an equitable theory of recovery intended to prevent unjust enrichment when there is an implied agreement to pay for benefits received. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732 (Tex. 2018).

22.     Plaintiff has been damaged by Defendant's breach in the amount of the money owed, plus attorney's fees.

### <u>COUNT THREE – Suit on an Account</u>

23.     Plaintiff incorporates the allegations and assertions of fact contained in paragraphs 1 through 11 above and elsewhere in this Complaint.

24.     Although, strictly speaking, "suit on sworn account" is a procedural device to pursue a contractual claim under TEX. R. CIV. P. 185, which is a procedural rule not binding in federal courts, nevertheless, regardless of whether this cause of action is called "suit on account," "suit on an open account," or "suit on sworn account," case law indicates that it is an underlying substantive cause of action separate from TEX. R. CIV. P. 185 and therefore recognized in federal courts, and it is under this cause of action that Plaintiff brings this claim. *See SM Energy Co. v. Smackco, Ltd.*, No. 11-CV-3028, 2012 WL 4760841, at *5 (S.D. Tex. Oct. 5, 2012) (citing *Sunshine Traders of El Paso, Inc. v. Dolgencorp, Inc.*, 219 Fed. Appx. 375, 377 (5th Cir.2007)).

25.     Plaintiff, Garcia Grain, sold goods and services, i.e., sold yellow corn and provided labor and transportation, to Rio Beef, Defendant, for the benefit of the Defendant. (*See* **Exhibits A** and **B**"). The prices charged were just and true because they were the

usual, customary, and reasonable prices for the type of work and the goods and services provided for this type of transaction. Plaintiff kept a systematic record of the transactions at issue. (*See* **Exhibits A** and **B**"). All lawful offsets, payments, and credits have been applied to the account. The account remains unpaid. Plaintiff files this petition under oath, as shown by the attached verification. (*See* the Affidavit of Octavio Garcia attached to this Complaint and incorporated herein for all purposes)

26.    On August 25, 2023, Plaintiff sent Rio Beef a Demand Letter (*see* "**Exhibit C**") which was received by Rio Beef (*see* "**Exhibit D**"); As a result of Defendant's failure to pay, Plaintiff suffered liquidated damages in the principal amount of $626,186.59. Plaintiff also seeks pre- and post-judgment interest at the highest lawful rate, attorney's fees, costs and expenses.

## VI.
## ATTORNEY'S FEES

27.    Plaintiff presented its demand for payment to Defendant, but Plaintiff's demand has gone unpaid. As a result of Defendant's failure to pay, as described above, Plaintiff was forced to hire the undersigned attorneys to prosecute this cause of action, and it has agreed to pay its attorneys' reasonable and necessary fees and expenses in order to do so. Pursuant to TEX. CIV. PRAC. & REM. CODE Chapter 38, Plaintiff is entitled to recover reasonable and necessary attorney fees and expenses for having to bring this action because this suit is for a sworn or open account or an oral or written contract.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff and Debtor GARCIA GRAIN TRADING CORPORATION

("**Garcia Grain**") prays that citation be issued against Defendant, RIO BEEF FEEDYARD, INC.

("**Rio Beef**"), and that Defendant be required to answer this Complaint, and that upon trial of this

cause that the Court enter judgment against the Defendant pursuant to 11 U.S.C. § 542(b) and all

applicable law, finding the amount due to Plaintiff totaling $626,186.59 to be property of Garcia

Grain's bankruptcy estate, ordering the amount of $626,186.59 be turned over to Garcia Grain's

bankruptcy estate, allowing for recovery of reasonable and necessary attorney's fees, and for such

other relief as the Court deems just and equitable.

Dated: October 5, 2023.

Respectfully Submitted,

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
Email: drl@mhba.com

/s/ David R. Langston
David R. Langston, SBN: 11923800
Southern District Bar No. 9489
Özen E. Zimmerman, SBN: 24097659
Southern District Bar No: 3846489
***Attorneys for the Debtor, Garcia Grain Trading Corp.***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Complaint was served on the following parties in interest via ECF and/or regular U.S. Mail on this 5th day of October, 2023:

1.    Garcia Grain Trading Corp.
Attn: Octavio Garcia
101 N. Val Verde Rd.
Donna, TX 78537
***Debtor***

2.    Andrew Jimenez
U.S. Trustee's Office
606 N. Carancahua, Suite 1107
Corpus Christi, Texas 78476

3.    Shelby Jordan
Jordan & Ortiz, P.C.
500 North Shoreline Drive, Suite 900
Corpus Christi, TX 78401
***Counsel for Unsecured Creditors Committee***

4.    All parties receiving notice via ECF in this case.

/s/ David R. Langston
David R. Langston

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF  Hidalgo | § |

On this day, personally appeared before me, the undersigned Notary Public, OCTAVIO GARCIA, the affiant, whose identity is known to me. After I administered an oath to him, upon his oath, affiant testified as follows:

1. "My name is OCTAVIO GARCIA. I am over eighteen (18) years of age, and I am capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. "Plaintiff, in this case, is the Debtor, Garcia Grain Trading Corporation ("**Garcia Grain**" or the "**Debtor**"). Garcia Grain is a corporation created under the laws of Texas. I am the owner and director of the Plaintiff.

3. "On February 17, 2023 ("**Petition Date**"), Garcia Grain filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

4. "Defendant, in this case, Rio Beef Feedyard, Inc. ("**Rio Beef**" or **Defendant**") and it is a Texas corporation.

5. "Prior to the Petition Date, Garcia Grain furnished labor and services at the request of Rio Beef between December 6, 2022 and February 6, 2023.

6. "There was not a written contract done for those transactions that constitute the subject matter of this lawsuit, but such transactions were conducted on an open account, as was the customary practice between the two parties, under which Garcia Grain sold yellow corn and provided labor and transportation to Rio Beef, Defendant, for the benefit of Rio Beef.

7. "For the goods and services Garcia Grain provided to Rio Beef, Rio Beef incurred an obligation to pay Garcia Grain the amount of **$626,186.59** ("**Claim Amount**"). A systematic record of the transactions at issue has been kept during normal course of business, and a copy of all invoices and a summary of those transactions are attached to the Complaint as **Exhibits A** and **B**.

8. "Based on my personal knowledge and experience, the invoices Garcia Grain is seeking payment on are just and true and are due in the amounts stated. Further, all lawful offsets, payments or credits have been applied to said invoices. The charges listed on the invoices are reasonable and customary for the goods and services provided to Rio Beef or any other similarly situated companies in the region.

9. "As of this date, the Claim Amount remains unpaid. On August 25, 2023, by and through its attorneys, Garcia Grain sent Rio Beef a letter ("**Demand Letter**")

demanding payment for the unpaid bills, a copy of which has been attached to this Complaint as **Exhibit C**. Despite its receipt of the Demand Letter, *see* **Exhibit D**, Rio Beef has not paid the amount due or otherwise responded to the Demand Letter.

10. "I have read the foregoing Complaint to Recover Property of the Estate Pursuant to 11 U.S.C. § 542(b) (the "**Complaint**") against Rio Beef, and every statement of fact therein is within my personal knowledge or based on my review of the records, and such facts are true and correct.

11. "The Claim Amount, attached as **Exhibits A** and **B** to the Complaint, is a true and correct copy of Rio Beef's account with Garcia Grain, showing a total principal balance due and owing to Garcia Grain of **$626,186.59**, after all just and lawful payments, credits, and offsets."

FURTHER, AFFIANT SAYETH NAUGHT.

_____
OCTAVIO GARCIA

SWORN TO and SUBSCRIBED before me on this the ___5___ day of October 2023, by OCTAVIO GARCIA.

_____
Notary Public in and for the
State of Texas

ROY MATTHEW QUINTANILLA
Notary ID #132624800
My Commission Expires
August 14, 2024