IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| GARCIA GRAIN TRADING CORP. | ) | CASE NO. 23-70028 |
| | ) | |
| DEBTOR. | ) | (CHAPTER 11) |

**NOTICE OF THE UNSECURED CREDITORS' COMMITTEE'S BANKRUPTCY RULE 2004 EXAMINATION OF ROBERT PLASCENCIA, JR., INDIVIDUALLY AND CORPORATE REPRESENTATIVE OF WNGU PROPERTIES, LLC AND SUBPOENA *DUCES TECUM***

The Official Committee of Unsecured Creditors ("Movant"), and files this Notice of the Rule 2004, Bankruptcy Rules of Procedure ("BRP") Examination (the "Rule 2004 Examination") of Robert Plascencia, Jr., individually and Corporate Representative of WNGU Properties, LLC and Subpoena *Duces Tecum*, and would respectfully show as follows:

PLEASE TAKE NOTICE that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2004-1 of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), Robert Plascencia, Jr., individually and as the control person or corporate representative of WNGU Properties, LLC is commanded to produce documents and electronically stored information ("ESI"), and produce documents identified herein below in **Exhibit "A"**, to the undersigned counsel for the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned Chapter 11 case of the Debtor (the "Chapter 11 Case") in digital searchable pdf or original format on or before January 15, 2024 at 4:00 p.m. (Prevailing Central) to the offices of the Committee's counsel Jordan & Ortiz, P.C. 500 N. Shoreline Drive, Suite 804, Corpus Christi Texas (within the Southern District of Texas) or as otherwise mutually agreed (the "Production Date").

Pursuant to this Notice, Robert Plascencia, Jr.'s affiliates as defined in 11 U.S.C. § 101[1], shall appear for a live examination by verbal questioning pursuant to this notice to testify regarding documents produced and the topics and categories set out in Exhibit "B".

The examination will take place as follows:

| | |
|---|---|
| DATE: | January 17, 2024 [as agreed between counsel for Movant and counsel for Robert Plascencia, Jr.] |
| TIME: | 10:30 AM (CST). |
| PLACE: | The law offices of Cynthia Gutierrez, 1302 S. 10th Ave., Edinburg Texas 78539. |
| DOCUMENT PRODUCTION: | All documents and things set out in Exhibit "A" attached hereto and incorporated herein by reference. |

The topics for the corporate representative Rule 2004 examination are set out in Exhibit "B" attached hereto. The Rule 2004 examination will be taken before a certified court reporter and will continue from day to day until concluded.

WHEREFORE, the Debtor as the Debtor in Possession, gives notice of the intention to take a Rule 2004 Examination of Robert Plascencia, Jr. individually and corporate representative of WNGU Properties, LLC, and for such other and further relief to which the Movant may be justly entitled.

Respectfully submitted,

/s/ Shelby A. Jordan
Shelby A. Jordan
St. Bar No. 11016700; S.D. No. 2195
Antonio Ortiz
St. Bar No. 24074839; SD. No. 1127322

---

[1] The bankruptcy code defines insider, in pertinent part, not only officers, directors, owners, of the Debtor, but also as an "affiliate, or *insider of an affiliate* as if such affiliate were the debtor." Thus, an insider, or an insider to an "affiliate" are both insiders to the Debtor. *See Kroh Bros. Dev. Co. v. United Missouri Bank (In re Kroh Bros. Dev. Co.),* 137 B.R. 332, 334 (W.D.Mo.1992). *Id.* at 441].

***JORDAN & ORTIZ, P.C.***
500 North Shoreline Drive, Suite 804
Corpus Christi, TX 78401
Telephone:    361.884.5678
Facsimile:     361.888.5555
Email:  sjordan@jhwclaw.com
           aortiz@jhwclaw.com
copy to: cmadden@jhwclaw.com
**ATTORNEY FOR THE UNSECURED CREDITORS' COMMITTEE**

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 2004-1, I hereby certify that counsel for the Committee conferred with counsel for Robert Plascencia, Jr. on the Committee's Rule 2004 request and the examination dates are agreed on behalf of the debtor and the Unsecured Creditors' Committee.

                        */s/ Shelby A. Jordan*
                        Shelby A. Jordan

### CERTIFICATE OF SERVICE

I certify that on January 2, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and by direct email upon Robert Plascencia, Jr.'s counsel and certain parties in interest and counsel as follows:

Cynthia Gutierrez (cynthia@ccglaw.net)
1302 S. 10th Ave.
Edinburg, Texas 78539

Antonio Villeda (avilleda@mybusinesslawyer.com)
Attorney for Robert Plascencia, Jr. and WNGU Properties, LLC
6316 N. 10th Street Building B
McAllen, Texas 78504

David Langston
MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Debtor, Garcia Grain Trading Corp.

Andrew Jimenez
U.S. Trustee's Office
606 N. Carancahua, Suite 1107
Corpus Christi, Texas 78476

All parties receiving notice via ECF in this case.

                                                */s/ Shelby A. Jordan*
                                                Shelby A. Jordan

# EXHIBIT "A" TO RULE 2004 EXAMINATION NOTICE

## I.
### INSTRUCTIONS FOR PRODUCTION OF DOCUMENTS

A. The scope of these Requests for Production ("<u>Requests</u>") is not limited to evidence that would be admissible evidence before the court but includes evidence that would reasonably lead to the discovery of admissible evidence.

B. Please produce the documents as they are kept in the ordinary course of business or organized and labeled to correspond with the categories of documents described below.

C. Please produce documents in electronic format as follows:

1. Except as indicated below, which pertains only to excel spreadsheets, all documents should be produced in Tagged Image File Format ("TIFF") on CD/DVD or portable hard drive. All TIFF images should be single-page TIFF images with a .LFP image load file that will permit review with programs such as IPRO. TIFF image naming should be limited to alphanumeric names only, with no spaces, no hyphens, and no special characters, such as ^,;' etc., in the file name;

2. The .LFP image load file should designate proper attachment unitization that aligns with the database document and attachment ranges. This unitization should be accomplished by using the level "C" for attachments;

3. All documents should have Optical Character Recognition ("OCR") provided. The OCR and database information should be combined and produced in a .DAT file format, which can be loaded directly into a Concordance database. All import delimiters for the Concordance .DAT file should be set for the Concordance automatic defaults, as found using the Concordance Import Wizard;

4. Any database fielded information should be produced in the order maintained by <u>Robert Plascencia, Jr.</u>

D. In the event that Robert Plascencia, Jr. objects to any of the following Requests, the reasons for the objection shall be stated. The objections are to be signed by the attorney making them.

E. In responding to the Requests, Robert Plascencia, Jr. shall furnish all available information. If Robert Plascencia, Jr. cannot respond to the following Requests in full after exercising reasonable diligence to secure the information to do so, Robert Plascencia, Jr. shall so state and respond to the extent possible. If a refusal

        to produce a document is stated on the grounds that the answer or production is unduly burdensome, Robert Plascencia, Jr. shall identify the number and nature of documents needed to be searched, the location of the documents, and the estimated number of work hours and costs required to conduct the search.

F.      Whenever a Request calls for a document that is withheld on a claim of privilege or work product or for any other reason, Robert Plascencia, Jr. shall provide a list identifying—for each document—the following: the privilege claimed; the date, subject matter, and location of the document; the identities of the Persons who authored and received it; the identity of each Person to whom the contents have been communicated; and the specific part of the Request to which the document is responsive.

G.      Whenever a Request calls for a document that is not available to Robert Plascencia, Jr. in the form requested but which is available in another form or can be obtained at least in part from another form, Robert Plascencia, Jr. shall so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

H.      All documents that relate or respond, in whole or in part, to any Request or the subject matter thereof shall be produced in their entirety, including all attachments and enclosures.  All copies of all such documents (including drafts of such documents) that have handwritten or other notations, comments, underlining, or marks of any kind also shall be produced in their entirety, without abbreviation or reduction.

I.      Each document produced shall identify the location and identity of the particular file in which it was found and the name of the Person who is or was custodian of that file.  A document that is responsive to more than one Request need be produced only once.

J.      Whenever a Request calls for a document that has been destroyed or otherwise disposed of or transferred, identify each such document and state the date of, and the circumstances and reasons for, such destruction or disposal; identify the Persons responsible for the destruction or disposal of the document and the Persons who have knowledge of the said destruction or disposal; and provide all other information that would be of use (i) in obtaining the document, a copy thereof, or the data contained in the document, or (ii) in ascertaining the causes of, and circumstances surrounding, the document's destruction or disposal.  If the document was destroyed or disposed of by Robert Plascencia, Jr., describe Robert Plascencia, Jr.'s procedures and policies for document destruction and retention in effect at the time of the document's destruction or disposal, and identify each document that constitutes, refers to, or relates to each such policy or procedure.

K.      In lieu of producing originals or copies thereof, you may, at your option, submit legible photographic or other reproductions of such documents, provided that the

originals or copies from which such reproductions were made are retained by you until the disposition of this litigation.

L. All uses of the conjunctive should be interpreted as including the disjunctive and vice versa. Words in the singular should be interpreted as including the plural and vice versa. Words of one gender should be interpreted as including the other genders.

M. Each Request shall be considered a continuing request. If, after production, Robert Plascencia, Jr. obtains or finds further responsive documents, then Robert Plascencia, Jr. shall produce such additional documents.

## II.
## DEFINITIONS

As used in these Requests, the following terms shall have the meaning(s) set forth below, regardless of whether the defined term is capitalized:

1. "Robert Plascencia, Jr. " shall mean Robert Plascencia, Jr., individually and as corporate representative and shall include any Affiliates as that term is defined in 11 U.S.C § 101 as regards Robert Plascencia, Jr.'s affiliates.

2. "You," or "Your" means Robert Plascencia, Jr. and any of Your affiliates.

3. "Debtor" means Garcia Grain Trading, LLC as Debtor and Debtor in Possession.

4. "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of Texas, Corpus Christi Division in which Debtor's Bankruptcy Case is pending.

5. "Transfer(s) " means each and every disposition of any interest in any non-exempt personal or real property by Robert Plascencia, Jr. within 36 months of the service date of this Notice.

6. "Communication(s)" means any contact between two or more Persons by which any information or knowledge is transmitted or conveyed between two or more Persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, emails or any other document, and any oral contact, such as face-to-face meetings or telephone conversations.

7. "Document(s)" has the broadest meaning ascribed to it under the Federal Rules of Civil Procedure and includes writings of every kind, source, and authorship, both originals and/or all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other Person or entity, including, without limitation, any government agency,

    department, administrative entity, or Personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration, and not limitation, the term shall include: correspondence; transcripts of testimony; letters; notes; reports; papers; files; books; other communications sent or received; diaries; calendars; logs, notes, or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes, summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations; bills, statements, and other records of obligations and expenditures; canceled checks, vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; analyses; statements; interviews; affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals; brochures; parts lists; memoranda of all kinds to and from any Person, agency, or entity; evaluations, advice, recommendations, commentaries, conclusions, studies, tests, manuals, procedures, data, reports, and results; records of administrative, technical, and financial actions taken or recommended; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

8.     "Each," "any," and/or "all" mean "each, any, and all."

9.     "Person" means all individuals and entities, and shall be deemed to include natural Persons, firms, partnerships, associations, organizations, joint ventures, corporations, affiliates, and any other entities.

10.     "Relate or refer," "relating or referring," "reflect," "reflecting," "concern," "concerning," "involve," and "involving" mean in any way to comprise, constitute, describe, discuss, evidence, identify, memorialize, reflect, support, refute, make a statement about, deal with, consist of, refer to, relate to, pertain to, or being in any way logically or factually connected with, in whole or in part, the subject matter of the discovery Request.

11.     "Affiliate" means an entity related to You as the term affiliate is defined in 11 U.S.C. § 101.

## III.
## DOCUMENTS TO BE PRODUCED

1. All documents incident or related to transactions or dealings in any transfer of real or personal property forming, used in connection with, or related to the Alamo Elevator owned by WNGU PROPERTIES, LLC or the "Adjacent Property".

2. All documents incident or related to transactions or dealings in any valuation of or appraisals of the Alamo Elevator or the "Adjacent Property".

3. All documents incident or related to financial statements, profit and loss statements and balance sheets prepared for the operations of the Alamo Elevator, whether or not consolidated with any other financial statements (herein the Financial Statements).

4. All documents incident or related to federal income tax returns containing income and expenses of the Alamo Elevator operations or reflecting the Financial Statements.

5. All documents incident or related to ad valorem tax statements covering the Alamo Elevator and Adjacent Property, any objections to ad valorem tax statements.

6. All documents incident or related to the initial acquisition of the Adjacent Property, including:

    a. the original acquirers and consideration paid by each, and the source of the consideration paid.
    b. all subsequent acquirers of interests, including the interest acquired and the source of the consideration paid.

7. All documents incident or related to the nature of the litigation among the owners of the Alamo Elevator and the Adjacent Property, including:

    a. all suits filed and all pleadings and amended pleadings filed in any such suit.
    b. all depositions and discovery in any of the litigation.

8. All documents incident or related to any lending or borrowing by which Alamo Elevator was collateral for any debt, in whole or in part.

9. All documents incident or related to any lending or borrowing by which the adjacent Property was collateral for any debt, in whole or in part.

10. All documents incident or related to any losses arising from operations, including through Rio Bravo Imports, LLC ("Rio Bravo").

11. All documents incident or related to operations of the Alamo Elevator or the Adjacent Property, Robert Plascencia, Sr. or Robert Plascencia, Jr. involving Octavio Garcia; Baldemar Salinas Cantu; Garcia Grain Trading Corporation; PSG Products, LLC; Rio Bravo Imports, LLC; Alamo Grain, a Texas General Partnership; Val Verde Grain Holdings, a Texas General Partnership; International Earth Products, LLC; IEP Minerals, LLC; IEP Logistics, LLC; Paula Gabriela Garcia; and Diego Gonzalez.

# EXHIBIT "B" TO RULE 2004 EXAMINATION NOTICE

## II.
## CORPORATE REPRESENTATIVE OF WNGU PROPERTIES, LLC

The corporate representative(s) of WNGU PROPERTIES, LLC shall testify as to:

1. The operations of the Alamo Elevator from 2017 to date; and

2. The affiliation of the operations of the Alamo Elevator with the business and operations of Garcia Grain Trading, LLC.

3. The WNGU federal income tax returns.

4. The WNGU financial statements from 2017.

5. The historical operation of the Alamo Grain elevator.

6. The relationship between the Alamo Elevator and Garcia Grain Trading, LLC and its operations, including all common officers, directors, and owners.

7. The relationship between Alamo Elevator and Rio Bravo and its operations, including all common officers, directors, and owners.