United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 08, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | |
| **GARCIA GRAIN TRADING** | § | **Case No. 23-70028-EVR-11** |
| **CORP.,** | § | |
| | § | |
| **Debtor.** | § | |

### ORDER GRANTING MOTION TO APPROVE COMPROMISE AND SETTLEMENT AGREEMENT PURSUANT TO F.R.B.P. 9019
### (Stony Ridge Foods, Inc.)

On this day, the Court considered the Motion to Approve Compromise and Settlement Agreement (the "**Motion**") filed by the Debtor, GARCIA GRAIN TRADING CORP., (the "**Debtor**" or "**Garcia Grain**"), and the proposed agreement attached as **Exhibit A** to the Motion (the "**Compromise and Settlement Agreement**"), along with the proposed supply contract attached as **Exhibit 1** to the Compromise and Settlement Agreement **("Supply Contract"),** pursuant to FED. R. BANKR. PROC. 9019, seeking approval of a compromise and settlement to resolve the dispute between the Debtor and STONY RIDGE FOODS, INC. ("**Stony Ridge**"), a Minnesota corporation, (collectively the "**Parties**"), and the Court finds that the compromise and settlement should be approved.

IT IS ORDERED, ADJUDGED AND DECREED THAT the Motion to Approve Compromise and Settlement Agreement is GRANTED;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT the Compromise and Settlement Agreement attached hereto as Exhibit "A," along with the Supply Contract attached as Exhibit 1, is hereby approved by the Court and all Parties are hereby directed to comply with the terms and conditions of the Compromise and Settlement Agreement and its attached Supply Contract.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT the Parties are hereby granted authority to enter into the Compromise and Settlement Agreement and are authorized to execute any and all documents necessary to effectuate the Compromise and Settlement Agreement and to comply with the terms and conditions of the Compromise and Settlement Agreement.

IT IS FURTHER ORDERED that the terms of this Order and the Compromise and Settlement Agreement shall be binding on all parties in this and any subsequent proceeding.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT if the terms of this Order and the Compromise and Settlement Agreement are found to conflict with a confirmed Plan, the terms of this Order and Compromise and Settlement Agreement shall control.

Signed: February 08, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

**AGREED AND ENTRY REQUESTED BY**:

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
Email: drl@mhba.com

/s/ David R. Langston
David R. Langston, SBN: 11923800
***Attorneys for Debtor, Garcia Grain Trading Corp.***


FLUEGEL, ANDERSON, MCLAUGHLIN & BRUTLAG
129 NW 2nd Street
Ortonville, MN 56278
Telephone: (320) 839-2549
Facsimile: (320) 839-2540
Email: dmclaughlin@fluegellaw.com

/s/David C. McLaughlin
David C. McLaughlin, # 127383
***Attorneys for Stony Ridge Foods, Inc.***

## COMPROMISE RELEASE AND SETTLEMENT AGREEMENT

This is a Compromise Release and Settlement Agreement ("Settlement Agreement") executed between GARCIA GRAIN TRADING CORPORATION ("Garcia Grain" or the "Debtor"), the Debtor in the Bankruptcy Case styled and numbered *In re: Garcia Grain Trading Corporation*, Case No. 23-70028-EVR-11 (the "Bankruptcy Case") and STONY RIDGE FOODS, INC. ("Stony Ridge"), (collectively, the "Parties"). The Parties to this Settlement Agreement hereby agree to resolve the dispute between them over Stony Ridge's Claim (the "Claim") in the Bankruptcy Case in the manner set forth in this document.

### I. RECITALS

WHEREAS the Parties desire to reach a full and final settlement and resolution, and have agreed to settle any and all claims relating in any way to the Claim, whether known or unknown, relating to the delivery of beans by Stony Ridge to Garcia Grain, including claims which the Parties may have against owners, shareholders, employees, assigns, agents, representatives, affiliates, and attorneys, whether herein named or not, for any damages, of any kind or character whatsoever, including those arising out of or related to the Claim;

WHEREAS these recitals are not mere recitals but are contractual in nature;

WHEREAS on May 5, 2023, Stony Ridge filed its Proof of Claim (POC #31) in the original amount of $1,557,566.50, and it was later reduced, by agreement of the Parties, to $1,439,027.75 (the "Claim Amount") after deduction of $118,538.75 for one PACA Claim paid by Garcia Grain to Stony Ridge;

WHEREAS the Debtor has a Preference Claim against Stony Ridge in the amount of $733,281.27 for payments it made to Stony Ridge within the 90-day preference period under 11 U.S.C. § 547;

WHEREAS the Parties have agreed that, in exchange for the consideration recited herein, Stony Ridge agrees to reduce its Claim Amount to $1,220,000.00 (the "Stony Ridge Settlement Amount");

NOW, THEREFORE, desiring to settle all of the claims between the Parties, which were or could have been asserted concerning the Claim, the Parties enter into this Settlement Agreement in full and final settlement and discharge of any and all claims, actions or causes of action, known or unknown, relating to Stony Ridge's Claim in the Bankruptcy Case, except as provided herein.

### II. TERMS OF THE AGREEMENT

In consideration of the mutual agreements, covenants, representations, stipulations, releases and terms contained in this Settlement Agreement, the parties to this Settlement Agreement agree as follows:

1. **Agreement.** Garcia Grain and Stony Ridge agree that in exchange for the Consideration set forth herein, the Parties agree to the following terms and conditions to settle their dispute over Stony Ridge's Claim:

(i) **Stony Ridge's Claim Reduction.** Stony Ridge shall reduce its Claim Amount of $1,439,027.75 to $1,220,000.00 ("Stony Ridge Settlement Amount"). The Parties agree that Stony Ridge's Claim reduction discounts Stony Ridge's Claim by just over 15%. The Parties agree that in terms of the Preference claim, Stony Ridge's Claim reduction is just under 30% of the Garcia Grain's Preference Claim, subtracted from Stony Ridge's $1,439,027.75 Claim Amount. Stony Ridge shall amend its existing Proof of Claim (POC #31) to reflect this reduction on or before the applicable deadline by filing an Amended Proof of Claim in the Bankruptcy Case. The Parties agree that Stony Ridge's Claim Amount shall not be reduced any further. If this provision conflicts with a confirmed Plan, this provision will be controlling.

(ii) **Garcia Grain's Release of Preference.** Garcia Grain shall extinguish and release its Preference Claim against Stony Ridge.

(iii) **Critical Vendor Status.** Garcia Grain shall recognize Stony Ridge as a critical vendor.

(iv) **First Supply Contract.** Stony Ridge shall sign a supply contract with Garcia Grain for 24,000 cwt of black beans at $57.00/cwt. A copy of this supply contract is attached as Exhibit 1 and incorporated in full herein.

(v) **Second and Third Supply Contracts.** Stony Ridge shall negotiate two additional supply contracts for 18,000 cwt of black beans each to be supplied to Garcia Grain. Garcia Grain may set the price for the first of these two 18,000 cwt contracts at $58.00/cwt. Garcia Grain may set the price for the second of these two 18,000 cwt contracts at $59.00/cwt. If Garcia Grain does not wish to use those prices, the Parties must negotiate in good faith to set the price. If the Parties cannot reach an agreement, these two supply contracts will not be executed and will be void.

(vi) **Second and Third Supply Contract Term Changes.** The Parties agree that these two contracts referred to at Section II.1.(iv) will be subject to the same terms and conditions of Exhibit 1, excluding the Term of Supply in 1.4 and Price Term in 2.1. For the first of the 18,000 cwt contracts, the Term of Supply will be altered to reflect the later of a 12,000-cwt delivery minimum or May 31, 2024 cutoff date. For the second of the 18,000 cwt contracts, the Term of Supply will be altered to reflect the later of a 12,000-cwt delivery minimum or August 30, 2024 cutoff date. The Price Term will be altered to reflect the agreed price as set forth in II.1.(v) above.

(vii) **Second and Third Supply Contract Term Additions.** In addition, the Parties agree that supply under these two contracts referred to at Section II.1.(iv) of this Settlement Agreement will be contingent upon no crop failures occurring to the 2024 black bean crop in the procurement area of Stony Ridge. The Parties further agree all three supply contracts must be filled sequentially (i.e., no deliveries will be made on the second supply contract until the first supply contract has been completely filled, etc.); and if delivery has not been completed on all three supply

contracts by September 15, 2024, any further obligations of the Parties under the three supply contracts shall be null and void.

2. **No Representations.** For the same consideration, the Parties warrant and represent that no promise or agreement not herein expressed has been made by any of the Parties herein released and that this Settlement Agreement is not executed in reliance upon any statement or representation made by any Party hereby released or said Party's representatives or agents concerning anything or matter; that the above mentioned consideration is accepted in full compromise, settlement, accord and satisfaction of any and all claims of whatsoever kind or character including all consequences thereof which may hereafter develop as well as those already developed or now apparent.

3. **Authority and Non-Assignment.** As part of the consideration of this Settlement Agreement, the Parties expressly represent and warrant to each other that the signatories to this Agreement are legally competent and authorized to execute this Settlement Agreement. Each of the Parties represents and warrants to the others that it has not sold, assigned, granted, or transferred to any other person or entity any claim, counterclaim, demand, action, or cause of action encompassed by this Agreement and that it is the real party in interest.

4. **No Admission of Liability.** This Agreement is a compromise and settlement. It is specifically understood and agreed by the Parties that the execution of this Agreement is not an admission of liability by the Parties, liability being expressly denied. By entering into this Settlement Agreement, the Parties do not admit any legal or factual position or allegation that is or may be asserted in any pending or future action or matter, or any liability, fault or wrongdoing of any nature or kind whatsoever.

5. **Governing Law and Venue.** The rights and liabilities of the Parties under this Agreement shall be governed as to validity, interpretation, enforcement, effect and damages by the laws of the State of Texas, without regard to any rules, statutes, or case law regarding conflicts of law. Any and all actions brought under or in connection with this agreement shall be filed in the Southern District of Texas Bankruptcy Court.

6. **Representation of Comprehension of Document.** The Parties, by affixing their signatures hereon, certify that they have fully read this Settlement Agreement and fully understand its contents and the effects thereof.

7. **Headings.** The headings used in this Settlement Agreement are inserted solely for convenience and shall not be used to interpret the meaning of this document.

8. **Counterparts.** This instrument may be executed in multiple original counterparts, each of which shall be deemed an original for all purposes. No single counterpart of this Settlement Agreement need be executed by all of the Parties, so long as each of the Parties shall have executed at least one counterpart. Facsimile and scanned signatures shall be valid.

9. **Entire Agreement.** This document in its entirety constitutes the Settlement Agreement, and this Settlement Agreement with the attached Exhibit 1 contains the entire agreement between the Parties with regard to the matters set forth in it.

10. **Bankruptcy Court Approval.** Each of the Parties to this Settlement Agreement agrees that all negotiations pertaining to this Settlement Agreement, and all terms and provisions of this Settlement Agreement, including the amount of consideration to be paid or received, were the subject of settlement negotiations and cannot be used in any currently filed litigation in the Bankruptcy Court or any other forum, and each of the Parties understand and agree that this Compromise and Settlement Agreement will not be effective or of any force unless and until all its terms are approved under the provisions of FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 after appropriate notice and opportunity for hearing, and the order granting the Debtor authority to enter into this Settlement Agreement is final and non-appealable.

11. **Effective Date.** Except as provided otherwise hereinabove, this Agreement shall become effective on the first business day following the date that the order granting the Debtor's motion seeking approval of this Settlement Agreement, pursuant to FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019, becomes final and non-appealable (the "Effective Date").

12. **No Presumption from Drafting.** In that the Parties have had the opportunity to draft, review, and edit the language of this Settlement Agreement, no presumption for or against any party arising out of drafting all or any part of this Settlement Agreement will be applied in any action relating to, connected with or involving this Settlement Agreement. In particular, any rule of law, legal decisions, or common law principles of similar effect that would require interpretation of any ambiguities in this Settlement Agreement against the party that has drafted it, is of no application and is hereby expressly waived by the Parties. The provisions of this Settlement Agreement shall be interpreted in a reasonable manner to affect the intentions of the Parties.

13. **Attorney's Fees.** The Parties agree that each Party will be solely responsible for the payment of its respective attorneys' fees and costs incurred in connection with the settlement of this matter.

14. **Notices.** All notices, demands and requests which may be given or which are required to be given by either Party to the other, shall be in writing and shall be given and deemed effective when any notice required or permitted to be given hereunder shall be in writing and shall be given by the Party or its counsel and deemed received (i) when hand-delivered; (ii) one (1) business day after pick-up for overnight delivery by an overnight courier; (iii) two (2) business days after pick-up by Express Mail (U.S. Postal Service); or (iv) on the date notice is sent by confirmed electronic mail ("Email"); provided, however, if notice is sent by delivery confirmed Email as provided herein, a hard copy of such notice must also be sent by overnight delivery or courier service for next business day delivery, in each case, addressed to the Party to be notified at the address as follows:

        **If to the Debtor:**        Garcia Grain Trading Corporation, Debtor
                                              c/o Richard S. Schmidt, the Chief
                                              Restructuring Officer for the Debtor

|  |  |
|---|---|
|  | 615 Leopard St. Suite 635<br>Corpus Christi, Texas 78401<br>Email: rss@judgerss.com |
| With a Mandatory Copy To: | Mullin Hoard & Brown, LLP<br>P.O. Box 2585<br>Lubbock, Texas 79408-2585<br>Attention: David R. Langston<br>Email: dlangston@mhba.com |
| **If to Stony Ridge:** | Stony Ridge Foods, Inc.<br>c/o Jess Wrobleski<br>715 Atlantic Ave.<br>Benson, Minnesota 56215<br>Email: jess@stonyridgefoods.com |
| With a Mandatory Copy To: | Fluegel, Anderson, McLaughlin & Brutlag<br>129 NW 2nd Street<br>Ortonville, MN 56278<br>Attention: David C. McLaughlin<br>Email: dmclaughlin@fluegellaw.com |

The parties may change the notice addresses from time to time by giving written notice of such change of address as provided herein.

15. **Binding Agreement**. **All of the terms of this Settlement Agreement shall be binding upon the Parties' heirs, successors, and assigns. This Settlement Agreement is intended to be fully binding and is not revocable. Any party who unsuccessfully seeks to void, invalidate, or set aside this Settlement Agreement shall be liable for attorney's fees and court costs incurred by opposing Parties in connection therewith. Any party who sues to enforce the terms of this Settlement Agreement shall be entitled to recover attorney's fees and court costs incurred in enforcing this Settlement Agreement.**

SIGNATURES ON THE FOLLOWING PAGE.

EXECUTED this 6 day of December, 2023.

**Stony Ridge Foods, Inc.**

_____
Jess Wrobleski,
Stony Ridge Foods, Inc.

EXECUTED this 7 day of December, 2023.

Garcia Grain Trading Corporation

By: _____
Richard S. Schmidt, Chief Restructuring Officer for
Garcia Grain Trading Corporation

SIGNATURE PAGE TO COMPROMISE RELEASE AND SETTLEMENT AGREEMENT             Page 6 of 7

EXHIBIT A to Motion to Approve Compromise and Settlement Agreement

**APPROVED AS TO FORM AND CONTENT:**

MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585
Telephone: (806) 765-7491
Facsimile: (806) 765-0553
Email: drl@mhba.com

/s/ David R. Langston
David R. Langston, SBN: 11923800
*Attorneys for Debtor, Garcia Grain Trading Corp.*


FLUEGEL, ANDERSON, MCLAUGHLIN & BRUTLAG
129 NW 2nd Street
Ortonville, MN 56278
Telephone: (320) 839-2549
Facsimile: (320) 839-2540
Email: dmclaughlin@fluegellaw.com

/s/ David C. McLaughlin
David C. McLaughlin, # 127383
*Attorneys for Stony Ridge Foods, Inc.*

# SUPPLY CONTRACT #951

This Supply Contract #951 ("Contract") is between **Stony Ridge Foods, Inc.**, a Minnesota corporation with its principal place of business at 715 Atlantic Ave, Benson, Minnesota 56215 ("Stony Ridge"), and **Garcia Grain Trading Corporation**, a Texas corporation with its principal place of business at 101 North Val Verde Road, Donna, Texas 78537 ("Garcia"). Stony Ridge and Garcia may be each referred to as a "Party" and collectively as the "Parties." This Contract shall be effective upon the first business day following the date that the Southern District of Texas Bankruptcy Court approves a 9019 Settlement Agreement between the Parties, which addresses this Contract (the "Effective Date").

### Background

A. Stony Ridge is in the business of buying edible beans in the Upper Midwest and selling edible beans throughout the western hemisphere.

B. Garcia is in the business of buying edible beans and selling edible beans into the interior of Mexico.

C. Stony Ridge and Garcia have a lengthy history of doing business together, until recently when Garcia filed for Chapter 11 Bankruptcy protection.

D. Upon Garcia's bankruptcy filing, the Parties had numerous claims arise against each other. Stony Ridge has agreed to supply edible black beans under this Contract in exchange for Garcia's release of preference claims and any other claims against Stony Ridge.

Accordingly, the Parties agree as follows:

### I. SUPPLY TERMS

1.1  **Supply.** Stony Ridge shall supply Garcia with 24,000 cwt of black beans.

1.2  **Limitation on Supply per 30-day Period.** Stony Ridge may elect to supply Garcia no more than 6,000 cwt of black beans in a 30-day period, including supply provided under any other contract or one-time purchases, unless otherwise agreed by both Parties.

1.3  **Beans Provided Prior to the Effective Date on One-Time Purchases.** If Stony Ridge supplied any black beans to Garcia under one-time purchases between November 15, 2023 and the Effective Date (the **"Extra Beans"**), the Parties must subtract the Extra Beans from the 24,000 cwt of black beans to be supplied under this Contract and the Parties must

1

Supply Contract Between Stony Ridge Foods, Inc. and
Garcia Grain Trading Corporation

EXHIBIT A to Motion to Approve Compromise and Settlement Agreement          EXHIBIT 1 to Compromise and Settlement Agreement

include the Extra Beans in their calculations for the purposes of the 6,000 cwt per 30-day period limitation.

1.4 **Term of Supply.** Stony Ridge's obligations to supply black beans under this contract shall be null and void upon the <u>later</u> of (1) Stony Ridge's delivery of 15,000 cwt of black beans under this Contract, including Extra Beans, or (2) 11:59 PM central standard time on February 29, 2024.

## II.     PAYMENT TERMS

2.1 **Price.** Garcia shall pay $57.00 per cwt of black beans to Stony Ridge.

2.2 **Garcia Bears Freight Costs.** Garcia shall pay for all transportation and freight costs associated with the delivery of black beans.

2.3 **Order and Payment Timing and Process.** In order to place an order, Garcia must request a certain cwt from Stony Ridge. If cwt remains to be delivered in the 30-day period, Stony Ridge shall convey to Garcia an invoice with the cwt to be supplied and the amount owed. Before Stony Ridge releases invoiced black beans to the control of Garcia, Garcia must pay Stony Ridge for the cwt invoiced and freight, if included in invoice, in full via wire transfer.

## III.     REPRESENTATIONS AND WARRANTIES

3.1 **No Representations or Warranties.** The Parties warrant and represent that no promise or agreement not herein expressed has been made by any of the Parties herein and that this Contract is not executed in reliance upon any statement or representation made by any Party or Party's representatives or agents concerning anything or matter.

## IV.     TERMINATION

4.1 **Termination by Mutual Agreement.** The Parties may mutually agree in writing to terminate this Contract for any reason.

4.2 **Termination by Default.** If a Party believes the other Party may be in material breach of this Contract as set forth in 4.2.1 and 4.2.2 below, the non-breaching Party shall give written notice to the alleged breaching Party of the alleged Breach. Such notice shall contain the asserted factual basis for such breach and reference the application provision(s) of this Contract to which such factual basis may apply If the alleged breaching-Party fails to cure the Breach within five (5) business days, the non-breaching Party may elect to terminate

2

Supply Contract Between Stony Ridge Foods, Inc. and
Garcia Grain Trading Corporation

      this Contract by providing written notice to the breaching Party. The following occurrences will constitute a material breach of this Contract:

          4.2.1    If a Party's corporate entity should dissolve or otherwise terminated (other than through a merger or business combination) or if any Party hereto shall become insolvent (excluding Garcia's current bankruptcy 23-70028), admits in writing its inability to pay its debts, or makes a general assignment for the benefit of creditors; or

          4.2.2    If a Party fails to perform any material obligations under this Contract.

4.3    **Excuse of Performance.** No Party shall be in default in the performance of its obligations under this Contract, other than a payment of money, when a failure of performance is due to a Force Majeure, as defined below. An event of Force Majeure shall excuse the timely performance of such Party until such event is concluded. If a Party is rendered unable to fulfill any of its obligations under this Contract by reason of Force Majeure, it shall (i) give prompt written notice to the other Party, and (ii) exercise reasonable commercial efforts to resolve the event of Force Majeure and resume performance as soon as practicable after the conclusion of such event. Nothing contained herein shall be construed to require a Party to settle any labor-called strike or dispute in which it may be involved.

      **"Force Majeure"** means an epidemic, fire, flood, earthquake, hurricane, tornado, explosion, catastrophe, accident, war or war-like operation (whether or not a state of war is declared), riot, act of God, act of terrorism, insurrection, black bean crop failure, order of a Governmental Body, or applicable law that prevents a Party's performance under this Contract, each to the extent (i) such event of Force Majeure is beyond the reasonable control of the Party claiming Force Majeure, and (ii) the Party claiming Force Majeure gives prompt written notice of the same to the other Party.

4.4    **Effect of Termination.** Upon termination, the Parties' obligations to each other, except an obligation to pay, under this Contract shall be null and void.

## V.    GENERAL PROVISIONS

5.1    **Binding on Successors.** This Contract will be binding upon the Parties and any entity which is a successor by merger, acquisition, consolidation, or otherwise to the business formerly carried on by the Parties, or an affiliate of any such entity, and steps into the shoes of either Party by reason of (or as the direct result of) any direct or indirect sale or other disposition of either Party or substantially all of the assets of the business currently carried on by either Party, without regard to whether or not such person actively adopts this Contract. Any failure by a successor to a Party to perform said Party's obligations under this Contract shall constitute a material breach of this Contract.

3

Supply Contract Between Stony Ridge Foods, Inc. and
Garcia Grain Trading Corporation

5.2	**Dispute Resolution.** The Parties shall resolve any future disputes arising out of or related to this Contract first through voluntary mediation paid for equally by the Parties.

5.3	**Notice.** Any notice or other communication required or permitted under this Contract will be effective only if it is in writing and delivered personally or sent by email or certified mail, postage prepaid, addressed as follows:

> **If to Stony Ridge:** Stony Ridge Foods, Inc.,
> Attn: Jess Wrobleski
> 715 Atlantic Avenue
> Benson, MN 56215
> Email: jess@stonyridgefoods.com

> With a Mandatory Copy To:	Fluegel, Anderson, McLaughlin & Brutlag
> Attention: David C. McLaughlin
> 129 NW 2nd Street
> Ortonville, MN 56278
> Email: dmclaughlin@fluegellaw.com

> **If to Garcia:** Garcia Grain Trading Corporation, Debtor
> c/o Richard S. Schmidt, the Chief Restructuring Officer
> 615 Leopard St. Suite 635
> Corpus Christi, Texas 78401
> Email: rss@judgerss.com

> With a Mandatory Copy To:	Mullin Hoard & Brown, LLP
> P.O. Box 2585
> Lubbock, Texas 79408-2585
> Attention: David R. Langston
> Email: dlangston@mhba.com

5.4	**Entire Agreement.** This Contract constitutes the complete, final, and exclusive embodiment of the entire agreement between Stony Ridge and Garcia with regard to the terms and conditions of Stony Ridge's supplying of black beans to Garcia. This Contract supersedes any other such promises, warranties, or representations and any other written or oral statements concerning Garcia's rights to black beans from Stony Ridge, its predecessors or successors in interest.

5.5	**Governing Law.** This Contract will be construed and enforced in accordance with the substantive laws of the State of Minnesota without regard to its conflict of laws principles

4

Supply Contract Between Stony Ridge Foods, Inc. and
Garcia Grain Trading Corporation

as well as National Pulse Trade Rules ("NPTR") to the extent the NPTR do not conflict with the law of the State of Minnesota.

5.6  **Venue.** Jurisdiction and venue in any action to enjoin any action that violates the terms of this Contract will be in Minnesota District Court.

5.7  **Amendments.** This Contract may not be modified or amended except in a writing signed by both a duly authorized officer of Garcia and a duly authorized officer of Stony Ridge.

5.8  **Severability.** If any provision of this Contract is determined to be invalid or unenforceable, in whole or in part, this determination will not affect any other provision of this Contract and the provision in question will be modified by the court so as to be rendered enforceable in a manner consistent with the intent of the Parties insofar as possible.

5.9  **Execution in Counterparts.** This Contract may be signed in counterparts and the counterparts taken together will constitute one agreement. Facsimile signatures will be deemed as effective as original signatures.

5.10  **Survival.** The terms, conditions, and covenants of this Contract will survive the expiration or termination of the supplier relationship between Stony Ridge and Garcia.

**{signature page to follow}**

**SIGNATURE PAGE FOR THE SUPPLY CONTRACT #951**

| **Garcia Grain Trading Corporation** | **Stony Ridge Foods, Inc.** |
|---|---|
| _____ <br> Buyer | _____ <br> Seller |
| Dated: _____ | Dated: _____ |