IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **GARCIA GRAIN TRADING** | § | |
| **CORP.,** | § | Case No. 23-70028-EVR-11 |
| | § | |
| Debtor. | § | |

**RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE OBJECTION TO CONFIRMATION OF THE CHAPTER 11 PLAN BY STONY RIDGE FOOD, INC.**
**[Dkt #802]**

TO THE HONORABLE CHIEF U.S. BANKRUPTCY JUDGE EDUARCO V. RODRIGUEZ:

NOW COME the Official Committee of Unsecured Creditors (the "Committee") appointed and acting in this Chapter 11 case and files this Response to Stony Ridge Food, Inc.'s Objection to the Confirmation of the Chapter 11 Plan [Dkt #802], and would show as follows:

**I.**
**PRELIMINARY STATEMENT**

1. Stony Ridge Foods, Inc. ("Stony Ridge") is in a unique position to file objections to the Debtors' Third Amended Plan [Dkt #762], based on its desire to receive its share of preference claims. Notwithstanding that most of the same concepts were in the Second Amended Plan [Dkt #562] and were not objected to, it is however accurate that the two plans were distinct enough that re-balloting should be required.

2. What makes Stony Ridge's objection unique and inequitable is that first, its agent served as the Chairman of the Official Unsecured Creditors' Committee ("Committee") and none of the objectionable matters were made known to the Committee or its Counsel by its Chair as the plan terms were presented to the Committee (and approved) over the past four and ½ months. So, the rejection of the Plan and the following objection to confirmation was a surprise. In fact, it was

not until the ballot deadline, when another agent of Stony Ridge voted to reject the Plan, that the Committee Chair stood down from serving on the Committee.[1]

3. Additionally, it is important to consider that Stony Ridge reached a settlement agreement to induce it to continue selling bean product to the Debtor during the case, which required the Debtor to give up almost $1/2 million preference claim (70% of the preference claim and credit its filed proof of claim with 30% as if paid) in order to get the critical vendor Stony Ridge to deliver beans. Again, the Committee (absent the Chairman because of his conflict), approved the settlement. However, after turning its sales of beans into an almost $1/2M net profit to Stony Ridge by the settlement, it is now the other unsecured creditors who Stony Ridge claims should be required to pay over their preferences for the benefit of Stony Ridge recovery on its now preference-free recovery.

4. Most importantly, it is the fact that the vast majority of creditors of this estate in dollar amount are farmers that are the epidemy of critical vendors – if their crops are not delivered to the post-confirmation Plan Trust, along with those other farmers being solicited by the farmer-creditors of this estate, post-confirmation operations will fail. The Plan provides that preference claims are waived to these "critical vendor" farmers (and all members of the unsecured creditors) to induce the continued supply of farmed grain. Stony Ridge is a large profitable company, such that the loss of its claim, liquidation of the estate, and litigation liquidation will not disrupt its ability to continue in business. Not so for the local farmer and supplier.

5. Finally, with Stony Ridge now $1/2 million dollars richer, along with a Debtor-customer profits earned during the past 7 months of selling at retail its beans, Stony Ridge now

---

[1] Important to this Response is the Committee's counsel's belief that its Chair did not know of Stony Ridge's intention to reject the plan at the times when the plan provisions were discussed and made known to the Committee (*e.g.*, when the committee approved being a co-proponent of the Plan).

questions the need for a reorganization at all, and suggests, instead, a liquidation that it believes will net Stony Ridge more *when all the other preferences are litigated and paid,* than continued operations and confirmation of this Plan. Notwithstanding Stony Ridge's questionable assumptions and math, in other words, now that Stony Ridge has been so profitable in its dealings with the estate, it wants its last chance to squeeze additional profits from the similarly situated vital or critical suppliers of grain by liquidating the estate and seeking recovery on the preferences from these farmers.  This weaponization of the Rule 9019 process should not be allowed.

## II.
## RESPONSE TO STONY RIDGE OBJECTIONS

6.       The Committee is not required to respond to ¶¶ 1 or 2 as legal arguments.

7.       The Committee states in response to ¶ 3 that although the facts are generally accurate, all Class 8 claims are only general unsecured claims without a distinction from the other classes of unsecured claims.  The separate classification was for convenience only, to maintain a distinction between the bean business and the grain business.  The separate classification does not amount to a separate or distinct unsecured claim.

8.       The Committee states in response to ¶ 4 that Stony Ridge's arguments about other bean suppliers have preference claims that are not yet waived simply illustrate the intention of Stony Ridge to manipulate the process to profit from those by seeking unequal treatment – a policy not approved by the code.  What is unsaid in ¶4 is that Stony Ridge objects to any other bean supplier have its preference claims waived, or put in other words, Stony Ridge wants to impose its unfair discrimination on its co-class members, as well as Class 9 unsecured claims and Class 11 GrainChain negotiated secured claims that were potentially avoidable.

9.       The Committee first states in response to ¶ 4, unnumbered page 2, that no response is necessary to all the quoted language of § 1129(b) but agrees that this Plan may be confirmed on

a cram-down basis when no "unfair" discrimination is found by the Court and when the Court finds the treatment of the class is "fair and equitable." The Committee believes both standards will be met in this case.

10. The Committee also disagrees with Stony Ridge's characterization that GrainChain is not required to pay Administrative Expenses (presumably referring to the Plan Trust administration expenses). That is simply untrue – GrainChain pays its share, except for those costs and expenses related to distributions to the two Note Holders, the Unsecureds and Harco. GrainChain otherwise pays its share.

11. The Committee also disagrees with the remainder of ¶ 4 as either a misunderstanding of the Plan or a misstatement of the Plan terms.

12. The Committee disagrees with Stony Ridge's statements in ¶ 5 as either a misunderstanding of the Plan or a misstatement of the Plan terms. The Plan provides that as to allowed unsecured claims voting to opt into the Plan, preference claims are waived just as Stony Ridge demanded to be a critical vendor with favorable treatment (waiver of the $1/2 million preference). As to insider avoidance claims, none are waived, and all will be pursued if not voluntarily relinquished.

13. The Committee disagrees with Stony Ridge's statements that "no basis has been provided for the (liquidation analysis in the Plan). That analysis is set out in the Plan. What Stony Ridge is actually arguing is that if "the preference claims were recovered [from the critical vendor farmers] (the) amount (of liquidation recovery) would be greatly increased." Of course, just as the rest of the Stony Ridge objections, there is no information or analysis furnished to support this conclusion, nor analysis as to why this does not unfairly discriminate in favor of only Stony Ridge.

14. Finally, the Committee disagrees with Stony Ridge's statement that "… [e]xcept for proceeds voluntarily being transferred by Octavio Garcia or his spouse, *none of these assets* have been avoided." Stony Ridge makes no reference to any other asset that should be avoided, although as this Court knows avoidance of the Alamo Elevator and the Adjacent Property is currently in litigation by the Debtor.

### III
### CONCLUSION

15. The Committee believes that it is unfortunate that Stony Ridge seems to have such significant misunderstanding of the Plan. It is likewise unfortunate that the Committee was asked to approve a Stony Ridge settlement, without its Chair, and did so in light of the waiver of the Stony Ridge preference which the Committee approved for all other similarly situated unsecured creditors. The Committee's goal was no unfair discrimination and fair and equal treatment of all creditors. Stony Ridge appears to seek the opposite.

16. The Committee does not approve of special treatment for Stony Ridge, and then the use of that special treatment by Stony Ridge to gain another special treatment on the backs of farmers and other suppliers to this Debtor, both pre-petition, during this case, and post-confirmation. The Committee believes the Stony Ridge Objection should be overruled.

Wherefore, the Official Committee of Unsecured Creditors pray that this Court overrule and deny the objection to confirmation filed by Stony Ridge, and for such other and further relief to which the Committee may be justly entitled, both at law and in equity.

Dated: March 27, 2024

Respectfully submitted,

*/s/ Shelby A. Jordan*
Shelby A. Jordan
St. Bar No. 11016700; S.D. No. 2195
Antonio Ortiz
St. Bar No. 24074839; SD. No. 1127322
**JORDAN& ORTIZ, P.C.**
500 North Shoreline Drive, Suite 804
Corpus Christi, TX 78401
Telephone: 361.884.5678
Facsimile: 361.888.5555
Email:   sjordan@jhwclaw.com
   aortiz@jhwclaw.com
**ATTORNEY FOR THE UNSECURED CREDITORS' COMMITTEE**

## CERTIFICATE OF SERVICE

I certify that on March 27, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

David C. McLaughlin
FLUEGEL, ANDERSON, MCLAUGHLIN,
& BRUTLAG, CHTD.
129 NW 2nd St.
Ortonville, MN 56278

David R. Langston
Özen E. Zimmerman,
MULLIN HOARD & BROWN, L.L.P.
P.O. Box 2585
Lubbock, Texas 79408-2585

Attorneys for the Debtor, Garcia Grain Trading Corp. Debtor

Andrew Jimenez
U.S. Trustee's Office
606 N. Carancahua, Suite 1107
Corpus Christi, Texas 78476

All parties in the attached service list receiving notice via ECF in this case.

*/s/ Shelby A. Jordan*
Shelby A. Jordan

ECF Service List

Steven Michael Beauchamp on behalf of Creditor Harco National Insurance Company
sbeauchamp@drylaw.com, filings@drylaw.com;1371728420@filings.docketbird.com

Donald Christopher Carson on behalf of Creditor StoneX Commodity Solutions, LLC
ccarson@burr.com, mgunnells@burr.com

Jose Luis Caso on behalf of Interested Party Rio Beef Beefyard, Inc.
jcaso@casolawfirm.com, mberumen@casolawfirm.com

Steven Gerard Cennamo on behalf of Creditor Graneros Guadalupe SA DE CV
scennamo@cennamowernerlaw.com

Catherine Stone Curtis on behalf of Creditor Grainchain, Inc.
ccurtis@mcginnislaw.com, mgarcia@mcginnislaw.com;csc@trustesolutions.net;ccsc11@trustesolutions.net

Catherine Stone Curtis on behalf of Creditor Grainchain, Inc.
ccurtis@pulmanlaw.com, ecf@pulmanlaw.com,mgarcia@pulmanlaw.com

Russell Alan Devenport on behalf of Creditor Frank Bailey Grain Company Inc.
rad@mcdonaldlaw.com, tms@mcdonaldlaw.com

Demetrio Duarte, Jr on behalf of Debtor Garcia Grain Trading Corp.
dduarte@duartelawfirm.com, fmorgan@duartelawfirm.com

Demetrio Duarte, Jr on behalf of Stockholder Octavio Garcia
dduarte@duartelawfirm.com, fmorgan@duartelawfirm.com

Robert L. Ginsburg on behalf of Creditor Frank Bailey Grain Company Inc.
rlg@mcdonaldlaw.com

John Wallis Harris on behalf of Creditor South of the Border, LLC
jwharris@johnwharrislaw.com, jwharris@johnwharrislaw.com

Richard Edward Haynes, II on behalf of Creditor Falcon International Bank
rhaynes@thlaw.us, ilara@thlaw.us

Jose Wilfredo Hernandez on behalf of Interested Party Fausto Salinas & F&T Farms & Cattle Co.
jwh@jwhernandezlaw.com, jose-w-hernandez-5362@ecf.pacerpro.com;bb@lojwhlaw.com;acano@lojwhlaw.com

Nathaniel Peter Holzer on behalf of Creditor Forest River Bean Co., Inc.
pete@npholzerlaw.com

David W. Houston, IV on behalf of Creditor StoneX Commodity Solutions, LLC

ECF Service List

dhouston@burr.com, tneely@burr.com;mgunnells@burr.com

Andrew Jimenez on behalf of U.S. Trustee US Trustee, 11
andrew.jimenez@usdoj.gov

Donald Anthony Kaczkowski on behalf of Creditor Frank Bailey Grain Company Inc.
donald@mcdonaldlaw.com

David R Langston on behalf of Debtor Garcia Grain Trading Corp.
drl@mhba.com, memert@mhba.com;rtownsend@mhba.com;ozimmerman@mhba.com

David R Langston on behalf of Plaintiff Garcia Grain Trading Corp.
drl@mhba.com, memert@mhba.com;rtownsend@mhba.com;ozimmerman@mhba.com

David J Lumber on behalf of Creditor Eat Fresh Farms
dlumber@guerralawgroup.com, awhite@guerralawgroup.com

Brent W. Martinelli on behalf of Creditor Simplot AB Retail, Inc. d/b/a Simplot Grower Solutions
brent.martinelli@qpwblaw.com, christina.rios@qpwblaw.com

Jeremy M. Masten on behalf of Creditor Lothringer Family Farms LLC
jeremy@themastenlawfirm.com

David C McLaughlin on behalf of Creditor Stoney Ridge Food, Inc.
dmclaughlin@fluegellaw.com, lberkner@fluegellaw.com;cbackman@fluegellaw.com

Layla Milligan on behalf of Interested Party Texas Department of Agriculture
layla.milligan@oag.texas.gov

Christopher S Murphy on behalf of Creditor Texas Comptroller of Public Accounts, Revenue Accounting Division
bk-cmurphy@oag.texas.gov, sherri.simpson@oag.texas.gov

Brad W Odell on behalf of Debtor Garcia Grain Trading Corp.
bodell@mhba.com, memert@mhba.com;mreynolds@mhba.com

J Scott Rose on behalf of Creditor KH Ranch
srose@jw.com, kgradney@jw.com

J Scott Rose on behalf of Creditor Prukop Farms
srose@jw.com, kgradney@jw.com

J Scott Rose on behalf of Creditor Sarge Farms, LLC
srose@jw.com, kgradney@jw.com

ECF Service List

J Scott Rose on behalf of Creditor Starr Feedyards LLC
srose@jw.com, kgradney@jw.com

J Scott Rose on behalf of Creditor White Rock Farms
srose@jw.com, kgradney@jw.com

J Scott Rose on behalf of Creditor Alex Keller
srose@jw.com, kgradney@jw.com

Andrew Karl Rozell on behalf of Creditor Brian Jones Farms
akrlaw@xanadu2.net, akrlawharlingen@gmail.com

Andrew Karl Rozell on behalf of Creditor HAR-VEST
akrlaw@xanadu2.net, akrlawharlingen@gmail.com

Andrew Karl Rozell on behalf of Creditor Russell Plantation II d/b/a Russell Plantation
akrlaw@xanadu2.net, akrlawharlingen@gmail.com

Andrew Karl Rozell on behalf of Creditor Skalitsky Farms
akrlaw@xanadu2.net, akrlawharlingen@gmail.com

Andrew Karl Rozell on behalf of Creditor Zdansky Joint Venture
akrlaw@xanadu2.net, akrlawharlingen@gmail.com

Andrew Karl Rozell on behalf of Creditor Carl Hensz
akrlaw@xanadu2.net, akrlawharlingen@gmail.com

Andrew Karl Rozell on behalf of Creditor Wesley Valerius
akrlaw@xanadu2.net, akrlawharlingen@gmail.com

Rudy Salinas, Jr on behalf of Creditor Chad Szutz
rsalinas@jgkl.com, rsalinas@jubileebk.net;nramirez@jgkl.com

Rudy Salinas, Jr on behalf of Creditor Johnny Guin
rsalinas@jgkl.com, rsalinas@jubileebk.net;nramirez@jgkl.com

Rudy Salinas, Jr on behalf of Creditor Karen Arnold
rsalinas@jgkl.com, rsalinas@jubileebk.net;nramirez@jgkl.com

Diane Wade Sanders on behalf of Creditor Cameron County
austin.bankruptcy@publicans.com

Diane Wade Sanders on behalf of Creditor City Of Donna
austin.bankruptcy@publicans.com

Diane Wade Sanders on behalf of Creditor Hidalgo County

ECF Service List

austin.bankruptcy@publicans.com

Diane Wade Sanders on behalf of Creditor Lyford CISD
austin.bankruptcy@publicans.com

Diane Wade Sanders on behalf of Creditor Willacy County
austin.bankruptcy@publicans.com

Vicki M Skaggs on behalf of Creditor Grainchain, Inc.
vmscourt@atlashall.com, crtnot@atlashall.com;jcummings@atlashall.com

Vicki M Skaggs on behalf of Creditor Vantage Bank Texas
vmscourt@atlashall.com, crtnot@atlashall.com;jcummings@atlashall.com

John Kurt Stephen on behalf of Creditor StoneX Commodity Solutions, LLC
kurt@kstephenlaw.com, myecfmail5@gmail.com;veronica@kstephenlaw.com;Vicky@kstephenlaw.com

Donald L Turbyfill on behalf of Creditor Ford Motor Credit Company LLC
dturbyfill@dntlaw.com

Ronald Lee Turbyfill, Jr on behalf of Creditor Ford Motor Credit Company LLC
lturbyfill@dntlaw.com

Mark Alan Twenhafel on behalf of Creditor Dreibelbis Farms
ecf@twenhafel-law.com, ecf@rgvlawyers.com

US Trustee, 11
USTPRegion07.SN.ECF@usdoj.gov

Antonio Villeda on behalf of Creditor Fike Farms
avilleda@mybusinesslawyer.com, VilledaFiled@hotmail.com;villedalawgroup@ecf.courtdrive.com;ccheatham@mybusinesslawyer.com;ehury@mybusinesslawyer.com;info2@mybusinesslawyer.com;mfsantos@mybusinesslawyer.com

Antonio Villeda on behalf of Defendant WNGU Properties, LLC
avilleda@mybusinesslawyer.com, VilledaFiled@hotmail.com;villedalawgroup@ecf.courtdrive.com;ccheatham@mybusinesslawyer.com;ehury@mybusinesslawyer.com;info2@mybusinesslawyer.com;mfsantos@mybusinesslawyer.com

Antonio Villeda on behalf of Defendant Rodolfo Plascencia, Sr.
avilleda@mybusinesslawyer.com, VilledaFiled@hotmail.com;villedalawgroup@ecf.courtdrive.com;ccheatham@mybusinesslawyer.com;ehury@mybusinesslawyer.com;info2@mybusinesslawyer.com;mfsantos@mybusinesslawyer.com

Kay Baezner Walker on behalf of Other Prof. Richard Schmidt

ECF Service List

kaywalker@kaywalkerlaw.com

Jennifer F Wertz on behalf of Creditor Helena Agri Enterprises, LLC
jwertz@jw.com, kgradney@jw.com;jpupo@jw.com;steso@jw.com;dduhon@jw.com

Elias Marwan Yazbeck on behalf of Creditor Grainchain, Inc.
eyazbeck@mcginnislaw.com, mleonard@mcginnislaw.com;cosborn@mcginnislaw.com;clinscomb@mcginnislaw.com;jolson@mcginnislaw.com