IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| In Re: § | |
| § | |
| **GARCIA GRAIN TRADING** § | |
| **CORP.,** § | Case No. 23-70028-EVR-11 |
| § | |
| Debtor. § | |

**GRAINCHAIN, INC.'S RESPONSE TO THE OBJECTION TO CONFIRMATION OF CHAPTER 11 PLAN FILED BY STONY RIDGE FOODS, INC.**
**[Refers to Docket No. 802]**

TO THE HONORABLE CHIEF U.S. BANKRUPTCY JUDGE EDUARCO V. RODRIGUEZ:

COMES NOW GrainChain, Inc. (**"GrainChain"**) and files this *Response to the Objection to Confirmation of Chapter 11 Plan Filed by Stony Ridge Foods, Inc.* (the **"Objection"**) [docket no. 802], and would respectfully show as follows:

**I.**
**PRELIMINARY STATEMENT**

1. The Court should overrule the Objection, which, in essence, asks for Stony Ridge Foods, Inc. (**"Stony Ridge"**) to be treated differently than other similarly-situated creditors, because Class 8 is being treated fairly and equitably, in a non-discriminatory manner, and the Plan meets the provisions of the absolute priority rule with the cancellation of equity[1]. Stony Ridge filed its Objection to the *Debtor's Modified and Supplemented Third Amended Chapter 11 Plan of Reorganization* (the **"Plan"**) [docket no. 762] asserting a myriad of generalized complaints, many of which are simply factually and legally inaccurate[2] and misconstrue the Plan. Stony Ridge's

---

[1] 11 U.S.C. § 1129(b)(1),(2)(B).
[2] For example, Stony Ridge appears to confuse in its Objection the stated amounts of claims with the amounts of potential preference claims, and incorrectly states that certain preference claims are not accounted for. [Docket no. 802 ¶ 4].

last-minute objection here, after not objecting to any previous iteration of the Plan, entering into a compromise and settlement agreement with the Debtor [docket no. 716], serving on the Official Committee of Unsecured Creditors that is a Plan proponent, and rebuffing good faith efforts by the Debtor to aid them in Stony Ridge's misconstruction and confusion, is apparently not seeking to resolve issues in good faith but rather appears to be obstructionist, seeking to extract concessions that benefit them at the expense of other creditors in the case.  Such tactics are improper and contrary to the Chapter 11 goals and process.

2. Stony Ridge's "kitchen-sink" approach to the assertions in their Objection fail to raise issues that are violative of the Bankruptcy Code.  Here, Stony Ridge is being treated like other unsecured creditors under the Plan[3], and its treatment is fair and equitable and non-discriminatory; further, equity is cancelled in accordance with the absolute priority rule[4]. Moreover, GainChain has negotiated over a period of several months and agreed in good faith to voluntarily release its liens as set forth in the Plan as to not only the Debtor property but also as to Non-Debtor property, when it is debatable whether liens granted over one year ago are even avoidable.  Additionally, Stony Ridge at the last minute erroneously claims that creditors would "benefit" from litigation to attempt to set aside GrainChain's liens[5].  However, the Plan has always provided, and previous iterations of the Plan also provided, that, in accordance with its agreed-upon treatment in the Plan, GrainChain will release its liens on pledged property on the Effective Date as set forth in the Plan  allowing unsecured creditors to share in a percentage of the proceeds in a higher percentage than GrainChain, with GrainChain receiving only 45%.[6]  In this case, it is

---

[3] Docket no. 762 p.p. 65–75.
[4] 11 U.S.C. § 1129(b)(1),(2)(B)(ii); *see also* docket no. 762 p. 24.
[5] *Id.*
[6] *See, e.g.*, docket no. 762 p.p. 29, 48, 61-62.

extremely improbable that chapter 7 liquidation be as beneficial for creditors than the proposed treatment under the Plan, given the large deficiency claims that would likely result from pursuing preference litigation, and because it is anticipated that under the Plan profits will be generated from operations that cannot exist in a Chapter 7.

### RULE 8 RESPONSE TO STONY RIDGE OBJECTIONS

3. A response is not required to paragraph 1 as it contains legal conclusions.

4. A response is not required to paragraph 2 as it contains legal conclusions.

5. GrainChain avers that the facts recited in paragraph 3 are generally correct; any allegation making a legal conclusion requires no admission or denial.

6. A response is not required to paragraph 4 as it contains legal conclusions. To the extent that the allegations contain misstatements of the Plan, those allegations are denied.

7. A response is not required to paragraph 5 as it contains legal conclusions. To the extent that the allegations contain misstatements of the Plan, those allegations are denied.

8. Any allegations not specifically admitted are denied.

### CONCLUSION

9. Stony Ridge's objection is unfounded and should be denied. Because the Plan provides for fair and equitable, non-discriminatory treatment, and complies with the absolute priority rule, confirmation of the Plan is proper pursuant to 11 U.S.C. § 1129(b).

Respectfully submitted,

Date: March 27, 2024	/s/*Catherine Stone Curtis*
Catherine Stone Curtis
TBN: 24074100
Federal ID No.: 1129434
MCGINNIS LOCHRIDGE
P.O. Box 720788
McAllen, Texas 78504
956-489-5958 (phone)
956-331-2304 (fax)
Email: ccurtis@mcginnislaw.com

And

Steven Shurn
TBN 24013507
sshurn@hwa.com
HUGHES, WATTERS & ASKANASE, LLP
TotalEnergies Tower
1201 Louisiana, 28th Floor
Houston, Texas  77002
(713) 759-0818 Telephone
(713) 759-6834 Facsimile
(713) 410-2139 Cell Phone
**Counsel for GrainChain, Inc.**